**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**

**CHARLES DADE, NAKITA LEWIS,
NIKKI PETREE, LEE ANDREW
ROBERTSON, and PHILIP AXELROTH,
individually and on behalf of all others
similarly situated**                                                                                    **PLAINTIFFS**


**V.**                                    **NO. 4:16CV-602 JM**


**CITY OF SHERWOOD, ARKANSAS,
PULASKI COUNTY, ARKANSAS, AND
HONORABLE MILAS H. HALE, III,
in his official and individual capacities**                                         **DEFENDANTS**

## ANSWER

Come now Separate Defendants, City of Sherwood, Arkansas, and Honorable Milas H. Hale, III, by and through their attorney and for their Answer, state:

### INTRODUCTION

All material averments not specifically admitted herein are denied. Defendants request a trial by jury on any issues so triable at that time.

### RESPONSES TO COMPLAINT

1.      Paragraph 1 of Plaintiffs' Complaint contains legal conclusions and the Plaintiffs' interpretation of principles of the Due Process Clause and Equal Protection Clause of the United States Constitution as well as Article 2, Section 16, of the Arkansas Constitution, and as such, no response is required; however, should a response be deemed necessary, Separate Defendants deny same.

2.      The first sentence of paragraph 2 of Plaintiffs' Complaint contains legal conclusions, and as such, no response is required; however, should a response be deemed necessary, Separate Defendants deny same. As to the second and third sentences of Paragraph 2, while Separate Defendants cannot speak to other "local courts and municipalities throughout Arkansas," as for the courts and municipalities within the control of Separate Defendants, Separate Defendants deny each and every material averment contained therein. Separate Defendants specifically deny that they had anything to do with the creation or maintenance of any "debtor's prison" and any other wrongdoing Plaintiffs' imply Separate Defendants partook in.

3.      Separate Defendants deny each and every material averment contained in paragraph 3 of Plaintiffs' Complaint.

4.      Separate Defendants deny each and every material averment contained in paragraph 4 of Plaintiffs' Complaint.

5.      Separate Defendants deny each and every material averment contained in paragraph 5 of Plaintiffs' Complaint.

6.      Separate Defendants deny each and every material averment contained in paragraph 6 of Plaintiffs' Complaint.

7.      Separate Defendants deny each and every material averment contained in paragraph 7 of Plaintiffs' Complaint.

8.      Paragraph 8 of Plaintiffs' Complaint merely characterizes the alleged nature of Plaintiffs' Complaint, and as such no response is necessary; however, to the extent that a response is deemed necessary, Separate Defendants deny any and all alleged wrongdoing therein.

9.     Paragraph 9 of Plaintiffs' Complaint merely characterizes the alleged relief Plaintiffs seek and as such no response is necessary; however, should a response be deemed necessary, Separate Defendants deny any and all wrongdoing alleged therein.

10.    Separate Defendants deny each and every material averment contained in paragraph 10 of Plaintiffs' Complaint.

11.    Separate Defendants deny each and every material averment contained in paragraph 11 of Plaintiffs' Complaint.

12.    Separate Defendants deny each and every material averment contained in paragraph 12 of Plaintiffs' Complaint.

13.    Separate Defendants deny each and every material averment contained in paragraph 13 of Plaintiffs' Complaint.

14.    Separate Defendants deny each and every material averment contained in paragraph 14 of Plaintiffs' Complaint.

15.    Paragraph 15 of Plaintiffs' Complaint posits to interpret things that may violate Article 16, Section 13, of the Arkansas Constitution, and as such, the Arkansas Constitution shall speak for itself; however, to the extent that Plaintiffs' interpretation implies any wrongdoing on behalf of Separate Defendants, Separate Defendants deny same. Further, Paragraph 15 of Plaintiffs' Complaint contains a legal conclusion and as such no response is necessary; however, to the extent a response is deemed necessary, Separate Defendants deny same. Specifically, Separate Defendants deny that they had anything to do with the alleged constitutional violations.

16.    Paragraph 16 of Plaintiffs' Complaint contains a jurisdictional statement and as such no response is necessary; however, to the extent a response is deemed necessary, Separate Defendants deny same.

17.     Paragraph 17 of Plaintiffs' Complaint contains a statement of venue, and as such no response is necessary; however, to the extent a response is deemed necessary, Separate Defendants deny the same due to their full and complete denial of any and all wrongdoing alleged.

18.     Separate Defendants admit, upon information and belief, that Charles Dade is currently a 58-year-old black man, but is soon to be turning age 59. Separate Defendants admit that in late 2008 and 2009 Charles Dade wrote six checks that were returned for insufficient funds, but state that the total is approximately $362.47. At this time Separate Defendants have insufficient information to either confirm or deny the remaining facts regarding Charles Dad, and therefore deny the same. Furthermore, to the extent that any portion of the remaining provisions of paragraph 18 of Plaintiffs' Complaint implies or states Separate Defendants engaged in any wrongdoing, Separate Defendants deny the same.

19.     Separate Defendants admit that Nakita Lewis is currently a 36-year-old black female; however, Separate Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that she presently resides in Pulaski County and, thus, deny the same. Separate Defendants deny that Nakitta Lewis's interaction with the Hot Check Division began in 2006; rather, based on the information readily available at this time, upon information and belief, her interaction with the Hot Check Division began around mid-2004. At this time Separate Defendants have insufficient information to either confirm or deny the remaining allegations stated in paragraph 19 of Plaintiffs' Complaint and, thus, deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

20.     Separate Defendants admit that presently Nikki Petree is a 40-year-old white female, as stated in paragraph 20 of Plaintiffs' Complaint; however, at this time Separate Defendants have insufficient information to either confirm or deny whether Nikki Petree resides

in White County, Arkansas and, thus, deny the same. Separate Defendants further admit Nikki Petree wrote a check for $28.93, as stated in paragraph 20 of Plaintiffs' Complaint; however, Separate Defendants deny that the check was returned for "insufficient funds" as Plaintiffs' state in their Complaint; rather, upon information and belief, the check was returned as it was written from a "closed account." Separate Defendants deny each and every remaining material averment contained in paragraph 20 of Plaintiffs' Complaint.

