IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES DADE, NAKITA LEWIS,
NIKKI PETREE, LEE ANDREW ROBERTSON,
and PHILIP AXELROTH, Individually and On Behalf
of All Others Similarly Situated                                      PLAINTIFFS

V.                                    CASE NO. 4:16CV602 JM

CITY OF SHERWOOD, ARKANSAS;
PULASKI COUNTY, ARKANSAS; and
HONORABLE MILAS H. HALE, III; In His
Official and Individual Capacities                                    DEFENDANTS

## ANSWER

COMES now Separate Defendant, Pulaski County, Arkansas ("Pulaski County"), by its attorneys, Fuqua Campbell, P.A., and for its Answer, states:

1.     The statements contained in paragraph 1 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 1.

2.     Pulaski County denies the allegations of paragraph 2 of the Complaint.

3.     Pulaski County denies the allegations of paragraph 3 of the Complaint.

4.     Pulaski County denies the allegations of paragraph 4 of the Complaint.

5.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegation that Sherwood relies on the court costs, fines, and fees collected from individuals processed and prosecuted by Sherwood District Court to fund a substantial portion of Sherwood's and the Sherwood District Court's annual budget and, therefore, denies the allegation. Pulaski County denies the remaining allegations of paragraph 5 of the Complaint.

6.      Pulaski County denies the allegations of paragraph 6 of the Complaint. However, to the extent that paragraph 6 describes the claims made by Plaintiffs, no response is required.

7.      Pulaski County denies the allegations of paragraph 7 of the Complaint.

8.      Paragraph 8 describes the claims made by the Plaintiffs, and therefore requires no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 8.

9.      Paragraph 9 describes the claims made by the Plaintiffs, and therefore requires no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 9.

10.     Pulaski County denies the allegations of paragraph 10 of the Complaint.

11.     Pulaski County denies the allegations of paragraph 11 of the Complaint.

12.     Pulaski County denies the allegations of paragraph 12 of the Complaint.

13.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, denies them. To the extent that any of the allegations of paragraph 13 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

14.     Pulaski County denies the allegations of paragraph 14 of the Complaint.

15.     The statements contained in paragraph 15 of the Complaint are legal conclusions and therefore require no response. To the extent a response is required, Pulaski County denies the allegations of paragraph 15. To the extent that any of the allegations of paragraph 15 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

16.     Paragraph 16 describes the claims made by the Plaintiffs, and therefore requires no response. However, Pulaski County admits that this Court has jurisdiction.

17.     Pulaski County admits that venue is proper in this Court.

18.     Charles Dade is not currently incarcerated at the Pulaski County Regional Detention Facility (PCRDF). As to the remaining allegations contained in paragraph 18, Pulaski County lacks knowledge and information sufficient to form a belief as to their truth and, therefore, denies them.

19.     Pulaski County admits that Nakita Rochelle Lewis was recently incarcerated at PCRDF. As to the remaining allegations contained in paragraph 19, Pulaski County lacks knowledge and information sufficient to form a belief as to their truth and, therefore, denies them.

20.     Nikki Rachelle Petree is not currently incarcerated at PCRDF. As to the remaining allegations contained in paragraph 20, Pulaski County lacks knowledge and information sufficient to form a belief as to their truth and, therefore, denies them.

21.     Pulaski County admits that Lee Andrew Robertson was recently jailed at PCRDF. As to the remaining allegations contained in paragraph 21, Pulaski County lacks knowledge and information sufficient to form a belief as to their truth and, therefore, denies them.

22.     Paragraph 22 describes the class Plaintiffs, and therefore requires no response. To the extent a response is required, Pulaski County denies the allegations of paragraph 22.

23.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and, therefore, denies them. Further, paragraph 23 describes the claims made by the Plaintiffs and, therefore, requires no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 23.

24.     Pulaski County admits that the City of Sherwood contributes funds to PCRDF. As to the remaining allegations contained in paragraph 24, Pulaski County lacks knowledge and information sufficient to form a belief as to their truth and, therefore, denies them.

