IN THE UNITED STATES DISTRICT COURT
EASTERN DISTICT OF ARKANSAS
WESTERN DIVISION

**CHARLES DADE, et al.**                                               **PLAINTIFFS**

vs.                          No. 4:16-cv-602-JM

**CITY OF SHERWOOD, et al.**                                    **DEFENDANTS**

### BRIEF IN SUPPORT OF LARRY JEGLEY'S MOTION TO DISMISS

The Plaintiffs have been convicted of so-called hot check offenses, and have been sentenced. Although they have not appealed their convictions or sentences, the Plaintiffs ask this Court to declare that they were unlawfully imprisoned when they did not meet the conditions of their sentences. The Plaintiffs also ask for an injunction on behalf of themselves and all others who come before the Sherwood District Court on hot check charges.[1] The Plaintiffs' claims against Larry Jegley, in his official capacity as Prosecuting Attorney for the Sixth Judicial District, should be dismissed for three reasons: (1) as a state official Jegley may be sued only in limited circumstances not described in the Amended Complaint, (2) even if he were not immune the Amended Complaint does not state facts that support a cause of action claim against Jegley, (3) the Plaintiffs have not demonstrated standing to sue Jegley, and (4) this Court must abstain from hearing a request to intervene in criminal cases pending in Arkansas courts.

---

[1] The Amended Complaint includes an illegal exaction count that is not directed to Larry Jegley and thus will not be discussed in this brief.

**I. BACKGROUND**

Larry Jegley is the elected prosecuting attorney for Arkansas' Sixth Judicial District, serving Pulaski and Perry Counties. As prosecuting attorney Jegley is responsible for commencing and prosecuting "all criminal actions in which the state or any county in his district may be concerned." ARK. CODE ANN. § 16-21-103. As prosecuting attorney Jegley acts as an officer of the State of Arkansas. *Martindale v. Honey*, 259 Ark. 416, 418, 533 S.W.2d 198, 198–99 (1976). All prosecutions are maintained in the name of the State. Ark. Code Crim. P. Rule 1.5.

The Sherwood District Court is a court of limited jurisdiction, and its judgments are subject to appeal for a trial de novo in the Pulaski County Circuit Court. Ark. Const. Amend. 80, § 7(A). The Sherwood District Court is a department of Pulaski County's district court and has countywide jurisdiction. ARK. CODE ANN. § 16-17-921(5).[2]

Using a check to pay for goods or services when the account is closed or holds insufficient funds is a crime. ARK. CODE ANN. § 5-37-302. The offense may be anything from an unclassified misdemeanor to a felony, depending on the dollar amount of the check. ARK. CODE ANN. § 5-37-304. And although prosecutors are required to handle the cases, a Hot Check Law prosecution may be initiated and maintained by the drawee or a third party holder in due course. ARK. CODE ANN. § 5-37-306.

---

[2] Pulaski County's district courts will be reorganized as state district courts effective January 1, 2021. ARK. CODE ANN. § 16-17-1113(m)(2)(F).

The Plaintiffs are individuals who, according to the Complaint, have been convicted of writing hot checks and have been sentenced. ECF 13, Am. Compl. ¶¶ 85-127.[3] Each is alleged to be under the continuing supervision of the Sherwood District Court. The legal basis for this supervision is not clear from the Complaint. It appears that the Plaintiffs have either been placed on probation, and or have been sentenced outright. In either case, they have not paid all of the restitution, fines, fees and costs assessed by the District Court. The Plaintiffs do not allege that they have appealed their convictions or sentences.

The Complaint is lengthy, but boils down to this: the Plaintiffs believe that they did not receive constitutionally adequate consideration of their abilities to pay the fines, fees, costs and restitution to which they were sentenced, and that they should have been provided counsel to assist them through the process.

The Complaint makes four types of allegations about Jegley: (1) that the Pulaski County Prosecutor's office has participated in more than one "scheme," "policy, practice or custom" associated with the prosecution of hot check cases; (2) that "the Defendants" have engaged in other misconduct, without describing the acts attributed to Jegley; (3) that prosecutors assigned to Sherwood District Court do not take affirmative steps to prosecute cases or to correct the alleged misconduct of the Sherwood District Court; and (4) that all hot check prosecutions are "channeled" to the Sherwood District Court.

---

[3] The Amended Complaint will be referred to in this brief as the Complaint.

