IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES DADE, NAKITA
LEWIS, NIKKI PETREE,
LEE ANDREW
ROBERTSON,
and PHILIP AXELROTH,
individually and on behalf
of all others similarly
situated                                                             PLAINTIFFS

VS.                              CASE NO. 4:16CV602 JM

CITY OF SHERWOOD,
ARKANSAS;
PULASKI COUNTY,
ARKANSAS; LARRY
JEGLEY, in his official
capacity; and
HONORABLE MILAS H.
HALE, III; in his
official and individual
capacities                                                           DEFENDANTS

**ANSWER BY SEPARATE DEFENDANT, PULASKI COUNTY, ARKANSAS TO FIRST
AMENDED COMPLAINT − CLASS ACTION**

COMES separate Defendant, Pulaski County, Arkansas ("Pulaski County"), by its

attorneys, Fuqua Campbell, P.A., and for its Answer to the First Amended First

Amended Complaint − Class Action, states:

1.      The statements contained in paragraph 1 of the First Amended Complaint

are legal conclusions and therefore require no response. To the extent that a response

is required, Pulaski County denies the allegations of paragraph 1. Pulaski County

denies Plaintiffs' allegations relate back to the date the Complaint was filed.

2.      Pulaski County denies the allegations of paragraph 2 of the First

Amended Complaint.

3.     Pulaski County denies the allegations of paragraph 3 of the First Amended Complaint.

4.     Pulaski County denies the allegations of paragraph 4 of the First Amended Complaint.

5.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegation that Sherwood relies on the court costs, fines, and fees collected from individuals processed and prosecuted by Sherwood District Court to fund a substantial portion of Sherwood's and the Sherwood District Court's annual budget and, therefore, denies this allegation. Pulaski County denies the remaining allegations of paragraph 5 of the First Amended Complaint.

6.     Pulaski County denies the allegations of paragraph 6 of the First Amended Complaint. However, to the extent that paragraph 6 describes the claims made by Plaintiffs, no response is required.

7.     Pulaski County denies the allegations of paragraph 7 of the First Amended Complaint.

8.     Paragraph 8 describes the claims made by the Plaintiffs and, therefore, requires no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 8.

9.     Paragraph 9 describes the claims made by the Plaintiffs, and therefore requires no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 9.

10.     Pulaski County denies the allegations of paragraph 10 of the First Amended Complaint.

11. Pulaski County denies the allegations of paragraph 11 of the First Amended Complaint.

12. Pulaski County denies the allegations of paragraph 12 of the First Amended Complaint.

13. Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, denies them. To the extent that any of the allegations of paragraph 13 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

14. Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, therefore, denies them. To the extent that any of the allegations of paragraph 14 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

15. The statements contained in paragraph 15 of the First Amended Complaint are legal conclusions and therefore require no response. To the extent a response is required, Pulaski County denies the allegations of paragraph 15. To the extent any of the allegations of paragraph 15 assert wrongdoing on the part of Pulaski County, Pulaski County specifically denies those allegations.

16. Paragraph 16 describes the claims made by Plaintiffs and, therefore, requires no response. However, Pulaski County specifically denies this Court has jurisdiction over Plaintiffs' illegal exaction claim. Pulaski County admits this Court has jurisdiction over the remainder of Plaintiffs' claims.

3

17.     Pulaski County admits that venue is proper in this Court.

18.     Charles Dade is not currently incarcerated at the Pulaski County Regional Detention Facility (PCRDF). As to the remaining allegations contained in paragraph 18, Pulaski County lacks knowledge and information sufficient to form a belief as to their truth and, therefore, denies them.

19.     Pulaski County admits that Nakita Rochelle Lewis was recently incarcerated at PCRDF. As to the remaining allegations contained in paragraph 19, Pulaski County lacks knowledge and information sufficient to form a belief as to their truth and, therefore, denies them.