21.     Separate Defendants admit, upon information and belief, that Lee Robertson is presently a 44-year-old black male, as stated in paragraph 21 of Plaintiffs' Complaint; however, at this time Separate Defendants have insufficient information to either confirm or deny whether he presently resides in Pulaski County and, thus, deny the same.       Separate Defendants further admit that Lee Robertson's had interaction with the Hot Check Division around late 2009 as a result of writing 11 checks from a bank account which had insufficient funds and the approximate total of those checks together was around $206.51. Separate Defendants deny that Lee Robertson "still owes over $2,600 in court costs, fines, and fees". While Plaintiffs posit that Lee Robertson "faces… the likelihood that he will be incarcerated again in the future," Separate Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation and, thus, deny the same. As for the remaining provisions in paragraph 21 of Plaintiffs' Complaint, Separate Defendants deny each and every material averment contained therein.

22.     Paragraph 22 of Plaintiffs' Complaint merely states the alleged classification of Charles Dade, Nakita Lewis, Nikki Petree, and Lee Robertson as "Class Plaintiffs"; accordingly, no response is necessary. However, to the extent that a response is deemed necessary, Separate Defendants deny the same and deny this matter meets requirements justifying or permitting certification as a class action.

23.     At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 23 of Plaintiffs' Complaint and, thus, deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

24.     Separate Defendants admit that Sherwood is an incorporated city of the first class, organized under the laws of the State of Arkansas, that admit there is a Sherwood District Court, and further admit that there is a Hot Check Division of that court, that adjudicates offenses as stated in paragraph 24 of Plaintiffs' Complaint. However, for the remaining material averments contained in paragraph 24 of Plaintiffs' Complaint, Separate Defendants currently have insufficient information to either confirm or deny, and as such, Separate Defendants deny. Specifically, Separate Defendants deny any and all alleged wrongdoing.

25.     At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 25 of Plaintiffs' Complaint and, thus, deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

26.     Separate Defendants admit that Honorable Milas H. Hale, III, is and has been a local district court judge in Sherwood District Court, and since the remainder of paragraph 26 merely contains Plaintiffs' statement regarding what capacity Honorable Milas H. Hale, III, is sued, no response is necessary; however, to the extent a response is deemed necessary, Separate Defendants deny the same and deny any and all allegations of wrongdoing.

27.     Paragraph 27 of Plaintiffs' Complaint contains legal conclusions, and as such, no response is necessary; however, to the extent this Court deems a response necessary, Separate Defendants deny the same.

28.     Separate Defendants admit that court is generally held on Thursdays, and that hot checks are indeed generally heard on that day; however, for the remaining material averments

contained in paragraph 28 of Plaintiffs' Complaint, Separate Defendants deny any and all material averments contained therein.

29.     At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 29 of Plaintiffs' Complaint; however, Separate Defendants deny any and all wrongdoing alleged therein.

30.     Separate Defendants admit that there is no requirement that a transcript be created of the Sherwood District Court as of the date of this writing; however, records are kept regarding proceedings that occurred. As to the remainder of the material averments contained within paragraph 30 of Plaintiffs' Complaint, Separate Defendants have insufficient information to either confirm or deny; therefore, Separate Defendants deny any and all wrongdoing alleged therein.

31.     Separate Defendants deny each and every material averment contained in paragraph 31 of Plaintiffs' Complaint.

32.     Separate Defendants deny each and every material averment contained in paragraph 32 of Plaintiffs' Complaint.

33.     Separate Defendants deny each and every material averment contained in paragraph 33 of Plaintiffs' Complaint.

34.     Separate Defendants deny each and every material averment contained in paragraph 34 of Plaintiffs' Complaint.

35.     Separate Defendants deny each and every material averment contained in paragraph 35 of Plaintiffs' Complaint.

36.     Separate Defendants deny each and every material averment contained in paragraph 36 of Plaintiffs' Complaint.

37.     Separate Defendants deny each and every material averment contained in paragraph 37 of Plaintiffs' Complaint.

38.     Separate Defendants do not have sufficient information at this time to either confirm or deny what knowledge "many defendants" in this matter allegedly have as it concerns the "money they owe…the Sherwood District Court" as stated in paragraph 38 of Plaintiffs' Complaint and, thus, deny the same. As for the remaining material averments contained in paragraph 38 of Plaintiffs' Complaint, Separate Defendants deny the same.

39.     Separate Defendants admit that certain types of hearings are held in Sherwood District Court. At this time, as for the remaining material averments contained in paragraph 39 of Plaintiffs' Complaint, Separate Defendants have insufficient information to either confirm or deny and, thus, deny the same. To the extent alleged, Separate Defendants deny any and all wrongdoing alleged.

40.     Separate Defendants admit that the Sherwood District Court performs arraignments and enters pleas of guilty for individuals which such pleas are made. Further, Separate Defendants admit the docket sometimes consists of individuals who appear in person and sometimes by video conference. At this time, as to the remaining material averments contained in paragraph 40 of Plaintiffs' Complaint, Separate Defendants have insufficient information to either confirm or deny the allegations and, thus, deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

41.     Separate Defendants admit that if a person pleads guilty, he/she is often sentenced to pay costs, fines, and restitution. Further, Separate Defendants admit persons are given the option of making installment payments after inquiry by the judge regarding their ability to pay. As for the

remaining material averments contained in paragraph 41 of Plaintiffs' Complaint, Separate Defendants deny each and every allegation of wrongdoing contained therein.

42.     Separate Defendants admit that some hearings do not last very long. Separate Defendants further admit that Court clerks and other administrative staff take care of various functions while Court is in session. Separate Defendants deny Plaintiffs' characterization of events and, thus, Separate Defendants deny those allegations in the remainder of the paragraph. As to the remaining portions stated in paragraph 42 of Plaintiffs' Complaint, Separate Defendants deny any and all alleged wrongdoing therein.

43.     Separate Defendants admit that a prosecutor and public defender are indeed present at the proceedings in the District Court. As for the remaining material averments contained in paragraph 43 of Plaintiffs' Complaint, Separate Defendants deny any and all wrongdoing alleged therein.

44.     Separate Defendants deny each and every material averment contained in paragraph 44 of Plaintiffs' Complaint. Further, Separate Defendants specifically deny Plaintiffs' characterization of the events.