25.     Pulaski County admits that it funds, operates and oversees PCRDF and the Pulaski County Sheriff's Office (PCSO). Pulaski County denies that it operates and oversees the Pulaski County Prosecutors Office. Pulaski County admits that the Pulaski County Sheriff in his official capacity has custody, rule, and charge of PCRDF and all prisoners committed to that facility, including those imprisoned for failure to pay court costs, fines, and fees arising out of hot check convictions and other related criminal proceedings in the Sherwood District Court. Pulaski County affirmatively states, however, that the Pulaski County Sheriff's custody, rule and charge is limited by orders from the courts of Pulaski County. Pulaski County provides some funding for the Pulaski County Prosecutors Office, but it does not direct its operations. Pulaski County affirmatively states that the Pulaski County Prosecutors Office is also funded by the state of Arkansas. The Pulaski County Prosecutor and deputy prosecutors are state actors, not county officials. The policies and practices of the Pulaski County Prosecutor and deputy prosecutors are those of the prosecuting attorney, an elected official, and not of Pulaski County. Pulaski County has no supervising authority over the prosecuting attorney. Therefore, with respect to any allegations made against the Pulaski County Prosecutors Office, Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and therefore denies them. Paragraph 25 further describes the claims made by the Plaintiffs against Pulaski County and, therefore, requires no response. To the extent that a response is required for these claims, Pulaski County denies them.

26.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and, therefore, denies them. Paragraph 26 further describes the claims made by the Plaintiffs and, therefore, requires no response. To the extent that a response is required for these claims, Pulaski County denies them.

27.     Pulaski County denies the allegations of paragraph 27 of the Complaint.

28.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and, therefore, denies them. To the extent that any of the allegations of paragraph 28 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

29.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and, therefore, denies them. To the extent that any of the allegations of paragraph 29 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

30.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and, therefore, denies them. To the extent that any of the allegations of paragraph 30 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

31.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and, therefore, denies them. To the extent that any of the allegations of paragraph 31 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

32.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and, therefore, denies them. To the extent

that any of the allegations of paragraph 32 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

33.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and, therefore, denies them. To the extent that any of the allegations of paragraph 33 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

34.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and, therefore, denies them. To the extent that any of the allegations of paragraph 34 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

35.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and, therefore, denies them. To the extent that any of the allegations of paragraph 35 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

36.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and, therefore, denies them. To the extent that any of the allegations of paragraph 36 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

37.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and, therefore, denies them. To the extent that any of the allegations of paragraph 37 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

38.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and, therefore, denies them. To the extent that any of the allegations of paragraph 38 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

39.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and, therefore, denies them. To the extent that any of the allegations of paragraph 39 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

40.     Pulaski County admits that some individuals held at PCRDF are presented by videoconference for hearings in the Sherwood District Court. As to the remaining allegations of paragraph 40, Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies them. To the extent that any of the allegations of paragraph 40 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

41.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and, therefore, denies them. To the extent that any of the allegations of paragraph 41 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

42.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and, therefore, denies them. To the extent that any of the allegations of paragraph 42 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

43.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and, therefore, denies them. To the extent that any of the allegations of paragraph 43 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

44.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and, therefore, denies them.  To the extent that any of the allegations of paragraph 44 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

45.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and, therefore, denies them. To the extent that any of the allegations of paragraph 45 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

46.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and, therefore, denies them. To the extent that any of the allegations of paragraph 46 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

47.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and, therefore, denies them. To the extent that any of the allegations of paragraph 47 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

48.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and, therefore, denies them. To the extent

that any of the allegations of paragraph 48 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

49.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 and, therefore, denies them. To the extent that any of the allegations of paragraph 49 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

50.     The statements contained in paragraph 50 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County specifically denies the allegations of paragraph 50.