## II. STANDARD OF REVIEW

To avoid dismissal a complaint must allege facts sufficient to state a claim as a matter of law. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). Factual allegations are to be accepted as true, but conclusions couched as factual allegations cannot be relied upon as a substitute for facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facts alleged must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 568 (2007). A claim has facial plausibility when the complaint pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. It is not enough to plead facts that are "merely consistent with a defendant's liability." *Id.*

## III. THE COMPLAINT DOES NOT ALLEGE FACTS THAT, TAKEN AS TRUE, ESTABLISH A CLAIM AGAINST JEGLEY

### A. Jegley is immune from suit.

As already noted, Jegley is a state official, and is sued in his official capacity. But, under the Eleventh Amendment to the United States Constitution, state officials may not be sued in federal court where the state is the real party in interest. *Dover Elevator Co. v. Arkansas State University*, 64 F.3d 442 (8th Cir. 1995). The State of Arkansas is the real party in interest because the relief requested against Jegley – who acts on behalf of the state – would restrain the state from acting or compel it to act. *Virginia Office for Protection and Advocacy v. Stewart*, 563 U.S. 247, 255 (2011); *Dugan v. Rank*, 372 U.S. 609, 620 (1963). It

makes no difference that the Plaintiffs request no damages. The Eleventh Amendment's jurisdictional bar applies regardless of the nature of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).

The only exception to the Eleventh Amendment that might apply here is the rule of *Ex parte Young*. The rule, as stated by the *Young* court, is that:

> [I]ndividuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action.

*Ex parte Young*, 209 U.S. 123, 155-56 (1908). The exception is a narrow one. "While the rule permitting suits alleging conduct contrary to 'the supreme authority of the United States' has survived, the theory of *Young* has not been provided an expansive interpretation." *Pennhurst*, 465 U.S. at 102. The *Young* rule is based on the "view that sovereign immunity does not apply because an official who acts unconstitutionally is 'stripped of his official or representative capacity.'" *Pennhurst,* 465 U.S. at 104.

**(1) The facts alleged do not demonstrate an act by Jegley that caused the sentences, sentence enforcement or imprisonment which the Plaintiffs claim violated their constitutional rights.**

For the purpose of Jegley's motion to dismiss it is assumed that the Plaintiffs allege facts that, if true, would establish a violation *by someone* of their Fourteenth Amendment rights. But the inquiry does not end there. The state officer sued "must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to

make the state a party." *Young*, 209 U.S. at 157. In other words, there must be a "nexus between the violation of federal law and the [state official] accused of violating the law." *Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1342 (Fed. Cir. 2006). *See also*, *Digital Recognition Network, Inc. v. Hutchinson*, 803 F.3d 952, 960 (8th Cir. 2015) (noting that "some connection" between the official and the constitutional violation requires causation).

The Plaintiffs contend that they are victims of unconstitutional court-imposed sentences, court processes, and sentencing enforcement. But prosecutors do not impose sentences, do not control court processes, and are not charged with enforcing sentences. Does the Complaint allege facts that, taken as true, plausibly demonstrate that Jegley's office has engaged in conduct that harmed the Plaintiffs through violations of their Fourteenth Amendment rights?

Most of the allegations about Jegley are general in nature. The allegations fall into three categories. First, the Plaintiffs contend that Jegley and others adopted policies, practices and customs that violate the Constitution. Am. Compl. ¶¶ 5, 6, 10-12, 28, 52. Second, the Complaint alleges that "the Defendants" engaged in various acts. *See, e.g.,* Am. Compl. ¶¶ 53, 60, 137, 139, 157. And finally, the Complaint alleges a handful of specifics about Jegley or prosecutors in his office. Am. Compl. ¶¶ 44, 56, 81, 82, 149.

The "policy, practice and custom" allegations are not facts that may be considered in judging the sufficiency of the Complaint. These allegations are like those rejected in *Iqbal*, where the plaintiff alleged that the defendants "knew of,

6

condoned ... and agreed to subject" the plaintiff to "harsh conditions" as a "matter of policy," and that they were the "principal architects" of, or "instrumental in" adopting or executing the policy. Such allegations are conclusions, not facts. *Iqbal*, 556 U.S. at 680-681.

Similarly, the Plaintiffs' allegations about "the defendants" do not state facts supporting a claim against Jegley. A complaint lumping together allegations against "the defendants," without identifying individual acts that caused deprivation of a protected right, does not state a claim. *Marcillis v. Township of Redford*, 693 F.3d 589, 598-597 (6th Cir. 2012); *Butler v. Bank of America*, 690 F.3d 959, 961-962 (8th Cir. 2012).