20.     Nikki Rachelle Petree is not currently incarcerated at PCRDF. As to the remaining allegations contained in paragraph 20, Pulaski County lacks knowledge and information sufficient to form a belief as to their truth and, therefore, denies them.

21.     Pulaski County admits that Lee Andrew Robertson was recently jailed at PCRDF. As to the remaining allegations contained in paragraph 21, Pulaski County lacks knowledge and information sufficient to form a belief as to their truth and, therefore, denies them.

22.     Paragraph 22 describes the class Plaintiffs, and therefore requires no response. To the extent a response is required, Pulaski County denies the allegations of paragraph 22.

23.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and, therefore, denies them. Further, paragraph 23 describes the claims made by the Plaintiffs and,

therefore, requires no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 23.

24.     Pulaski County admits that the City of Sherwood is organized and exists under the laws of the State of Arkansas and contributes funds for the operation of the PCRDF. As to the remaining allegations contained in paragraph 24, Pulaski County lacks knowledge and information sufficient to form a belief as to their truth and, therefore, denies them.

25.     Pulaski County admits that it provides funds for operation of the PCRDF and the Pulaski County Sheriff's Office (PCSO). The Pulaski County Sheriff has and exercises the authority to operate the PCRDF. Pulaski County denies it operates and oversees the Pulaski County Prosecutors Office. Pulaski County does fund support staff of the Prosecutor's Office and provides facilities pursuant to Ark. Code Ann. §§ 16-21-1102 & 1106 (deputy prosecutors are no longer paid by the counties pursuant to Ark. Code Ann. § 16-21-157). Pulaski County denies the Prosecutor is a county elected official but states he is a state elected official. The Pulaski County Prosecutor and deputy prosecutors are state actors, not county officials. Pulaski County admits that the Pulaski County Sheriff in his official capacity has custody, rule, and charge of PCRDF and all prisoners committed to that facility, including those imprisoned for failure to pay court costs, fines, and fees arising out of hot check convictions and other related criminal proceedings in the Sherwood District Court. Pulaski County affirmatively states, however, that the Pulaski County Sheriff's custody, rule, and charge is limited by orders from the courts of Pulaski County. The policies and practices of the Pulaski County Prosecutor and deputy prosecutors are those of the prosecuting attorney, an

elected official, and not of Pulaski County. Pulaski County has no supervising authority over the prosecuting attorney.

26.     With respect to any allegations made against the Pulaski County Prosecutors Office, Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the First Amended Complaint, and, therefore, denies them. Paragraph 26 further describes the claims made by the Plaintiffs against the Prosecuting Attorney and, therefore, requires no response. To the extent that a response is required for these claims, Pulaski County denies them.

27.     Pulaski County admits Judge Hale has served as judge of the Sherwood District Court for many years but denies the remaining allegations of paragraph 27 of the First Amended Complaint.

28.     Pulaski County denies the allegations of paragraph 28 of the First Amended Complaint.

29.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and, therefore, denies them.

30.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and, therefore, denies them.

31.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and, therefore, denies them.

32.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and, therefore, denies them.

33.    Pulaski denies the allegations of paragraph 33 of the First Amended Complaint.

34.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and, therefore, denies them.

35.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and, therefore, denies them.

36.    Pulaski County denies the allegations of paragraph 36 of the First Amended Complaint.

37.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and, therefore, denies them.

38.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and, therefore, denies them.

39.    Pulaski County denies the allegations contained in paragraph 39 of the First Amended Complaint.

40.    Pulaski County admits that some individuals held at PCRDF are presented by video conference for hearings in the Sherwood District Court. As to the remaining

allegations of paragraph 40, Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

41.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and, therefore, denies them.

42.     Pulaski County admits a judge may sentence someone who pleads guilty.

43.     Pulaski County denies the allegations contained in paragraph 43 of the First Amended Complaint.

44.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and, therefore, denies them.

45.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and, therefore, denies them.