45.     Separate Defendants deny each and every material averment contained in paragraph 45 of Plaintiffs' Complaint.

46.     Separate Defendants admit that Judge Hale sentences persons in accordance with Arkansas law. As to the remaining provisions of paragraph 46 of Plaintiffs' Complaint, Separate Defendants deny any and all wrongdoing alleged therein.

47.     Separate Defendants deny that payment of court costs, fines, and fees are due immediately upon conviction; rather, the Court considers a person's ability to pay and a suitable payment plan is sometimes established as a result. As to the remaining material averments

contained in paragraph 47 of Plaintiffs' Complaint, Separate Defendants deny any and all wrongdoing alleged therein.

48.     Separate Defendants admit that review hearings indeed occur in the Sherwood District Court. Separate Defendants deny Plaintiffs' characterization of events as stated in paragraph 48 of Plaintiffs' Complaint. As to the remaining portions of paragraph 48 of Plaintiffs' Complaint, Separate Defendants deny any and all wrongdoing alleged therein.

49.     Separate Defendants deny each and every material averment contained in paragraph 49 of Plaintiffs' Complaint.

50.     The latter half of the first sentence of paragraph 50 of Plaintiffs' Complaint appears to quote Arkansas Code Annotated, Title 16, Chapter 13, Subchapter 7, and as such, the law shall speak for itself; however, to the extent that Plaintiffs are interpreting how that law is applied, Separate Defendants do not have sufficient information at this time to either confirm or deny the accuracy; therefore, Separate Defendants deny the same.

51.     Separate Defendants deny each and every material averment contained in paragraph 51 of Plaintiffs' Complaint.

52.     Separate Defendants deny each and every material averment contained in paragraph 52 of Plaintiffs' Complaint.

53.     Separate Defendants deny the characterization of events alleged in paragraph 53 of Plaintiffs' Complaint and, thus, deny those allegations except as specifically admitted herein. Separate Defendants admit that a person is charged for, inter alia, contempt of court for failing to appear in court as lawfully ordered or failing to pay as lawfully ordered to do so when they commit such acts. As to the remaining material averments contained in paragraph 53 of Plaintiffs' Complaint, Separate Defendants deny any wrongdoing alleged therein.

54. Separate Defendants deny each and every material averment contained in paragraph 54 of Plaintiffs' Complaint.

55. Separate Defendants deny each and every material averment contained in paragraph 55 of Plaintiffs' Complaint.

56. Separate Defendants deny each and every material averment contained in paragraph 56 of Plaintiffs' Complaint.

57. Separate Defendants deny each and every material averment contained in paragraph 57 of Plaintiffs' Complaint.

58. At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 58 of Plaintiffs' Complaint and, thus, deny the same. Separate Defendants deny any and all wrongdoing alleged.

59. Separate Defendants deny each and every material averment contained in paragraph 59 of Plaintiffs' Complaint.

60. Separate Defendants do not at this time have enough facts to ascertain all of what "Plaintiffs' experiences" are, nor do Separate Defendants have sufficient information to ascertain what the experiences of "hundreds of other poor individuals living in Pulaski County" are; therefore, separate defendants can neither confirm or deny at this time the material averments in paragraph 60 of Plaintiffs' Complaint regarding how the two experiences are allegedly representative of one another due to lack of knowledge to form a belief as to the truth or falsity of those allegations. To the extent that the material averments in paragraph 60 of Plaintiffs' Complaint assert any wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

61.     Separate Defendants deny each and every material averment contained in paragraph 61 of Plaintiffs' Complaint.

62.     Separate Defendants maintain that the Municipal Code of Sherwood speaks for itself. Further, Separate Defendants maintain that employees of the Court or of the City are employees of the City as governed by state law. As to the remaining material averments contained in paragraph 62 of Plaintiffs' Complaint, Separate Defendants deny any and all wrongdoing alleged therein.

63.     Separate Defendants admit that the Sherwood District Court is served by one local district court judge, Defendant Judge Hale, who is elected by the residents of Pulaski County. Separate Defendants admit that Sherwood pays Judge Hale's salary, or part thereof, as well as other Court employees' salaries. Separate Defendants admit that Judge Hale has held a position for a number of years, and Separate Defendants further admit that prior to Judge Hale's election his father was the judge. As for the remaining material averments contained in paragraph 63 of Plaintiffs' Complaint, Separate Defendants deny any and all wrongdoing alleged therein.

64.     Separate Defendants deny each and every material averment contained in paragraph 64 of Plaintiffs' Complaint.

65.     Paragraph 65 contains conclusions of law, and as such, no response is necessary; however, to the extent this Court deems a response necessary, Separate Defendants deny the same. Specifically, Separate Defendants deny any and all alleged wrongdoing.

66.     Separate Defendants admit that the Hot Check Division is physically located in a separate building as the City of Sherwood's City Hall. Separate Defendants further assert that the website speaks for itself. Separate Defendants also admit that all hot check cases that are misdemeanors, upon information and belief, are heard by the Sherwood District Court in Pulaski

County. As to the remaining material averments contained within paragraph 66 of Plaintiffs' Complaint, Separate Defendants have insufficient information to either confirm or deny the allegations therein; therefore, Separate Defendants deny any and all wrongdoing.

67.     While paragraph 67 of Plaintiffs' Complaint does not appear to be a full representation of the description of the goals and activities of the Hot Check Division of the Sherwood District Court, Separate Defendants aver that the website speaks for itself; however, to the extent that the remainder of paragraph 67 alleges any wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

68.     At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 68 of Plaintiffs' Complaint; however, Separate Defendants deny any and all wrongdoing alleged therein.

69.     At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 69 of Plaintiffs' Complaint; however, Separate Defendants deny any and all wrongdoing alleged therein.

70.     Separate Defendants deny each and every material averment contained in paragraph 70 of Plaintiffs' Complaint.

71.     At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 71 of Plaintiffs' Complaint; however, Separate Defendants deny any and all wrongdoing alleged therein.

72.     Separate Defendants admit that Sherwood pays some monies toward funding the Pulaski County jail. At this time, as for the remaining material averments contained in paragraph 72 of Plaintiffs' Complaint, Separate Defendants have insufficient information to either confirm

or deny the allegations; therefore, Separate Defendants deny any and all wrongdoing alleged therein.