51.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 and, therefore, denies them. To the extent that any of the allegations of paragraph 51 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

52.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and, therefore, denies them. To the extent that any of the allegations of paragraph 52 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

53.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 and, therefore, denies them. To the extent that any of the allegations of paragraph 53 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

54.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 and, therefore, denies them. To the extent

that any of the allegations of paragraph 54 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

55.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 and, therefore, denies them. To the extent that any of the allegations of paragraph 55 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

56.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and, therefore, denies them. To the extent that any of the allegations of paragraph 56 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

57.     Pulaski County admits that some individuals incarcerated by order of the Sherwood District Court are held at PCRDF. As to the remaining allegations of paragraph 57, Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies them. To the extent that any of the allegations of paragraph 57 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

58.     Pulaski County admits that some individuals incarcerated by order of the Sherwood District Court are held at PCRDF and that some incarcerations are accompanied by a "Speed Letter". Pulaski County further admits that the form used to prepare the Speed Letter has various blanks that can be filled in, including the defendant's name, the relevant case number, the charges, and the time of commitment ordered by the Court. As to the remaining allegations of paragraph 58, Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies them. To the extent that any of the allegations

of paragraph 58 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

59.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and, therefore, denies them. To the extent that any of the allegations of paragraph 59 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

60.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and, therefore, denies them. To the extent that any of the allegations of paragraph 60 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

61.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 and, therefore, denies them. To the extent that any of the allegations of paragraph 61 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

62.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 and, therefore, denies them. To the extent that any of the allegations of paragraph 62 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

63.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 and, therefore, denies them. To the extent that any of the allegations of paragraph 63 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

64.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 and, therefore, denies them. To the extent that any of the allegations of paragraph 64 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

65.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 and, therefore, denies them. To the extent that any of the allegations of paragraph 65 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

66.     Pulaski County admits that per Ark. Code Ann. § 16-17-921, Sherwood District Court is a department of Pulaski County District Court. Pulaski County further affirmatively states, however, that Pulaski County has no superintending control over the Sherwood District Court, and any supervision of the Sherwood District Court is performed by the state of Arkansas through laws passed by the Arkansas legislature. Amendment 80 of the Arkansas Constitution created a unified court system that includes district courts. Pursuant to Amendment 80, district courts, like all other Arkansas courts, are under the supervising authority of the Arkansas Supreme Court, not their individual political subdivisions. As to the remaining allegations in paragraph 66, Pulaski County lacks knowledge and information sufficient to form a belief as to their truth and, therefore, denies them. To the extent that any of the allegations of paragraph 66 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

67.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 and, therefore, denies them. To the extent

that any of the allegations of paragraph 67 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

68.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 and, therefore, denies them. To the extent that any of the allegations of paragraph 68 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

69.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 and, therefore, denies them. To the extent that any of the allegations of paragraph 69 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

70.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 and, therefore, denies them. To the extent that any of the allegations of paragraph 70 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

71.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 and, therefore, denies them. To the extent that any of the allegations of paragraph 71 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

72.     Pulaski County admits that there is an inter-local agreement between Sherwood and other municipalities located in Pulaski County and Pulaski County. Pulaski County further admits that the inter-local agreement addresses the use and funding of PCRDF. As to the remaining allegations of paragraph 72, Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

73.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 and, therefore, denies them. To the extent that any of the allegations of paragraph 73 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

74.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 and, therefore, denies them. To the extent that any of the allegations of paragraph 74 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

75.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 and, therefore, denies them. To the extent that any of the allegations of paragraph 75 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

76.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 and, therefore, denies them. To the extent that any of the allegations of paragraph 76 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

77.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 and, therefore, denies them. To the extent that any of the allegations of paragraph 77 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

78.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 and, therefore, denies them. To the extent

that any of the allegations of paragraph 78 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

79.     Pulaski County affirmatively states that the Pulaski County Prosecutor and the Pulaski County deputy prosecutors are state actors, not county officials. Therefore, Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 and, therefore, denies them. To the extent that any of the allegations of paragraph 79 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

80.     Pulaski County affirmatively states that the Pulaski County Prosecutor and the Pulaski County deputy prosecutors are state actors, not county officials. Therefore, Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 and, therefore, denies them. To the extent that any of the allegations of paragraph 80 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

81.     Pulaski County affirmatively states that the Pulaski County Prosecutor and the Pulaski County deputy prosecutors are state actors, not county officials. Therefore, Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 and, therefore, denies them. To the extent that any of the allegations of paragraph 81 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