Disregarding the allegations not entitled to the assumption of truth leaves the following allegations pertaining to Jegley: (1) assistant Pulaski County prosecutors "are present for all proceedings but rarely, if ever, participate or speak in open court"; (2) Pulaski County prosecutors "sit silently at the prosecution table and fail to meet their burden of proof in the face of evidence that the person cannot pay"; (3) prosecutors who are present each week "rarely make a formal appearance, present any evidence, or speak in open court"; (4) "it appears" that the Sherwood District Court and its personnel "rather than the Pulaski County Prosecutor" "exercise prosecutorial discretion" in deciding to initiate sentence enforcement; (5) prosecutors do not present the evidence in open court, and when a defendant brings up ability to pay the prosecutors "do not acknowledge that ability to pay is a critical issue ... and simply ignore the State's obligation to meet this burden"; and (6)

7

Jegley "actively channels" hot check cases through the local Sherwood Municipal Court." Am. Compl. ¶¶ 44, 56, 81, 82, 149.

The plausibility of the Plaintiffs' claims against Jegley should be judged against other likely explanations. *See Iqbal*, 556 U.S. at 681-682. The Court need not abandon common sense and reason: it may consider whether the allegations make sense, whether they contradict other allegations, or whether they are speculative. *Atkins v. City of Chicago,* 631 F.3d 823, 829-832 (7th Cir. 2011).

How do the facts alleged plausibly establish a nexus between Jegley and the constitutional violations alleged? A prosecutor's powers and authority do not include conviction, sentencing or sentence enforcement – the matters the Complaint asks this Court to address. The Sherwood District Court orders restitution, imposes fines, and grants permission to pay in installments. ARK. CODE ANN. §§ 5-37-305; 5-4-201, 5-4-202, 5-4-205. The Court determines whether to impose probation, a probation fee or fine, monitors and supervises probation, and considers the defendant's ability to pay when determining the method of payment of restitution or when considering probation revocation. ARK. CODE ANN. §§ 5-4-205(e),(f); 5-4-322. The Court, not the prosecutor, summons defendants to consider revoking probation. ARK. CODE ANN. § 16-93-308. The Court Clerk is responsible for providing information to the Court about unpaid installment payments, and the judge "shall take the necessary action deemed appropriate in the circumstances." ARK. CODE ANN. § 16-10-209(5)(E). The prosecutor does not determine how payments are applied. By law installment payments are applied first to court costs, then to

restitution, and finally to fines. ARK. CODE ANN. § 16-10-209(5)(F). The Court, not the prosecutor, may hold a disobedient person in contempt. ARK. CODE ANN. §§ 16-10-108, 16-93-309. The prosecutor does not have the power to imprison the Plaintiffs.

Common knowledge informs the Court that prosecutors, nor defense counsel, have the ability to control courtroom proceedings. Trial courts have considerable discretion in the way they run their courtrooms. *See Crutchfield v. State*, 25 Ark. App. 227, 233, 763 S.W.2d 94, 98, (1988). Choosing to prosecute cases in Sherwood District Court is not the cause of the alleged constitutional violations – Jegley is entitled to assume that the Sherwood District Court follows the law. The outcome of each case is ultimately determined by the Court, not by Jegley. And if errors occur, there is a right to de novo review.

In short, all of the constitutional violations alleged arise from decisions made and enforced by the Sherwood District Court, its staff and judge, and employees of the City of Sherwood, not Jegley. Am. Compl. ¶¶ 42, 43, 45-50, 54, 57-59. Because the facts alleged do not show a causal relationship between Jegley and the alleged constitutional violations, the rule of *Ex parte Young* does not apply, and the Eleventh Amendment bars the Plaintiffs' claims against Jegley.

**B. Even if Jegley were not immune the Complaint does not state a cause of action against him.**

Even if Jegley were subject to suit, the Complaint must be dismissed because it does not plead facts that support a cause of action against Jegley.

The Complaint generally states that Jegley's office is involved in prosecuting hot check cases. That much is undisputed. But section 1983, upon which the Plaintiffs rely for a remedy, only imposes liability for conduct that "subjects, or causes to be subjected [the plaintiff] to a deprivation of a right secured by the Constitution and laws." 42 U.S.C. § 1983; *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976). "[I] is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez v. California*, 444 U.S. 277, 285 (1980).