46.     Pulaski County denies the allegations contained in paragraph 46 of the First Amended Complaint.

47.     Pulaski County admits Judge Hale can and does impose fines and court fees at the time of sentencing, including a County Jail fee in the amount of $20.00, which is authorized by County ordinance enacted pursuant to state law and is applicable to all district courts in the County.

48.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and, therefore, denies them.

49.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 and, therefore, denies them.

50.     Pulaski County denies the allegations contained in paragraph 50 of the First Amended Complaint.

51.     The statements and allegations of paragraph 51 of the First Amended Complaint are legal conclusions and require no response. Pulaski County denies the allegations to the extent they attempt to assert facts or claims against the County.

52.     Pulaski County denies the allegations contained in paragraph 52 of the First Amended Complaint.

53.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 and, therefore, denies them.

54.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 and, therefore, denies them.

55.     Pulaski County denies the allegations contained in paragraph 55 of the First Amended Complaint.

56.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and, therefore, denies them.

57.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and, therefore, denies them.

58.     Pulaski County admits some individuals incarcerated by order of the Sherwood District Court are held at PCRDF and that some such individuals resolve their payment obligations by serving jail time. Pulaski County denies the remaining allegations of paragraph 58 of the First Amended Complaint.

59.     Pulaski County admits that some individuals incarcerated by order of the Sherwood District Court are held at PCRDF and that some incarcerations are accompanied by a "Speed Letter". Pulaski County further admits that the form used to prepare the Speed Letter has various blanks that can be filled in, including the defendant's name, the relevant case number, the charges, and the duration of commitment ordered by the Court. Pulaski County denies the remaining allegations of paragraph 59 of the First Amended Complaint.

60.     Pulaski County denies the allegations contained in paragraph 60 of the First Amended Complaint.

61.     Pulaski County denies the allegations contained in paragraph 61 of the First Amended Complaint.

62.     Pulaski County denies the allegations contained in paragraph 62 of the First Amended Complaint.

63.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 and, therefore, denies them.

64.     Pulaski County admits Defendant Hale is the elected judge who presides over the Sherwood District Court and that his father was the judge of Sherwood District Court before Defendant Hale. Otherwise, Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 and, therefore, denies them.

65.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 and, therefore, denies them.

66.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 and, therefore, denies them.

67.     Pulaski County admits that per Ark. Code Ann. § 16-17-921, Sherwood District Court is a department of Pulaski County District Court. Pulaski County states, however, that it has no superintending control over the Sherwood District Court, and any supervision of the Sherwood District Court is performed by the state of Arkansas through laws passed by the Arkansas legislature. Amendment 80 of the Arkansas Constitution created a unified court system that includes district courts. Pursuant to Amendment 80, district courts, like all other Arkansas courts, are under the supervising authority of the Arkansas Supreme Court, not their individual political subdivisions. Pulaski County states that funding of the Sherwood District Court remains at the discretion of the City of Sherwood pursuant to Ark. Code Ann. §§ 16-17-108(a)(88) and 16-17-115(c)&(d). Pulaski County lacks knowledge and information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 67 and, therefore, denies them.

68.     Pulaski County admits Plaintiffs quoted accurately from the website of the City of Sherwood but denies the remaining allegations of paragraph 68 of the First Amended Complaint.

69.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 and, therefore, denies them.

70.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 and, therefore, denies them.

71.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 and, therefore, denies them.

72.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 and, therefore, denies them.

73.     Pulaski County admits there is an inter-local agreement between Sherwood and other municipalities located in Pulaski County and Pulaski County. Pulaski County further admits the inter-local agreement addresses funding of PCRDF. As to the remaining allegations of paragraph 73, Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

74.     Pulaski County admits the City of Sherwood has a short-term holding facility under the City's control and that arrestees might be held there before transport to the PCRDF. Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 74 and, therefore, denies them.