73.     Separate Defendants admit that the Sherwood Police Department is in the same building as the Sherwood District Court. At this time, as to the remaining material averments contained in paragraph 73 of Plaintiffs' Complaint, Separate Defendants have insufficient information to either confirm or deny and, thus, Separate Defendants deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

74.     Separate Defendants deny each and every material averment contained in paragraph 74 of Plaintiffs' Complaint.

75.     Separate Defendants deny each and every material averment contained in paragraph 75 of Plaintiffs' Complaint.

76.     Separate Defendants deny each and every material averment contained in paragraph 76 of Plaintiffs' Complaint.

77.     Separate Defendants deny each and every material averment contained in paragraph 77 of Plaintiffs' Complaint.

78.     Separate Defendants deny each and every material averment contained in paragraph 78 of Plaintiffs' Complaint to the extent that it is qualified by the denied allegations in paragraph 77. Specifically, Separate Defendants deny any and all alleged wrongdoing.

79.     Separate Defendants do not have sufficient information to determine what all Pulaski County "condones, enables, and encourages" and accordingly cannot admit or deny the averments stated in paragraph 79; however, to the extent that any of the averments claim wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

80.     Separate Defendants admit that prosecutors are indeed sometimes present in Sherwood District Court, including for hot check proceedings. As to the remaining material averments contained in paragraph 80 of Plaintiffs' Complaint, Separate Defendants deny any and all wrongdoing alleged therein.

81.     Separate Defendants deny each and every material averment contained in paragraph 81 of Plaintiffs' Complaint.

82.     At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 82 of Plaintiffs' Complaint and, thus, Separate Defendants deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

83.     At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 83 of Plaintiffs' Complaint and, thus, Separate Defendants deny the same.  Separate Defendants deny any and all wrongdoing alleged therein.

84.     Separate Defendants do not at this time have sufficient information to either confirm or deny the material averments contained in paragraph 84 of Plaintiffs' Complaint and, thus, Separate Defendant denies the same. To the extent the language of paragraph 84 contains any alleged wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

85.     Separate Defendants admit that Charles Dade has been involved with the Sherwood District Court's Hot Check Division since mid-2009, as stated in paragraph 85 of Plaintiffs' Complaint. While Separate Defendants are unsure exactly whether five of Charles Dade's "hot checks" were written to grocery stores, it does appear that at least some hot checks were written to: 1) Kroger, 2) Fresco; 3) Three Star Muffler, 4) Super Mercado, 5) Super Mercado Fresco, and 6) a check that has no notated recipient listed; therefore, Plaintiffs for the most part have a fairly accurate representation of the checks' recipients. Finally, Separate Defendants agree with the range

15

of the checks as stated in the third sentence of the 85th paragraph, as well as the total figure of $362.47. As to whether or not Charles Dade has written another alleged "hot check," Separate Defendants are without sufficient knowledge to either confirm or deny; therefore, Separate Defendants deny the same. As for any remaining but unaddressed material averments contained in paragraph 85 of Plaintiffs' Complaint, Separate Defendants deny the same.

86.     Separate Defendants admit that, upon information and belief, Mr. Dade indeed failed to appear for his arraignment of hot check charges; however, Separate Defendants are presently without knowledge or information necessary to form a belief as to the truth or falsity to form a belief as to the specific date and, thus, deny the same. As to the remaining material averments contained in paragraph 86 if Plaintiffs' Complaint, Separate Defendants deny any and all wrongdoing alleged therein.

87.     At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 87 of Plaintiffs' Complaint and, thus, Separate Defendants deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

88.     At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 88 of Plaintiffs' Complaint and, as such, deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

89.     At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 89 of Plaintiffs' Complaint and, thus, deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

90.     At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 90 of Plaintiffs' Complaint and, thus, deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

91.     Separate Defendants maintain that upon information or belief Mr. Dade has indeed been convicted of various charges, and he does owe some amount of money. As to the remaining material averments contained in paragraph 91 of Plaintiffs' Complaint, Separate Defendants deny any and all wrongdoing alleged therein.

92.     At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 92 of Plaintiffs' Complaint and, thus, deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

93.     At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 93 of Plaintiffs' Complaint and, thus, deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

94.     Separate Defendants admit that presently Charles Dade's restitution owed is, upon information and belief, $523.47 as stated in paragraph 94 of Plaintiffs' Complaint. As for the remaining material averments contained in paragraph 94 of Plaintiffs' Complaint, Separate Defendants do not at this time have sufficient information to either confirm or deny and, thus, deny the same. To the extent the language of paragraph 94 contains any alleged wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

95.     Separate Defendants do not at this time have sufficient information to either confirm or deny the material averments contained in paragraph 95 of Plaintiffs' Complaint and, thus, deny the same. To the extent the language of paragraph 95 contains any alleged wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

96.     Separate Defendants deny that "Ms. Lewis has been caught in Sherwood District Court's hot check scheme for the last ten years"; rather, Nakita Lewis has been involved in Sherwood District Court, Hot Check Division, for over ten years, starting around mid-September

2005 when she wrote the first of her 23 hot checks to Wendy's. Separate Defendants also acknowledge that Nakita Lewis wrote more than just 23 hot checks, and to more persons/entities than Wendy's, but such disclosure is unnecessary here. To the extent that Plaintiffs' statements in paragraph 96 are inconsistent with what is stated above, Separate Defendants deny the same and specifically deny any and all wrongdoing.

97.     Separate Defendants admit that, upon information and belief, Ms. Lewis pled guilty to various hot check charges and was indeed assessed fines and costs; however, Separate Defendants are present without knowledge or belief as to form an answer as to the specific amount.