82.     Pulaski County admits that pursuant to Pulaski County Municipal Code, a $20.00 county jail fee is assessed against each defendant who pleads guilty or nolo contendre to, is found guilty of, or forfeits bond for any misdemeanor or traffic violation in the district courts or

city courts of Pulaski County. Pulaski County admits that district courts in Pulaski County are directed to levy and collect the $20.00 county jail fee, and to deposit it with the Pulaski County Treasurer. Pulaski County admits that pursuant to Ark. Code Ann. § 5-37-304(b)(2), a prosecutor's fee is assessed. As to the remaining allegations contained in paragraph 82, Pulaski County lacks knowledge and information sufficient to form a belief as to their truth and, therefore, denies them. To the extent that any of the allegations of paragraph 82 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

83.     Pulaski County admits that the cost of operating and maintaining PCRDF is paid by Pulaski County and communities located within Pulaski County pursuant to an inter-local agreement. As to the remaining allegations contained in paragraph 83, Pulaski County lacks knowledge and information sufficient to form a belief as to their truth and, therefore, denies them. To the extent that any of the allegations of paragraph 83 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

84.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 and, therefore, denies them. To the extent that any of the allegations of paragraph 84 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

85.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 and, therefore, denies them. To the extent that any of the allegations of paragraph 85 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

86.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 and, therefore, denies them. To the extent

that any of the allegations of paragraph 86 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

87.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 and, therefore, denies them. To the extent that any of the allegations of paragraph 87 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

88.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 and, therefore, denies them. To the extent that any of the allegations of paragraph 88 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

89.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 and, therefore, denies them. To the extent that any of the allegations of paragraph 89 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

90.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 and, therefore, denies them. To the extent that any of the allegations of paragraph 90 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

91.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 and, therefore, denies them. To the extent that any of the allegations of paragraph 91 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

92.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 and, therefore, denies them. To the extent that any of the allegations of paragraph 92 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

93.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 and, therefore, denies them. To the extent that any of the allegations of paragraph 93 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

94.     Pulaski County denies that Plaintiff Charles Dade is currently held at PCRDF. As to the remaining allegations of paragraph 94, Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies them. To the extent that any of the allegations of paragraph 94 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

95.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 and, therefore, denies them. To the extent that any of the allegations of paragraph 95 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

96.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 and, therefore, denies them. To the extent that any of the allegations of paragraph 96 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

97.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 and, therefore, denies them. To the extent

that any of the allegations of paragraph 97 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

98.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 and, therefore, denies them. To the extent that any of the allegations of paragraph 98 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

99.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 and, therefore, denies them. To the extent that any of the allegations of paragraph 99 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

100.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 and, therefore, denies them. To the extent that any of the allegations of paragraph 100 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

101.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 and, therefore, denies them. To the extent that any of the allegations of paragraph 101 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

102.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 and, therefore, denies them. To the extent that any of the allegations of paragraph 102 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

103.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 and, therefore, denies them. To the extent that any of the allegations of paragraph 103 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

104.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 and, therefore, denies them. To the extent that any of the allegations of paragraph 104 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

105.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 and, therefore, denies them. To the extent that any of the allegations of paragraph 105 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

106.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 and, therefore, denies them. To the extent that any of the allegations of paragraph 106 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

107.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 and, therefore, denies them. To the extent that any of the allegations of paragraph 107 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

108.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 and, therefore, denies them. To the extent

that any of the allegations of paragraph 108 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

109.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 and, therefore, denies them. To the extent that any of the allegations of paragraph 109 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

110.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 and, therefore, denies them. To the extent that any of the allegations of paragraph 110 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

111.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 and, therefore, denies them. To the extent that any of the allegations of paragraph 111 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

112.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 and, therefore, denies them. To the extent that any of the allegations of paragraph 112 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

113.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 and, therefore, denies them. To the extent that any of the allegations of paragraph 113 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

114.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 and, therefore, denies them. To the extent that any of the allegations of paragraph 114 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

115.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 and, therefore, denies them. To the extent that any of the allegations of paragraph 115 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

116.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 and, therefore, denies them. To the extent that any of the allegations of paragraph 116 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

117.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 and, therefore, denies them. To the extent that any of the allegations of paragraph 117 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

118.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 and, therefore, denies them. To the extent that any of the allegations of paragraph 118 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

119.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 and, therefore, denies them. To the extent

that any of the allegations of paragraph 119 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