As demonstrated in the preceding section of this brief, the facts alleged do not show that Jegley's participation in the prosecution process has caused the constitutional violations alleged. But even if the Complaint identified an act by Jegley that may have impacted the Plaintiffs, Jegley cannot be liable for Judge Hale's sentencing or enforcement decisions because subsequent acts by independent decision makers break the chain of causation. *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012); *Murray v. Earle*, 405 F.3d 278, 290-291 (5th Cir. 2005); *Townes v. City of New York*, 176 F.3d 138, 146 (2d Cir. 1999).

The few facts identified to Jegley are essentially critiques of the prosecutors assigned to Sherwood Municipal Court, not constitutional violations. The Plaintiffs complain that assistant prosecutors do not actively participate in trials. Am. Compl. ¶ 44. On the other hand, the Plaintiffs allege that Judge Hale conducts the questioning of defendants. Am. Compl. ¶ 45. Judge Hale's questioning may well obviate the need for prosecution questions – the proof required to make a prima

facie case is simple.[4] The Complaint does not allege facts that show how alleged prosecution inactivity caused the Court imposed convictions, sentences and enforcement complained of.

Next the Plaintiffs say that assistant prosecutors fail to put on proof of a defendant's ability to pay a fine, fee or costs. This does not support any plausible inference of wrongdoing because the defendant, not the prosecution, bears the burden of proving inability to pay. *Vail v. State*, 2014 Ark. 407, 438 S.W.3d 286. If the defendant meets this burden, the burden shifts to the prosecution to prove that the defendant did not make a good faith effort to pay. *Id.* It defies logic to say that a prosecutor who has not carried the state's burden of proof – and thus enhanced the defendant's chance for success – has wronged a defendant.

Finally, the Plaintiffs do not explain how the allegation that Jegley channels hot check prosecutions to Sherwood caused the Sherwood District Court to unlawfully convict or punish them. As noted earlier in this brief, citizens may themselves initiate and maintain hot check prosecutions. ARK. CODE ANN. § 5-37-306. The Complaint does not allege that any of the charges against the Plaintiffs were initiated by Jegley.

The conclusions that the Plaintiffs reach – that Jegley is responsible in some measure for the way the Sherwood District Court conducts business, issues orders or enforces those orders – are simply not plausible. Apart from advocacy Jegley has

---

[4] The check "shall be received" as evidence that there were insufficient funds in the account or that there is no account. This, effectively, establishes a prima facie case if the defendant used the check to make a purchase. ARK. CODE ANN. § 5-37-304.

no power to affect guilt or innocence, sentencing, probation supervision, or assessment and collection of fines, fees, costs or restitution. In our adversary system of justice the prosecution is not obligated to present the defense, too. The facts alleged about Jegley and attorneys from his office do not demonstrate that their actions have caused the allegedly unconstitutional convictions, sentences and enforcements that the Plaintiffs have placed in issue. For this reason, the Complaint does not state a claim against Jegley.

### IV. THE COMPLAINT DOES NOT ESTABLISH STANDING AS TO JEGLEY

To maintain their claims against Jegley the Plaintiffs must show that there is a "case or controversy" between them and Jegley. This means they are each required to show that they have "suffered an injury in fact that is fairly traceable to the challenged conduct of the defendant and will likely be redressed by a favorable decision." *Digital Recognition Network,* 803 F.3d at 956.

Assuming for the sake of argument that the Complaint identifies some wrongdoing, it does not establish standing for these Plaintiffs because they never describe acts or omissions of Jegley that harmed them personally. In the 40 plus paragraphs describing themselves and the events specific to them, the Plaintiffs do not identify a single act by Jegley or his office directed to them – much less one that is casually related to the harm they allege. Am. Compl. ¶¶ 18-21, 85-127.

Because the Complaint does not allege facts demonstrating that an act of Jegley has harmed them, the Plaintiffs lack standing as to Jegley.

**V. THE COURT SHOULD ABSTAIN FROM HEARING PLAINTIFFS' CHALLENGES TO THEIR SENTENCES**

The Complaint asks this Court to declare that the Plaintiffs were sentenced and imprisoned in violation of their constitutional rights. Am. Comp., Request for Relief ¶¶ A-J. And although they do not request an injunction against further criminal proceedings (presumably because section 1983 prohibits an injunction against Judge Hale), the Plaintiffs appear to seek the same result by asking for an injunction against the City of Sherwood (in whose court the cases proceed), and against Jegley and the County. Am. Compl., Request for Relief ¶¶ L-M. The Complaint makes clear that each Plaintiff is a defendant in a criminal proceeding now pending before the Sherwood District Court and that, if granted, the relief would affect their criminal cases.