75.     Pulaski County denies the allegations contained in paragraph 75 of the First Amended Complaint.

76.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 and, therefore, denies them.

77.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 and, therefore, denies them.

78.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 and, therefore, denies them.

79.     Pulaski County admits an ordinance of the City of Sherwood speaks for itself but lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 and, therefore, denies them.

80.     Pulaski County affirmatively states that the Pulaski County Prosecutor and the Pulaski County deputy prosecutors are state actors, not county officials. Pulaski County otherwise denies the allegations of paragraph 80 of the First Amended Complaint.

81.     Pulaski County affirmatively states that the Pulaski County Prosecutor and the Pulaski County deputy prosecutors are state actors, not county officials. Pulaski County otherwise denies the allegations of paragraph 81 of the First Amended Complaint.

82.     Pulaski County denies the allegations of paragraph 82 of the First Amended Complaint.

83.     Pulaski County admits that pursuant to County ordinance, a $20.00 county jail fee is assessed against each defendant who pleads guilty or *nolo contendre* to, is found guilty of, or forfeits bond for any misdemeanor or traffic violation in the district courts or city courts of Pulaski County. Pulaski County admits that district courts in Pulaski County are directed to levy and collect the $20.00 county jail fee, and to deposit money collected with the Pulaski County Treasurer. Pulaski County admits that pursuant to Ark. Code Ann. § 5-37-304(b)(2), a prosecutor's fee is assessed. Pulaski County otherwise denies the allegations of paragraph 83 of the First Amended Complaint.

84.     Pulaski County admits that the cost of operating and maintaining PCRDF is paid by Pulaski County and communities located within Pulaski County pursuant to an inter-local agreement. As to the remaining allegations contained in paragraph 84, Pulaski County lacks knowledge and information sufficient to form a belief as to their truth and, therefore, denies them.

85.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 and, therefore, denies them.

86.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 and, therefore, denies them.

87.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 and, therefore, denies them.

88.     Pulaski County admits Plaintiff Dade was detained in the PCRDF in 2011 on charges arising in the City of Sherwood District Court as well as other courts and that the Sherwood court required a $2,500.00 bond. Pulaski County denies the remaining allegations of paragraph 88 of the First Amended Complaint.

89.     Pulaski County denies it failed to present Plaintiff Dade for trial but lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 and, therefore, denies them.

90.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 and, therefore, denies them.

91.     Pulaski County admits Plaintiff Dade has had numerous incarcerations in the PCRDF, not all of which stemmed from City of Sherwood District Court, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 91 and, therefore, denies them.

92.     Pulaski County admits Plaintiff Dade has been jailed several times because of charges pending in Sherwood District Court but lacks knowledge and

information sufficient to form a belief as to the truth of the other allegations contained in paragraph 92 and, therefore, denies them.

93.    Pulaski County admits Plaintiff Dade was sentenced by the Sherwood District Court on October 4, 2013, to serve 120 days, with a bond of $3,000.00 and states at the time he was in the PCRDF on charges out of another court. Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the other allegations contained in paragraph 93 and, therefore, denies them.

94.    Pulaski County admits Plaintiff Dade was sentenced by the Sherwood District Court on July 21, 2016, to serve 90 days in the PCRDF, but Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the other allegations contained in paragraph 94 and, therefore, denies them.

95.    Pulaski County denies that Plaintiff Dade is currently held at PCRDF but states his release date was August 25, 2016. As to the remaining allegations of paragraph 95, Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

96.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 and, therefore, denies them.

97.    Pulaski County denies there is a hot check scheme but lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 and, therefore, denies them.

98.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 and, therefore, denies them.

99.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 and, therefore, denies them.

100.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 and, therefore, denies them.

101.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 and, therefore, denies them.

102.    Pulaski County admits Plaintiff Lewis was sentenced to 180 days on June 2, 2016 but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 102 and, therefore, denies them.

103.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 and, therefore, denies them.