98.     Separate Defendants deny each and every material averment contained in paragraph 98 of Plaintiffs' Complaint.

99.     Separate Defendants deny each and every material averment contained in paragraph 99 of Plaintiffs' Complaint.

100.     Separate Defendants deny each and every material averment contained in paragraph 100 of Plaintiffs' Complaint.

101.     At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 101 of Plaintiffs' Complaint and, thus, deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

102.     Separate Defendants deny each and every material averment contained in paragraph 102 of Plaintiffs' Complaint.

103.     Separate Defendants do not at this time have sufficient information to either confirm or deny the material averments contained in paragraph 103 of Plaintiffs' Complaint and, thus, deny the same. To the extent the language of paragraph 103 contains any alleged wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

104.    Separate Defendants deny that Nakita Lewis was jailed because she could not afford her outstanding debt of fines, fees, and court costs owed to Sherwood as stated in paragraph 104 of Plaintiffs' Complaint. As for the second sentence of paragraph 104 of Plaintiffs' Complaint, Separate Defendants do not at this time have sufficient information to either confirm or deny the material averments contained therein and, thus, deny the same. To the extent the language of the second sentence of paragraph 104 contains any alleged wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

105.    Separate Defendants do not at this time have sufficient information to either confirm or deny the material averments contained in paragraph 105 of Plaintiffs' Complaint and, thus, deny the same. To the extent the language of paragraph 105 contains any alleged wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

106.    Separate Defendants deny Plaintiffs' characterization of Ms. Petree's involvement with Sherwood's Hot Check Division as being "snared by" as alleged in paragraph 106 of Plaintiffs' Complaint and, thus, deny those allegations. Further, Separate Defendants admit that "Ms. Petree overdrew on her account," and that she unlawfully bounced at least one check under the name Petree. Finally, as for the remaining material averments contained in paragraph 106, Separate Defendants do not at this time have sufficient information to either confirm or deny and, thus, deny the same. To the extent the language of paragraph 106 contains any alleged wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

107.    Separate Defendants do not at this time have sufficient information to either confirm or deny the material averments contained in paragraph 107 of Plaintiffs' Complaint and, thus, deny the same. To the extent that the language contains any allegation of wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

108.     At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in the first sentence of paragraph 108 of Plaintiffs' Complaint and, thus, deny the same. Separate Defendants deny any and all wrongdoing alleged therein. As for the second sentence of paragraph 108 of Plaintiffs' Complaint, Separate Defendants do not know what Nikki Petree "believed" while waiting in line; therefore, plaintiffs can neither confirm or deny the allegation and, thus, deny it. However, to the extent that the allegation in the second sentence of paragraph 108 contains any alleged wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same. As for the remaining material averments in paragraph 108 of Plaintiffs' Complaint, Separate Defendants deny the same.

109.     Separate Defendants do not at this time have sufficient information to either confirm or deny the material averments contained in paragraph 109 of Plaintiffs' Complaint and, thus, deny same. To the extent the language of paragraph 109 contains any alleged wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

110.     Separate Defendants do not at this time have sufficient information to either confirm or deny the material averments contained in paragraph 110 of Plaintiffs' Complaint and, thus, deny the same. To the extent the language of paragraph 110 contains any alleged wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

111.     Separate Defendants do not at this time have sufficient information to either confirm or deny the material averments contained in paragraph 111 of Plaintiffs' Complaint and, thus, deny the same. To the extent the language of paragraph 111 contains any alleged wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

112.    At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 112 of Plaintiffs' Complaint and, thus, deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

113.    At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 113 of Plaintiffs' Complaint and, thus, deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

114.    At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 114 of Plaintiffs' Complaint and, thus, deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

115.    Separate Defendants do not at this time have sufficient information to either confirm or deny the material averments contained in paragraph 115 of Plaintiffs' Complaint and, thus, deny the same. To the extent any of the material averments allege any wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

116.    Separate Defendants admit that Lee Robertson wrote hot checks and was charged for the same. As to the material averments contained the first, second, and third sentences in paragraph 116 of Plaintiffs' Complaint, Separate Defendants do not at this time have sufficient information to either confirm or deny the material averments contained therein; therefore, to the extent the language contains any alleged wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same. Separate Defendants deny that Lee Robertson has been involved with Sherwood District Court's Hot Check Division since late 2009 to the extent Plaintiffs allege that was Mr. Robertson's first criminal charges for violation of the Arkansas hot check law. Separate Defendants admit as to *some* charges Mr. Robertson was guilty of, he wrote hot checks in the amount of approximately $206.51. As for Lee Roberts's balance due, Separate Defendants admit

that Lee Roberts has a balance due on some charges; however, Separate Defendants presently lack specific sufficient information to state what exactly that balance is.

117.    Separate Defendants do not at this time have sufficient information to either confirm or deny the material averments contained in paragraph 117 of Plaintiffs' Complaint and, thus, deny the same. To the extent the language of paragraph 117 contains any alleged wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

118.    Separate Defendants assert that, upon information and belief, Lee Robertson has indeed pled guilty to various crimes and that he was sentenced. Accordingly, such sentencing included various fines, costs, and restitution. Separate Defendants deny any and all material averments contained in the final sentence of paragraph 118 of Plaintiffs' Complaint. At this time, as to the unaddressed material averments contained in paragraph 118 of Plaintiffs' Complaint, Separate Defendants have insufficient information to either confirm or deny the allegations contained therein and, thus, deny the same. Separate Defendants deny any and all remaining alleged wrongdoing.

119.    At this time Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 119 of Plaintiffs' Complaint and, thus, deny the same. Separate Defendants deny any and all wrongdoing alleged therein.

120.    Separate Defendants deny each and every material averment contained in paragraph 120 of Plaintiffs' Complaint.

121.    Separate Defendants deny each and every material averment contained in paragraph 121 of Plaintiffs' Complaint.

122.    Separate Defendants deny each and every material averment contained in paragraph 122 of Plaintiffs' Complaint.

123.    Separate Defendants deny each and every material averment contained in paragraph 123 of Plaintiffs' Complaint.

124.    At this time, Separate Defendants have insufficient information to either confirm or deny the allegations stated in paragraph 124 of Plaintiffs' Complaint and, thus, deny the same. Separate Defendants deny any and all alleged wrongdoing therein.

125.    Separate Defendants deny each and every material averment contained in paragraph 125 of Plaintiffs' Complaint.

126.    Separate Defendants deny each and every material averment contained in the first sentence of paragraph 126 of Plaintiffs' Complaint. Further, Separate Defendants do not at this time have sufficient information to either confirm or deny the material averments contained in the second sentence of paragraph 126 of Plaintiffs' Complaint and, thus, deny the same. To the extent the language of the second sentence of paragraph 126 contains any alleged wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

127.    Paragraph 127 of Plaintiffs' Complaint merely states that the Plaintiffs are bringing the action on behalf of all others similarly situated, and as such no response is necessary; however, to the extent that this Court deems a response is necessary, Separate Defendants deny any and all allegations made in paragraph 127 of the Complaint.