120.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 and, therefore, denies them. To the extent that any of the allegations of paragraph 120 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

121.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 and, therefore, denies them. To the extent that any of the allegations of paragraph 121 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

122.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 and, therefore, denies them. To the extent that any of the allegations of paragraph 122 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

123.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 and, therefore, denies them. To the extent that any of the allegations of paragraph 123 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

124.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 and, therefore, denies them. To the extent that any of the allegations of paragraph 124 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

125.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 and, therefore, denies them. To the extent that any of the allegations of paragraph 125 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

126.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 and, therefore, denies them. To the extent that any of the allegations of paragraph 126 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

127.     Paragraph 127 describes the claims made by the Plaintiffs, and therefore requires no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 127.

128.     Paragraph 128 describes the claims made by the Plaintiffs and contains legal conclusions, and therefore requires no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 128. Pulaski County denies that Plaintiffs' action may be properly maintained as a class action under Rule 23(a)(1)-(4), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

129.     Paragraph 129 describes the claims made by the Plaintiffs, and therefore requires no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 129.

130.     Paragraph 130 describes the claims made by the Plaintiffs, and therefore requires no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 130.

131.    Paragraph 131 describes the claims made by the Plaintiffs, and therefore requires no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 131. Further, Pulaski County specifically denies that the Plaintiffs have met any of the requirements of Fed. R. Civ. P. 23(a).

132.    Paragraph 132 describes the claims made by the Plaintiffs and contains legal conclusions, and therefore requires no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 132. Further, Pulaski County specifically denies that the Plaintiffs' action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A).

133.    Paragraph 133 describes the claims made by the Plaintiffs and contains legal conclusions, and therefore requires no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 133. Further, Pulaski County specifically denies that the Plaintiffs' action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2).

134.    Pulaski County repeats the foregoing statements and allegations.

135.    The statements contained in paragraph 135 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 135. To the extent that any of the allegations of paragraph 135 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

136.    The statements contained in paragraph 136 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 136. To the extent that any of the allegations of paragraph 136 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

137.    Pulaski County repeats the foregoing statements and allegations.

138.    The statements contained in paragraph 138 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 138. To the extent that any of the allegations of paragraph 138 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

139.    The statements contained in paragraph 139 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 139. To the extent that any of the allegations of paragraph 139 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

140.    Pulaski County repeats the foregoing statements and allegations.

141.    The statements contained in paragraph 141 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 141. To the extent that any of the allegations of paragraph 141 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

142.    The statements contained in paragraph 142 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 142. To the extent that any of the allegations of paragraph 142 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

143.    Pulaski County repeats the foregoing statements and allegations.

144.    The statements contained in paragraph 144 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 144. To the extent that any of the allegations of paragraph 144 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

145.    The statements contained in paragraph 145 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 145. To the extent that any of the allegations of paragraph 145 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

146.    Pulaski County repeats the foregoing statements and allegations.

147.    The statements contained in paragraph 147 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 147.

148.    The statements contained in paragraph 148 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 148. To the extent that any of the allegations of paragraph 148 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

149.    The statements contained in paragraph 149 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 149. To the extent that any of the allegations of paragraph

149 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

150.     Pulaski County repeats the foregoing statements and allegations.

151.     The statements contained in paragraph 151 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 151.

152.     The statements contained in paragraph 152 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 152. To the extent that any of the allegations of paragraph 152 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

153.     The statements contained in paragraph 153 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 153. To the extent that any of the allegations of paragraph 153 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

154.     Pulaski County repeats the foregoing statements and allegations.

155.     The statements contained in paragraph 155 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 155.

156.     The statements contained in paragraph 156 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 156. To the extent that any of the allegations of paragraph

156 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

157.    The statements contained in paragraph 157 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 157. To the extent that any of the allegations of paragraph 157 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

158.    Pulaski County repeats the foregoing statements and allegations.

159.    The statements contained in paragraph 159 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 159.

160.    The statements contained in paragraph 160 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 160. To the extent that any of the allegations of paragraph 160 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

161.    The statements contained in paragraph 161 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 161. To the extent that any of the allegations of paragraph 161 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