In *Younger v. Harris* the Supreme Court held that "[f]ederal courts many not stay or enjoin pending state court proceedings except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41 (1971). This rule applies to requests for both injunctive and declaratory relief. *Bonner v. Circuit Court of City of St. Louis, Mo.*, 526 F.2d 1331 (8th Cir. 1975).

The *Younger* doctrine is directly applicable to the Plaintiffs' claims. Its application is of particular significance where, as in this case, the relief sought is "aimed at controlling or preventing the occurrence of specific events that might take place in the course of future state criminal trials." *O'Shea*, 414 U.S. at 500. Enforcement of injunctions and declaratory relief against the prosecutor and court would be "nothing less than an ongoing federal audit of state criminal proceedings

13

which would indirectly accomplish the kind of interference that Younger v. Harris, supra. and related cases sought to prevent." *Id*. Enforcement could involve this Court in "continuous supervision … over the conduct of the [defendants] in the course of future criminal trial proceedings involving any of the members of the [plaintiffs'] broadly defined class." *Id*. at 501. *Younger*, and the Court's observations in *O'shea*, make clear that a district court should not become involved in second guessing the processes or decisions of state-court criminal proceedings unless exceptional circumstances are present.

The Complaint presents no exceptional circumstances justifying a departure from *Young*. The Plaintiffs are afforded remedies under state law. They were entitled to appeal their convictions to the Pulaski County Circuit Court, where they would have received a trial de novo. Ark. Const. Amend. 80, § 7(A). The Plaintiffs had the right to appeal any error in an order suspending sentence or imposing probation. Ark. Code Ann. § 5-4-305. If they believe the court has no legal authority to act they may seek a writ of certiorari. *Smith v. Simes*, 2013 Ark. 477, 5, 430 S.W.3d 690, 695. And, of course, they could have asserted their constitutional claims in the Sherwood District Court and on appeal. Instead of asserting their rights in the Sherwood District Court, the Pulaski County Circuit Court or the Arkansas Court of Appeals, the Plaintiffs ask this Court to, in effect, supervise a local district court. Under these circumstances, *Younger v. Harris* requires abstention.

**VI. CONCLUSION**

The Amended Complaint claims that the Plaintiffs were harmed by unlawful practices of the Sherwood District Court – specifically sentencing without considering their financial circumstances, and court enforcement of sentences without considering the Plaintiffs' ability to pay.  None of the facts alleged about Jegley plausibly support the conclusion that Jegley caused these alleged constitutional violations.  Lacking facts showing causation, the Amended Complaint must be dismissed because Jegley is entitled to Eleventh Amendment immunity.  For the same reason, the Complaint does not state a cause of action against Jegley, and does not establish the existence of a justiciable case or controversy between the Plaintiffs and Jegley.

Finally, the Complaint should be dismissed because federal courts should not become entangled in overseeing state criminal proceedings where state law provides the Plaintiffs with remedies for their complaints.

        Respectfully submitted,

        LESLIE RUTLEDGE,
        ATTORNEY GENERAL

By:   /s/ *Patrick Hollingsworth*
      PATRICK HOLLINGSWORTH, Assistant
       Attorney General
      Arkansas Bar No. 84075
      (501) 682-1051
      323 Center Street, Suite 200
      Little Rock, AR  72201-2610
      Facsimile: (501) 682-2591
      patrick.hollingsworth@arkansasag.gov
      Attorneys for the Larry Jegley, in his official
      capacity as Prosecuting Attorney for the Sixth
       Judicial District

Case 4:16-cv-00602-JM   Document 26   Filed 10/19/16   Page 16 of 16

## CERTIFICATE OF SERVICE

I, Patrick Hollingsworth, hereby certify that on October 19, 2016, the foregoing was served via CM/ECF to the following:

Michael Mosley  
P.O. Box 38  
North Little Rock, AR 72115  

Bettina E. Brownstein  
904 West 2nd Street  
Little Rock, AR 72201  

J. Alexander Lawrence  
Morrison & Foerster LLP  
250 West 55th Street  
New York, NY 10019  

Reggie Koch  
2024 Arkansas Valley Drive  
Little Rock, AR 72212  

Hallie N. Ryan  
Lawyers Committee for Civil  
  Rights under the Law  
1401 New York Avenue NW, Suite 400  
Washington, D.C. 20005  

David M. Fuqua  
Fuqua Campbell P.A.  
3700 Cantrell Road  
Little Rock, AR 72202  

By:   /s/ *Patrick Hollingsworth*  
PATRICK HOLLINGSWORTH