104.    Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 and, therefore, denies them.

105.   Pulaski County admits Plaintiff Lewis spent time in the PCRDF but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 105 and, therefore, denies them.

106.   Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 and, therefore, denies them.

107.   Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 and, therefore, denies them.

108.   Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 and, therefore, denies them.

109.   Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 and, therefore, denies them.

110.   Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 and, therefore, denies them.

111.   Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 and, therefore, denies them.

112.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 and, therefore, denies them.

113.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 and, therefore, denies them.

114.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 and, therefore, denies them.

115.     Pulaski County admits Plaintiff Petree was sentenced by the Sherwood District Court on July 21, 2016 to 90 days in jail but lacks knowledge and information sufficient to form a belief as to the truth of the other allegations contained in paragraph 115 and, therefore, denies them.

116.     Pulaski County admits Plaintiff Petree was released from jail by the Sherwood District Court on August 25, 2016 but lacks knowledge and information sufficient to form a belief as to the truth of the other allegations contained in paragraph 116 and, therefore, denies them.

117.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 and, therefore, denies them.

118.     Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 and, therefore, denies them.

119.   Pulaski County admits Plaintiff Robertson was arrested on Sherwood warrants while being held in the PCRDF on unrelated charges from other courts, and was sentenced to a term to run concurrent with a sentence from North Little Rock District Court, but lacks knowledge and information sufficient to form a belief as to the truth of the other allegations contained in paragraph 119 and, therefore, denies them.

120.   Pulaski County admits Plaintiff Robertson had numerous subsequent arrests and detentions, only three of which arose out of Sherwood District Court but lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 and, therefore, denies them.

121.   Pulaski County denies the allegations contained in paragraph 121.

122.   Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 and, therefore, denies them.

123.   Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 and, therefore, denies them.

124.   Pulaski County lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 and, therefore, denies them.

125.   Pulaski County admits Plaintiff Robertson was arrested on numerous charges in 2014, some out of Sherwood District Court, but lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 and, therefore, denies them.

126.   Pulaski County admits Plaintiff Robertson was sentenced by the Sherwood District Court on July 7, 2016 to serve 90 days but lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 and, therefore, denies them.

127.   Pulaski County admits Plaintiff Robertson was detained in the PCRDF but denies he did not receive adequate medical care and lacks knowledge and information sufficient to form a belief as to the truth of the other allegations contained in paragraph 127 and, therefore, denies them.

128 - 134.   Paragraphs 128 - 134 describe the claims made by the Plaintiffs and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraphs 128 - 134. Further, Pulaski County specifically denies Plaintiffs' action is properly maintainable as a class action under Fed. R. Civ. P. 23(a), Fed. R. Civ. P. 23(b)(1)(A), or Fed. R. Civ. P. 23(b)(2).

135.   Pulaski County repeats the foregoing statements and allegations.

136 - 137.   The statements contained in paragraphs 136 - 137 of the First Amended Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 136 -137.

138.   Pulaski County repeats the foregoing statements and allegations.

139 - 140.   The statements contained in paragraphs 139 - 140 of the First Amended Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraphs 139 - 140.

141.    Pulaski County repeats the foregoing statements and allegations.

142 - 143.    The statements contained in paragraphs 142 - 143 of the First Amended Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 142 -2 143.

144.    Pulaski County repeats the foregoing statements and allegations.

145 - 146.    The statements contained in paragraphs 145 - 146 of the First Amended Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraphs 145 - 146.

147.    Pulaski County repeats the foregoing statements and allegations.

148 - 150.    The statements contained in paragraphs 148 - 150 of the First Amended Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraphs 148 - 150.

151.    Pulaski County repeats the foregoing statements and allegations.

152 - 154.    The statements contained in paragraphs 152 - 154 of the First Amended Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraphs 152 - 154.

155. Pulaski County repeats the foregoing statements and allegations.

156 - 158.    The statements contained in paragraphs 156 - 158 of the First Amended Complaint are legal conclusions and therefore require no response. To the

extent that a response is required, Pulaski County denies the allegations of paragraphs 156 - 158.