128.    Paragraph 128 of Plaintiffs' Complaint contains conclusions of law, and as such, no response is necessary; however, to the extent that such a response is necessary, Separate Defendants deny any and all alleged wrongdoing.

129.    Paragraph 129 of Plaintiffs' Complaint merely states the classes Plaintiffs will attempt to certify, and as such, no response is necessary; however, to the extent that a response is necessary, Separate Defendants deny any and all alleged wrongdoing. Further, the Separate

Defendants deny a class of any kind should be certified and deny any of the requirements for class certification are or will be met in this matter.

130.    Paragraph 130 of Plaintiffs' Complaint merely states which alleged class Plaintiffs assert that each of themselves fall into, and as such no response is necessary; however, to the extent that such a response is deemed necessary, Separate Defendants deny any and all alleged wrongdoing. Further, the Separate Defendants deny a class of any kind should be certified and deny any of the requirements for class certification are or will be met in this matter.

131.    Paragraph 131 of Plaintiffs' Complaint merely states how Plaintiffs' allegedly satisfy the requirements of Rule 23(a) and as such no response is necessary; however, to the extent that such a response is deemed necessary, Separate Defendants deny any and all alleged wrongdoing. Further, the Separate Defendants deny a class of any kind should be certified and deny any of the requirements for class certification are or will be met in this matter.

132.    Paragraph 132 of Plaintiffs' Complaint contains conclusions of law, and as such, no response is necessary; however, to the extent that such a response is deemed necessary, Separate Defendants deny any and all alleged wrongdoing.

133.    Paragraph 133 of Plaintiffs' Complaint contains conclusions of law, and as such, no response is necessary; however, to the extent that such a response is deemed necessary, Separate Defendants deny any and all alleged wrongdoing.

134.    Paragraph 134 of Plaintiffs' Complaint merely incorporates by reference the preceding paragraphs, and as such, no response is necessary; however, to the extent that a response is necessary, Separate Defendants deny any and all alleged wrongdoing.

135.    The first sentence of paragraph 135 of Plaintiffs' Complaint attempts to interpret the rights granted from the Fourteenth Amendment of the United States Constitution, and as such

the Fourteenth Amendment of the United States Constitution shall speak for itself; however, to the extent that Plaintiffs' have misconstrued the Fourteenth Amendment so as to infer wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same. As for the second sentence of paragraph 135 of Plaintiffs' Complaint, Separate Defendants deny each and every material averment contained therein. As for the final sentence of paragraph 135, Separate Defendants do not have sufficient information to confirm or deny what Pulaski "actively channels"; therefore, Separate Defendants deny each and every material allegation contained therein as well.

136.    Paragraph 136 contains conclusions of law and as such no response is necessary; however, since the beginning portions of paragraph 136 allege wrongdoing on behalf of Separate Defendants, Separate Defendants deny each and every material averment contained in paragraph 136 of Plaintiffs' Complaint.

137.    Paragraph 137 of Plaintiffs' Complaint merely incorporates the preceding paragraphs and as such no response is necessary; however, to the extent that such a response is necessary, Separate Defendants deny any and all alleged wrongdoing.

138.    The first sentence of paragraph 138 of Plaintiffs' Complaint contains conclusions of law, and as such, no response is necessary; however, to the extent a response is deemed necessary, Separate Defendants deny any and all alleged wrongdoing. As for the remaining material averments contained within paragraph 139 of Plaintiffs' Complaint, Separate Defendants deny each and every material averment contained therein.

139.    Paragraph 139 of Plaintiffs' Complaint states conclusions of law, and as such no response is necessary; however, since the early portions of paragraph 139 alleges wrongdoing on behalf of Separate Defendants, Separate Defendants deny each and every material averment contained therein. As for the portions of paragraph 139 dealing with Pulaski County, Separate

Defendants do not at this time have sufficient information to either confirm or deny; therefore, Separate Defendants deny each and every material averment contained therein.

140.    Paragraph 140 of Plaintiffs' Complaint merely incorporates the aforementioned paragraphs of Plaintiffs' Complaint, and as such, no response is necessary; however, to the extent that a response is necessary, Separate Defendants deny any and all alleged wrongdoing.

141.    The first sentence of paragraph 141 of Plaintiffs' Complaint contains statements of law, and as such the law speaks for itself; however, to the extent Plaintiffs misconstrue the law to allege wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same. As for the remaining portions of paragraph 141 of Plaintiffs' Complaint, Separate Defendants deny each and every material averment contained therein.

142.    Paragraph 142 of Plaintiffs' Complaint contains conclusions of law, and as such, no response is necessary; however, to the extent any of the conclusions of law alleged any wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

143.    Paragraph 143 of Plaintiffs' Complaint merely incorporates the preceding paragraphs of the complaint; therefore, no response is necessary. However, to the extent a response is deemed necessary, Separate Defendants deny each and every material averment contained in paragraph 143 of Plaintiffs' Complaint.

144.    The first sentence of paragraph 144 of Plaintiffs' Complaint posits to interpret provisions of the Arkansas Constitution, and as such the Arkansas Constitution shall speak for itself; however, to the extent that the interpreted provision is mischaracterized by Plaintiffs to allege any wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same. As for the remaining sentences of paragraph 144 of Plaintiffs' Complaint, Separate Defendants deny each and every material averment contained therein.

145.    Paragraph 145 of Plaintiffs' Complaint contains conclusions of law, and as such no response is necessary; however, since the conclusions of law contained therein allege wrongdoing on behalf of Separate Defendants, Separate Defendants deny each and every material averment contained in paragraph 145 of Plaintiffs' Complaint.

146.    Paragraph 146 of Plaintiffs' Complaint merely incorporates by reference all the preceding paragraphs of Plaintiffs' Complaint, and as such, no response is necessary; however, to the extent a response is deemed necessary, Separate Defendants deny any and all alleged wrongdoing.