162.    Pulaski County repeats the foregoing statements and allegations.

163.     The statements contained in paragraph 163 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 163.

164.     Paragraph 164 contains allegations against Separate Defendants City of Sherwood and the Honorable Milas H. Hale, III and, therefore, requires no response from Pulaski County. To the extent that a response is required, Pulaski County denies the allegations of paragraph 164. To the extent that any of the allegations of paragraph 164 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

165.     Paragraph 165 contains allegations against Separate Defendants City of Sherwood and the Honorable Milas H. Hale, III and, therefore, requires no response from Pulaski County. To the extent that a response is required, Pulaski County denies the allegations of paragraph 165. To the extent that any of the allegations of paragraph 165 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

166.     Paragraph 166 contains allegations against Separate Defendants City of Sherwood and the Honorable Milas H. Hale, III and, therefore, requires no response from Pulaski County. To the extent that a response is required, Pulaski County denies the allegations of paragraph 166. To the extent that any of the allegations of paragraph 166 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

167.     Pulaski County repeats the foregoing statements and allegations.

168.     The statements contained in paragraph 168 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 168.

169.     Paragraph 169 contains allegations against Separate Defendants City of Sherwood and the Honorable Milas H. Hale, III and, therefore, requires no response from Pulaski County. To the extent that a response is required, Pulaski County denies the allegations of paragraph 169. To the extent that any of the allegations of paragraph 169 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

170.     Paragraph 170 contains allegations against Separate Defendants City of Sherwood and the Honorable Milas H. Hale, III and, therefore, requires no response from Pulaski County. To the extent that a response is required, Pulaski County denies the allegations of paragraph 170. To the extent that any of the allegations of paragraph 170 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

171.     Paragraph 171 contains allegations against Separate Defendants City of Sherwood and the Honorable Milas H. Hale, III and, therefore, requires no response from Pulaski County. To the extent that a response is required, Pulaski County denies the allegations of paragraph 171. To the extent that any of the allegations of paragraph 171 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

172.     Pulaski County repeats the foregoing statements and allegations.

173.     Paragraph 173 provides the language of Article 16, Section 13 of the Arkansas Constitution and, therefore, requires no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 173.

174.     The statements contained in paragraph 174 of the Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 174. To the extent that any of the allegations of paragraph

174 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

## **AFFIRMATIVE DEFENSES**

1.    Pulaski County states affirmatively that Plaintiffs have failed to state facts or a claim upon which relief can be granted.

2.    Pulaski County states affirmatively that Plaintiffs' Complaint should be dismissed for failure to join a party under Fed. R. Civ. P. 19.

3.    Pulaski County states affirmatively that Plaintiffs' claims are barred by the doctrines of res judicata, waiver, estoppel, unclean hands and in pari delicto.

4.    Pulaski County states affirmatively that Plaintiffs have failed to exhaust their administrative remedies.

5.    Pulaski County states affirmatively that Plaintiffs' claims are barred pursuant to the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

6.    Pulaski County states affirmatively that Plaintiffs' claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

7.    Pulaski County states affirmatively that it is entitled to all applicable doctrines of immunity and privilege, state and federal, including but not limited to judicial, quasi-judicial, absolute, statutory, and qualified immunity.

8.    Pulaski County states affirmatively that there is no Pulaski County policy or custom that led to the alleged constitutional violations contained in the Complaint.

9.    Pulaski County states affirmatively that Plaintiffs' claims are barred pursuant to the voluntary payment rule.

10.     Pulaski County states affirmatively that Plaintiffs' claims are barred because, prior to asserting this action, Plaintiffs were required to appeal their convictions and sentences through the Arkansas court system.

11.     Pulaski County affirmatively asserts any and all applicable statutes of limitation.

12.     Pulaski County affirmatively asserts any applicable defenses under the Arkansas Civil Justice Reform Act.

13.     Pulaski County affirmatively asserts the doctrine of comparative fault.

14.     Pulaski County states affirmatively that the Pulaski County Prosecutor and deputy prosecutors are state actors, not county officials.

15.     Pulaski County states affirmatively that the Pulaski County Prosecutors Office policies and practices are those of the prosecuting attorney, an elected official, not of Pulaski County.