159.    Pulaski County repeats the foregoing statements and allegations.

160 - 162.    The statements contained in paragraphs 160 - 162 of the First Amended Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraphs 160 - 162.

163.    Pulaski County repeats the foregoing statements and allegations.

164 - 167.    The statements contained in paragraphs 164 - 167 of the First Amended Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraphs 164 -167.

168.    Pulaski County repeats the foregoing statements and allegations.

169 - 172.    The statements contained in paragraphs 169 - 172 of the First Amended Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraphs 169 - 172.

173.    Pulaski County repeats the foregoing statements and allegations.

174.    Paragraph 174 quotes the language of Article 16, Section 13 of the Arkansas Constitution and, therefore, requires no response.

175.    The statements contained in paragraph 175 of the First Amended Complaint are legal conclusions and therefore require no response. To the extent that a response is required, Pulaski County denies the allegations of paragraph 175.

176.    Pulaski County denies, generally and specifically, each and every allegation of the First Amended Complaint not admitted.

## AFFIRMATIVE DEFENSES

1.    Pulaski County states affirmatively that Plaintiffs have failed to state facts or a claim upon which relief can be granted.

2.    Pulaski County states affirmatively that this Court lacks subject matter jurisdiction of the illegal exaction claim pursuant to the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, and general principles of comity.

3.    Pulaski County states affirmatively that Plaintiffs' First Amended Complaint should be dismissed for failure to join necessary parties under Fed. R. Civ. P. 19.

4.    Pulaski County states affirmatively that Plaintiffs' claims are barred by the doctrines of res judicata, waiver, estoppel, unclean hands, and in pari delicto.

5.    Pulaski County states affirmatively that Plaintiffs have failed to exhaust their administrative remedies.

6.    Pulaski County states affirmatively that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

7.    Pulaski County states affirmatively that Plaintiffs' claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

8.    Pulaski County states affirmatively that it is entitled to all applicable doctrines of immunity and privilege, state and federal, including but not limited to judicial, quasi-judicial, absolute, statutory, and qualified immunity.

9.     Pulaski County states affirmatively that there is no Pulaski County policy or custom that led to the alleged constitutional violations contained in the First Amended Complaint.

10.     Pulaski County states affirmatively that Plaintiffs' claims are barred pursuant to the voluntary payment rule.

11.     Pulaski County states affirmatively that Plaintiffs' claims are barred because, prior to asserting this action, Plaintiffs were required to appeal their convictions and sentences through the Arkansas court system.

12.     Pulaski County affirmatively asserts any and all applicable statutes of limitation.

13.     Pulaski County affirmatively asserts any applicable defenses under the Arkansas Civil Justice Reform Act.

14.     Pulaski County affirmatively asserts the doctrine of comparative fault.

15.     Pulaski County states affirmatively that the Pulaski County Prosecutor and deputy prosecutors are state actors, not county officials.

16.     Pulaski County states affirmatively that the Pulaski County Prosecutors Office policies and practices are those of the prosecuting attorney, an elected official, not of Pulaski County.

17.     Pulaski County states affirmatively that it does not direct the operations of the Pulaski County Prosecutors Office.

18.     Pulaski County states affirmatively that, pursuant to Amendment 80 of the Arkansas Constitution, Arkansas has a unified court system that includes the district courts.

19.     Pulaski County states affirmatively that, pursuant to Amendment 80 of the Arkansas Constitution, the district courts, like all other Arkansas courts, are under the supervising authority of the Arkansas Supreme Court, not their individual political subdivisions.

20.     Pulaski County states affirmatively that all taxes collected by Pulaski County have been spent legally and within the bounds of the United States Constitution and, therefore, Plaintiffs' illegal exaction claim is without merit and should be dismissed.