147.    Plaintiffs' first sentence of paragraph 147 of Plaintiffs' Complaint posits to interpret the Sixth and Fourteenth Amendments of the United States Constitution and as such the United States Constitution and all the rights declared therein shall speak for themselves; however, to the extent that Plaintiffs' characterize the language of the United States Constitution in a way to allege wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same. Further, as for the remaining sentences in paragraph 147 of Plaintiffs' Complaint, Plaintiffs posit further interpretation of the Sixth and Fourteenth Amendments, and as stated above, the United States Constitution shall speak for itself; however, to the extent Plaintiffs' misconstrue the United States Constitution to allege wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

148.    As for the fourth sentence of paragraph 148 of Plaintiffs' Complaint wherein Plaintiffs state "Pulaski County actively channels misdemeanor hot check cases throughout the county to the Sherwood District Court and has chosen to continue this practice notwithstanding these violations of the right to counsel," Separate Defendants lack sufficient information at this time to either admit or deny any of Pulaski County's actions; however, Separate Defendants deny

the same for purposes of this answer, and further deny the material averments contained therein that allege wrongdoing on behalf of Separate Defendants. Finally, with regards to the remaining portions of paragraph 148 of Plaintiffs' Complaint, Separate Defendants deny each and every material averment contained therein.

149.    Paragraph 149 of Plaintiffs' Complaint contains conclusions of law, and as such, no response is necessary; however, to the extent this Court deems a response necessary, Separate Defendants deny the same. Specifically, Separate Defendants deny any and all alleged wrongdoing alleged therein.

150.    Paragraph 150 of Plaintiffs' Complaint merely incorporates by reference all the preceding paragraphs of Plaintiffs' Complaint, and as such, no response is warranted; however, to the extent a response is deemed necessary, Separate Defendants deny any and all alleged wrongdoing.

151.    Paragraph 151 of Plaintiffs' Complaint posits to interpret Article 2, Section 10 of the Arkansas Constitution and as such the Arkansas Constitution and all the rights declared therein shall speak for themselves; however, to the extent that Plaintiffs' characterize the language of the Arkansas Constitution in a way to allege wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

152.    Paragraph 152 of Plaintiffs' Complaint contains conclusions of law, and as such no response is warranted; however, since the statements contained therein alleges wrongdoing on behalf of Separate Defendants, Separate Defendants deny any material averment contained therein. As for the fourth sentence of paragraph 152 of Plaintiffs' Complaint that states "Pulaski County actively channels misdemeanor hot check cases throughout the county to the Sherwood District Court and has chosen to continue this practice notwithstanding these violations of the right to

counsel[,]" Separate Defendants—as stated in their answer to paragraph 148 mentioned only a few paragraphs above—still and again lack sufficient information at this time to either admit or deny any of Pulaski County's actions; however, Separate Defendants deny the same for purposes of this answer, and further deny the material averments contained therein that allege wrongdoing on behalf of Separate Defendants.

153.    Paragraph 153 of Plaintiffs' Complaint contains conclusions of law, and as such no response is warranted; however, to the extent this Court deems a response necessary, Separate Defendants deny the same.

154.    Paragraph 154 of Plaintiffs' Complaint merely incorporates by reference all the preceding paragraphs of Plaintiffs' Complaint, and as such, no response is warranted; however, to the extent a response is deemed necessary, Separate Defendants deny any and all alleged wrongdoing.

155.    Paragraph 155 of Plaintiffs' Complaint posits to interpret the rights guaranteed by the Fourteenth Amendment of the United States Constitution, and as such, the United States Constitution and the rights stated therein shall speak for themselves; however, to the extent that Plaintiffs' mischaracterize the rights stated therein to imply any wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

156.    Paragraph 156 of Plaintiffs' Complaint contains conclusions of law and posits to interpret procedural safeguards contained in the Fourteenth Amendment of the United States Constitution. As for the conclusions of law, no response is warranted; however, to the extent this Court deems a response necessary, Separate Defendants deny the same. As for the Plaintiffs' interpretation of the procedural safeguards contained in the Fourteenth Amendment, Separate Defendants maintain that the Fourteenth Amendment of the United States Constitution and all the

rights and safeguards granted therein shall speak for themselves; however, to the extent that Plaintiffs mischaracterize the language of the Fourteenth Amendment to allege wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

157. Paragraph 157 of Plaintiffs' Complaint contains conclusions of law, and as such, no response is warranted; however, to the extent this Court deems such a response necessary, Separate Defendants deny the same. Specifically, Separate Defendants deny any and all alleged wrongdoing contained in paragraph 157 of Plaintiffs' Complaint.

158. Paragraph 158 of Plaintiffs' Complaint merely incorporates by reference all the preceding paragraphs of Plaintiffs' Complaint, and as such, no response is warranted; however, to the extent a response is deemed necessary, Separate Defendants deny any and all alleged wrongdoing.

159. Paragraph 159 of Plaintiffs' Complaint posits to interpret the guarantees granted by Article 2, Section 8, of the Arkansas Constitution, and as such, the Arkansas Constitution and all the guarantees granted therein shall speak for themselves; however, to the extent that Plaintiffs' misconstrue the language therein to imply wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

160. The first sentence of paragraph 160 of Plaintiffs' Complaint contains conclusions of law, and as such, no response is necessary; however, to the extent this Court deems a response necessary, Separate Defendants deny the same. As for the second sentence of paragraph 160 of Plaintiffs' Complaint, Plaintiffs' posit to interpret Article 2, Section 8, of the Arkansas Constitution and what procedural safeguards may be included therein, and as such, Separate Defendants maintain that Article 2, Section 8, of the Arkansas Constitution and all the procedural safeguards granted therein shall speak for themselves; however, to the extent Plaintiffs misconstrue

the language of the Arkansas Constitution to allege any wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same. Specifically, Separate Defendants deny any and all alleged wrongdoing.

161.    Paragraph 161 of Plaintiffs' Complaint contains conclusions of law, and as such, no response is necessary; however, to the extent this Court deems a response necessary, Separate Defendants deny the same. Specifically, Separate Defendants deny any and all alleged wrongdoing.

162.    Paragraph 162 of Plaintiffs' Complaint merely incorporates by reference all the preceding paragraphs of Plaintiffs' Complaint, and as such, no response is warranted; however, to the extent a response is deemed necessary, Separate Defendants deny any and all alleged wrongdoing.

163.    Paragraph 163 of Plaintiffs' Complaint posits to interpret the United States Constitution, and as such, the United States Constitution shall speak for itself; however, to the extent that Plaintiffs mischaracterize the language contained therein so as to imply wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

164.    The first sentence of paragraph 164 of Plaintiffs' Complaint contains conclusions of law, and as such, no response is necessary; however, to the extent this Court deems a response necessary, Separate Defendants deny the same. As for the remaining material averments contained in paragraph 164 of Plaintiffs' Complaint, Separate Defendants deny in full. Specifically, Separate Defendants deny any and all alleged wrongdoing.