16.     Pulaski County states affirmatively that it does not direct the operations of the Pulaski County Prosecutors Office.

17.     Pulaski County states affirmatively that, pursuant to Amendment 80 of the Arkansas Constitution, Arkansas has a unified court system that includes the district courts.

18.     Pulaski County states affirmatively that, pursuant to Amendment 80 of the Arkansas Constitution, the district courts, like all other Arkansas courts, are under the supervising authority of the Arkansas Supreme Court, not their individual political subdivisions.

19.     Pulaski County states affirmatively that all taxes collected by Pulaski County have been spent legally and within the bounds of the United States Constitution and, therefore, Plaintiffs' illegal exaction claim is without merit and should be dismissed.

20.     Pulaski County states affirmatively that Plaintiffs cannot successfully establish a class action for the purposes of the illegal exaction claim and, therefore, the claim should be dismissed.

21.     Pulaski County states affirmatively that the Plaintiffs' Complaint fails to state sufficient facts upon which to maintain either class action alleged in the Complaint.

22.     Pulaski County states affirmatively that Plaintiffs cannot satisfy the requirements for a class action under state or federal law.

23.     Pulaski County states affirmatively that neither class is so numerous that joinder of all members is impracticable.

24.     Pulaski County states affirmatively that there are not questions of law or fact common to each class.

25.     Pulaski County states affirmatively that Plaintiffs are not "similarly situated" to the members of the putative classes.

26.     Pulaski County states affirmatively that collective relief is inappropriate because individual issues predominate over issues generally applicable to the collective or class actions.

27.     Pulaski County states affirmatively that Plaintiffs' claims involve individual questions of fact and law and are not appropriate for collective or class action treatment.

28.     Pulaski County states affirmatively that the claims or defenses of the representative parties are not typical of the claims or defenses of the suggested classes.

29.     Pulaski County states affirmatively that the representative parties will not fairly and adequately protect the interests of the suggested classes.

30.     Pulaski County states affirmatively that Plaintiffs' claims involve individual questions of fact and law and are not appropriate for collective or class action treatment.

31.     Pulaski County states affirmatively that Plaintiffs lack standing to bring claims on behalf of, and may not represent, putative class/collection action members, in whole or in part, with respect to the asserted claims.

32.     As a separate, alternative affirmative defense to the Complaint, Pulaski County alleges Plaintiffs' claims may be barred by any or all of the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which Plaintiffs' claims may be barred by one or more affirmative defenses, not specifically set forth, cannot be determined until Pulaski County has an opportunity to complete discovery.

33.     The affirmative defenses set forth herein apply to some or all putative class members if they are permitted to join this action.

34.     Pulaski County states affirmatively that, unless an allegation contained in the Complaint has been specifically admitted by Pulaski County, the allegation shall be deemed denied.

35.     Pulaski County states affirmatively that punitive damages are not available.

36.     Pulaski County states affirmatively that pursuant to 42 U.S.C. § 1988, Pulaski County will be entitled to recover its attorneys' fees if it is the prevailing party.

37.     Pulaski County states affirmatively that even if Plaintiffs are the prevailing party, they are not entitled to recover attorneys' fees that are unreasonable, excessive, unwarranted or unrelated to this litigation.

38.     Pulaski County reserves the right to further amend this Answer to raise and present additional defenses, counterclaims and cross-claims.

**Fuqua Campbell, P.A.**
Attorneys at Law
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72202
501-374-0200
Attorneys for Pulaski County


By: David M. Fuqua
Ark. Bar No. 80048
E-mail: dfuqua@fc-lawyers.com

## CERTIFICATE OF SERVICE

I, David M. Fuqua, hereby certify that I filed the foregoing on the Court's CM/ECF system and served counsel of record:

Michael Mosley, Esq. (mmosley@arml.org)

Bettina E. Brownstein, Esq. (bettinabrownstein@gmail.com)

J. Alexander Lawrence, Esq. (alawrence@mofo.com)

Reggie Koch, Esq. (reggie@reggiekoch.com)

Hallie N. Ryan, Esq. (hryan@lawyerscommittee.org)

on this 13th day of September, 2016.

David M. Fuqua