21.     Pulaski County states affirmatively that Plaintiffs cannot successfully establish a class action for the purposes of the illegal exaction claim and, therefore, the claim should be dismissed.

22.     Pulaski County states affirmatively that the Plaintiffs' First Amended Complaint fails to state sufficient facts upon which to maintain either class action alleged in the First Amended Complaint.

23.     Pulaski County states affirmatively that Plaintiffs cannot satisfy the requirements for a class action under state or federal law.

24.     Pulaski County states affirmatively that neither class is so numerous that joinder of all members is impracticable.

25.     Pulaski County states affirmatively that there are not questions of law or fact common to each class.

26.     Pulaski County states affirmatively that Plaintiffs are not "similarly situated" to the members of the putative classes.

27.    Pulaski County states affirmatively that collective relief is inappropriate because individual issues predominate over issues generally applicable to the collective or class actions.

28.    Pulaski County states affirmatively that Plaintiffs' claims involve individual questions of fact and law and are not appropriate for collective or class action treatment.

29.    Pulaski County states affirmatively that the claims or defenses of the representative parties are not typical of the claims or defenses of the suggested classes.

30.    Pulaski County states affirmatively that the representative parties will not fairly and adequately protect the interests of the suggested classes.

31.    Pulaski County states affirmatively that Plaintiffs' claims involve individual questions of fact and law and are not appropriate for collective or class action treatment.

32.    Pulaski County states affirmatively that Plaintiffs lack standing to bring claims on behalf of, and may not represent, putative class/collection action members, in whole or in part, with respect to the asserted claims.

33.    As a separate, alternative affirmative defense to the First Amended Complaint, Pulaski County alleges Plaintiffs' claims may be barred by any or all of the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which Plaintiffs' claims may be barred by one or more affirmative defenses, not specifically set forth, cannot be determined until Pulaski County has an opportunity to complete discovery.

34.     The affirmative defenses set forth herein apply to some or all putative class members if they are permitted to join this action.

35.     Pulaski County states affirmatively that, unless an allegation contained in the First Amended Complaint has been specifically admitted by Pulaski County, the allegation shall be deemed denied.

36.     Pulaski County states affirmatively that punitive damages are not available.

37.     Pulaski County states affirmatively that pursuant to 42 U.S.C. § 1988, Pulaski County will be entitled to recover its attorneys' fees if it is the prevailing party.

38.     Pulaski County states affirmatively that even if Plaintiffs are the prevailing party, they are not entitled to recover attorneys' fees that are unreasonable, excessive, unwarranted, duplicative, unnecessary, or unrelated to this litigation.

WHEREFORE, premises considered, the separate Defendant, Pulaski County, Arkansas, prays that the First Amended Complaint of Plaintiffs, be dismissed with prejudice, for its costs and attorney's fees, and all other appropriate relief.

**Fuqua Campbell, P.A.**
Attorneys at Law
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72202
501-374-0200
Attorneys for Pulaski County

By: David M. Fuqua
Ark. Bar No. 80048
E-mail: dfuqua@fc-lawyers.com

**/s/ Patrick Spivey**
By: Patrick Spivey
Ark. Bar No. 2002089
Email: pspivey@fc-lawyers.com

**/s/ Annie Depper**
By: Annie Depper
Ark. Bar No. 2009267
E-mail: adepper@fc-lawyers.com

## CERTIFICATE OF SERVICE

I, David M. Fuqua, hereby certify that I filed the foregoing on the Court's CM/ECF system and served counsel of record on October 21, 2016:

Michael Mosley, Esq. (mmosley@arml.org)

Bettina E. Brownstein, Esq. (bettinabrownstein@gmail.com)

J. Alexander Lawrence, Esq. (alawrence@mofo.com)

Reggie Koch, Esq. (reggie@reggiekoch.com)

Hallie N. Ryan, Esq. (hryan@lawyerscommittee.org)

David M. Fuqua