165.    Separate Defendants deny each and every material averment contained in paragraph 165 of Plaintiffs' Complaint.

166.     As for the first two sentences in paragraph 166 of Plaintiffs' Complaint, Separate Defendants deny each and every material averment contained therein. As for the final sentence of paragraph 166 of Plaintiffs' Complaint, it contains a conclusion of law, and as such, no response is warranted; however, to the extent this court deems a response necessary, Separate Defendants deny the same. Specifically, Separate Defendants deny any and all alleged wrongdoing.

167.     Paragraph 167 of Plaintiffs' Complaint merely incorporates by reference all the preceding paragraphs of Plaintiffs' Complaint, and as such, no response is warranted; however, to the extent a response is deemed necessary, Separate Defendants deny any and all alleged wrongdoing.

168.     Paragraph 168 of Plaintiffs' Complaint posits to interpret the Fourteenth Amendment of the United States Constitution, as such, the United States Constitution shall speak for itself; however, to the extent Plaintiffs mischaracterize the language contained therein so as to imply wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

169.     Separate Defendants deny each and every material averment contained in paragraph 169 of Plaintiffs' Complaint.

170.     Separate Defendants deny each and every material averment contained in paragraph 170 of Plaintiffs' Complaint.

171.     Paragraph 171 of Plaintiffs' Complaint contains conclusions of law, and as such, no response is necessary; however, to the extent the Court deems a response necessary, Separate Defendants deny the same.

172.     Paragraph 172 of Plaintiffs' Complaint merely incorporates by reference all of the preceding paragraphs of Plaintiffs' Complaint, and as such, no response is warranted; however, to

the extent a response is deemed necessary, Separate Defendants deny any and all alleged wrongdoing.

173.     Paragraph 173 of Plaintiffs' Complaint appears to quote Article 16, Section 13, of the Arkansas Constitution; as such, the Arkansas Constitution shall speak for itself; however, to the extent Plaintiffs mischaracterize the language contained therein so as to imply wrongdoing on behalf of Separate Defendants, Separate Defendants deny the same.

174.     Paragraph 174 of Plaintiffs' Complaint contains conclusions of law, and as such, no response is warranted; however, to the extent this Court deems a response necessary, Separate Defendants deny the same. Specifically, Separate Defendants deny any and all alleged wrongdoing contained therein.

**AFFIRMATIVE DEFENSES**

1.     Plaintiffs have failed to state facts or a claim upon which relief can be granted.

2.     Separate Defendants assert that Plaintiffs are attempting to assert, by this entire lawsuit, an impermissible collateral attack on their criminal convictions. Plaintiffs are required to appeal their convictions if they believe their sentences are unlawful and argue the same in said appeal.

3.     Separate Defendants invoke the defense of Rooker-Feldman Doctrine.

4.     Separate Defendants invoke Heck v. Humphrey.

5.     Separate Defendants invoke the defense of waiver and estoppel.

6.     Separate Defendants invoke the defense of unclean hands.

7.     Separate Defendants invoke the defense of *res judicata*, claim and issue preclusion, immunity, and all applicable doctrines of immunity, state and federal, including but not limited to judicial, absolute, statutory, and qualified immunity.

8.      Separate Defendants invoke the voluntary payment rule.

Separate Defendants maintain that no policy or custom of the City was the moving force behind the alleged violations of any person's rights.

9.      Plaintiffs have failed to states facts or a claim upon which relief can be granted.

10.     Separate Defendants aver they are entitled to punitive damages immunity to the extent applicable and Judge Hale individually is entitled *at least* to immunity from damages and injunctive relief, if not complete and absolute immunity from suit and discovery in this case.

11.     Separate Defendants assert any and all applicable federal or state privileges or immunities to which they are entitled.

12.     Separate Defendants assert all applicable affirmative defenses under Federal or State law including but not limited to Fed. R. Civ. P. 8(c).

13.     Separate Defendants assert that Plaintiffs have failed to exhaust administrative remedies.

14.     Separate Defendants assert any and all applicable statutes of limitation.

15.      Separate Defendants assert any applicable defenses under the Arkansas Civil Justice Reform Act.

16.     Separate Defendants affirmatively state that none of the requirements or considerations under Fed. R. Civ. P. 23 are present or met in this case and no class of any kind should be certified.

17.     Separate Defendants state that their actions were lawful and based on reasonable interpretations of law and that they have no violated any clearly established law.

18.     Separate Defendants assert that no tax monies of any kind have been spent by either Separate Defendant in violation of law including the Arkansas Constitution and that Plaintiff's illegal exaction claim is without basis and should be dismissed.

19.     Defendants reserve the right to plead further herein as may become necessary.

Respectfully Submitted,

**SEPARATE DEFENDANTS,**
City of Sherwood, Arkansas,
and Honorable Milas H. Hale, III,
in his official and individual capacities


BY:     /s/ Michael Mosley
Michael Mosley, Ark. Bar No. 2002099
Attorney for Separate Defendants
Post Office Box 38
North Little Rock, AR  72115
TELEPHONE: (501) 978-6131
FACSIMILE: (501) 978-6561
EMAIL: mmosley@arml.org


## CERTIFICATE OF SERVICE

I, Michael Mosley, hereby certify that on September 7, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

**Bettina E. Brownstein**
BETTINA E. BROWNSTEIN LAW FIRM
904 West 2nd Street
Little Rock, AR 72201
Tel: (501) 920-1764
bettinabrowstein@gmail.com

**J. Alexander Lawrence**
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 336-4092
Fax: (212) 468-7900
alawrence@mofo.com

**Reggie Koch**
THE KOCH LAW FIRM
2024 Arkansas Valley Drive, Suite 707
Little Rock, AR 72212
Tel: (501) 223-5310
Fax: (501) 223-5311
reggie@reggiekoch.com

**Hallie N. Ryan**
LAWYERS COMMITTEE FOR CIVIL RIGHTS UNDER THE LAW
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005
Tel: (202) 662-8359
hryan@lawyerscommittee.org

/s/ Michael Mosley
Michael Mosley, Ark. Bar No. 2002099