**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

CHARLES DADE, NAKITA LEWIS, NIKKI
PETREE, LEE ANDREW ROBERTSON, and
PHILIP AXELROTH, individually and on behalf
of all others similarly situated,

               Plaintiffs,

      v.

CITY OF SHERWOOD, ARKANSAS, PULASKI
COUNTY, ARKANSAS, LARRY JEGLEY in his
official capacity, AND HONORABLE MILAS H.
HALE, III, in his official and individual capacities,

               Defendants.

Case No. 4:16-cv-00602-JM-JJV

**PLAINTIFFS' RESPONSE IN OPPOSITION**
**TO MOTION FOR JUDGMENT ON THE PLEADINGS**
**BY CITY OF SHERWOOD, ARKANSAS, AND HONORABLE MILAS H. HALE, III**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

STATUS OF THE CASE ......................................................................... 4

ARGUMENT ............................................................................................ 4

I.   SHERWOOD DEFENDANTS IGNORE THE MATERIAL FACTS
     SUPPORTING PLAINTIFFS' FEDERAL AND ARKANSAS CIVIL RIGHTS
     CLAIMS ........................................................................................... 4

     A.   Judgment on the Pleadings under Fed. R. Civ. P. 12(c) ................. 4

     B.   Legal Standards for Civil Rights Claims .................................... 5

          1.   Section 1983 Claims Against a Municipality ........................ 5

               a.   Official Policy Violations of Section 1983 .................... 6

               b.   Custom or Usage Violations of Section 1983 ................ 6

          2.   Section 1983 Claims Against an Individual......................... 7

          3.   Legal Standards for Arkansas Civil Rights Violation........... 7

     C.   Plaintiffs State Claims Under Section 1983 and ACRA Against Sherwood
          Defendants ............................................................................... 8

          1.   Sherwood's Official Policies Violate Section 1983 and ACRA......... 8

          2.   The Illegal Debt Collection System Reflects a Pervasive Custom
               and Usage That Violates Section 1983 ............................. 12

     D.   Judge Hale's Unconstitutional Conduct in His Individual Capacity
          Violates Section 1983 and ACRA .......................................... 15

II.  JUDICIAL IMMUNITY DOES NOT BAR PLAINTIFFS' CLAIMS AGAINST
     JUDGE HALE ................................................................................... 16

     A.   Absolute Judicial Immunity Does Not Apply to Prospective Declaratory
          Relief Under 42 U.S.C. § 1983 .............................................. 16

     B.   Plaintiffs Have Properly Alleged Claims for Declaratory Relief Against
          Judge Hale ............................................................................... 21

     C.   Absolute Judicial Immunity Does Not Apply to Prospective Declaratory
          Relief Under ACRA ............................................................... 23

III. SOVEREIGN IMMUNITY IS INAPPLICABLE TO THIS ACTION FOR
     PROSPECTIVE RELIEF DIRECTED AT SHERWOOD'S AND JUDGE
     HALE'S UNCONSTITUTIONAL CONDUCT........................................ 24

     A.   Judge Hale Is Not a State Actor; Sovereign Immunity Does Not Apply............ 24

ny-1255961

# TABLE OF CONTENTS
(continued)

Page

B.     If Judge Hale Is a State Actor, Plaintiffs May Proceed with an Action
Against Him in His Official Capacity for Declaratory Relief Under
*Ex parte Young* ................................................................................................... 26

IV.     THE *ROOKER-FELDMAN* AND *HECK* DOCTRINES DO NOT APPLY
BECAUSE PLAINTIFFS DO NOT SEEK TO REVIEW OR REJECT PAST
JUDGMENTS OR SHORTEN INCARCERATION ........................................................ 28

    A.     *Rooker-Feldman* Abstention Does Not Apply to Plaintiffs' Claims .................. 28

    B.     The *Heck* Bar Does Not Apply Because Plaintiffs Do Not Seek A
Necessary End to, or Acceleration of, Confinement Imposed by the
Sherwood District Court ......................................................................................... 30

V.     PLAINTIFF PHILIP AXELROTH PROPERLY STATES AN ILLEGAL
EXACTION CLAIM AGAINST SHERWOOD BASED ON MISAPPLICATION
AND ILLEGAL SPENDING OF PUBLIC FUNDS ...................................................... 32

VI.     SHERWOOD'S ATTEMPT TO INCORPORATE NEW LEGAL ARGUMENTS
AFTER FILING ITS RULE 12(C) MOTION ............................................................ 35

CONCLUSION ............................................................................................................................ 36

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*281 Care Comm. v. Arneson,*
  638 F.3d 621 (8th Cir. 2011) ...............................................................27

*Antoine v. Byers & Anderson, Inc.,*
  508 U.S. 429 (1993).............................................................................16

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)...............................................................................5

*Bd. of the Cty. Comm'rs v. Brown*
  520 U.S. 397 (1997)...............................................................................6

*Bearden v. Georgia,*
  461 U.S. 660 (1983).............................................................................22

*Bernini v. City of St. Paul,*
  665 F.3d 997 (8th Cir. 2012) .................................................................6

*Beshear v. Clark,*
  292 Ark. 47 (1987)...............................................................................24

*Blytheville v. Ray,*
  175 Ark. 1089 (1928).......................................................................9, 24

*Bolin v. Story,*
  225 F.3d 1234 (11th Cir. 2000) ...........................................................17

*Booth v. Hvass,*
  302 F.3d 849 (8th Cir. 2002) ...............................................................33

*Bowerman v. Takeda Pharms. U.S.A.,*
  442 S.W.3d 839 (Ark. 2014).................................................................32

*Brandon E. ex rel. Listenbee v. Reynolds,*
  201 F.3d 194 (3d Cir. 2000)............................................................17, 21

*Byrd v. Dwyer,*
  2006 WL 270011 (E.D. Mo. Feb. 1, 2006)..........................................22

*Cain v. City of New Orleans,*
  2016 U.S. Dist. LEXIS 53554 (E.D. La. Apr. 21, 2016)......................32

*Campbell v. Iowa*,
  702 F.3d 1140 (8th Cir. 2013) ....................................................................16, 27

*Chapman v. Bevilacqua*,
  344 Ark. 262 (2001)................................................................................32, 33, 34

*Cody v. Severson*,
  2005 U.S. Dist. LEXIS 48802 (D.S.D. Aug. 23, 2005)........................................17

*Conlin v. City of Des Moines*,
  2013 U.S. Dist. LEXIS 191627 (S.D. Iowa May 15, 2013) ..................................14

*Dial v. Crnkovich*,
  2014 U.S. Dist. LEXIS (D. Neb. Apr. 14, 2014) ..................................................17

*Edwards v. Balisok*,
  520 U.S. 641 (1997)..............................................................................................30

*Essensoy v. McMillan*,
  2007 U.S. App. Lexis 2085 (11th Cir. Jan. 31, 2007) ..........................................19

*Ex parte Young*,
  209 U.S. 123 (1908)..............................................................................................26

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
  544 U.S. 280 (2005)..............................................................................................28

*Faibisch v. Univ. of Minn.*,
  304 F.3d 797 (8th Cir. 2002) ................................................................................14

*Fant v. City of Ferguson*,
  107 F. Supp. 3d 1016 (E.D. Mo. 2015).............................................................29, 31

*Fletcher v. Ferguson*,
  2012 U.S. Dist. LEXIS 142270 (W.D. Ark. Aug. 13, 2012)...................................7

*Franklin High Yield Tax-Free Income Fund v. Cty. of Martin*,
  152 F.3d 736 (8th Cir. 1998) ..................................................................................5

*Georgevich v. Strauss*,
  772 F.2d 1078 (3d Cir. 1985) (en banc)..................................................21, 22, 23

*Gerstein v. Pugh*,
  420 U.S. 103 (1975)..............................................................................................22

*Ghegan & Gheagan, Inc. v. Weiss*,
  338 Ark. 9 (1999)..................................................................................................33

*Gladden v. Richbourg*,
   759 F.3d 960 (8th Cir. 2014) ...........................................................................8, 23

*Gorman v. Bartch*,
   152 F.3d 907 (8th Cir. 1998) ...................................................................................7

*Granda v. City of St. Louis*,
   2006 U.S. Dist. LEXIS 23037 (E.D. Mo. April 13, 2006), *aff'd*, 472 F.3d 565....................11

*Granda v. City of St. Louis*,
   472 F.3d 565 (8th Cir. 2007) ...........................................................................9, 11

*Gregory v. Thompson*,
   500 F.2d 59 (9th Cir. 1974) ...................................................................................19

*Haas v. Wisconsin*,
   109 F. App'x 107 (7th Cir. 2004) ...........................................................................17

*Hadley v. N. Ark. Cmty. Tech. Coll.*,
   76 F.3d 1437 (8th Cir. 1996) .................................................................................26

*Hafer v. Melo*,
   502 U.S. 21 (1991)..........................................................................................7, 16

*Hageman v. Barton*,
   2016 WL 1212235 (8th Cir. Mar. 29, 2016)..........................................................28

*Haney v. Portfolio Recovery Assocs., L.L.C.*,
   2016 U.S. App. LEXIS 17287 (8th Cir. Sept. 21, 2016) ....................................5, 34

*Heck v. Humphrey*,
   512 U.S. 477 (1994).................................................................................................30

*Hungate v. United States*,
   626 F.2d 60 (8th Cir. 1980) ......................................................................................4

*Island v. Buena Vista Resort*,
   352 Ark. 548 (2003).........................................................................................7, 23

*James v. Strange*,
   407 U.S. 128 (1970)................................................................................................22

*Jane Doe v. Special Sch. Dist.*,
   901 F.2d 642 (8th Cir. 1990) .............................................................................6, 15

*Johnson v. Boyd*,
   676 F. Supp. 2d 800 (E.D. Ark. 2009) ..................................................................26

*Jordan v. State*,
    327 Ark. 117 (1997)...........................................................................................22

*Keedler v Bridges*,
    2016 U.S. Dist. LEXIS 109094 (E.D. Ark. Aug. 17, 2016) ...................................20

*Kentucky v. Graham*,
    473 U.S. 159 (1985)...........................................................................8, 16, 27

*Land v. Washington Cty.*,
    243 F.3d 1093 (8th Cir. 2001) .............................................................................26

*Langfold v. City of Atlantic City*,
    235 F.3d 845 (3d Cir. 2000)................................................................................13

*Lawrence v. Kuenhold*,
    271 F. App'x 763 (10th Cir. 2008) .....................................................................17

*Marine Equip. Mgmt. Co. v. United States*,
    4 F.3d 643 (8th Cir. 1993) ...................................................................................21

*McCafferty v. Oxford Am. Literary Project, Inc.*,
    484 S.W.3d 662 (Ark. 2016)...............................................................................32

*McFarland v. McFarland*,
    2009 U.S. Dist. LEXIS 102049 (N.D. Iowa Nov. 2, 2009) ...................................23

*McGautha v. Jackson Cty.*,
    36 F.3d 53 (8th Cir. 1994) ................................................................................7, 9

*McGhee v. Ark. State Bd. of Collection Agencies*,
    360 Ark. 363 (2005)............................................................................32, 34, 35

*Milliman v. Cty. of Stearns*,
    2006 U.S. Dist. LEXIS 102267 (D. Minn. Aug. 3, 2006) .....................................17

*Mireles v. Waco*,
    502 U.S. 9 (1991)..........................................................................................18, 20

*Moore v. Brewster*,
    96 F.3d 1240 (9th Cir. 1996) ...........................................................................18, 19

*MSK EyEs Ltd. v. Wells Fargo Bank*,
    546 F.3d 533 (8th Cir. 2008) ...............................................................................29

*Mullis v. United States Bankruptcy Court*,
    828 F.2d 1385 (9th Cir. 1987) .............................................................................19

*Newsome v. Merz,*
    17 F. App'x 343 (6th Cir. 2001) ...................................................................17

*Nix v. Norman,*
    879 F. 2d 429 (8th Cir. 1989) .......................................................................27

*Paul v. United States District Court,*
    2013 U.S. Dist. LEXIS 115477 (W.D. Ark. July 22, 2013) .........................17

*Pembaur v. City of Cincinnati,*
    475 U.S. 469 (1986)...................................................................................6, 8

*Pennhurst State Sch. & Hosp. v. Halderman,*
    465 U.S. 89 (1984).......................................................................................26

*Porous Media Corp. v. Pall Corp.,*
    186 F.3d 1077 (8th Cir. 1999) .....................................................................14

*Preiser v. Rodriguez,*
    411 U.S. 475 (1973).....................................................................................30

*Pulliam v. Allen,*
    466 U.S. 522 (1984).....................................................................17, 18, 19, 21

*R.W.T. v. Dalton,*
    712 F.2d 1225 (8th Cir. 1983) .....................................................................21

*Ray v. Judicial Corr. Servs.,*
    2013 U.S. Dist. LEXIS 139480 (N.D. Ala. Sept. 26, 2013) .........................31

*Ray v. Judicial Corr. Servs., Inc.*
    2014 WL 5090723 (N.D. Ala. Oct. 9, 2014) .........................................19, 20

*Robinson v. Langdon,*
    333 Ark. 662 (1998)................................................................................23, 24

*Roemhild v. Jones,*
    239 F.2d 492 (8th Cir. 1957) .........................................................................4

*Simes v. Ark. Judicial Discipline & Disability Comm'n,*
    2012 U.S. Dist. LEXIS 138921 (E.D. Ark. Sept. 27, 2012),
    *aff'd*, 734 F.3d 830 (8th Cir. 2013)............................................16, 17, 18, 20, 23

*Simes v. Huckabee,*
    354 F.3d 823 (8th Cir. 2004) .......................................................................28

*Skinner v. Switzer,*
    562 U.S. 521 (2005).....................................................................................30

-vii-

ny-1255961

*Smith v. Insley's Inc.*,
    499 F.3d 875 (8th Cir. 2007) ...................................................................7

*Smith v. State ex. rel. Duty*,
    211 Ark. 112 (1947)..............................................................................24

*Starnes v. Sadler*,
    237 Ark. 325 (1963)..............................................................................33

*Stephens v. Fed. Nat'l Mortg. Ass'n*,
    2013 U.S. Dist. LEXIS 181263 (D. Minn. Dec. 30, 2013)...................14

*Stump v. Sparkman*,
    435 U.S. 349 (1978)..............................................................................20

*Tate v. Short*,
    401 U.S. 395 (1971)..............................................................................14

*Tipler v. Douglas Cty.*,
    482 F.3d 1023 (8th Cir. 2007) .................................................................7

*Turner v. Rogers*,
    564 U.S. 431 (2011)..............................................................................22

*Utah Animal Rights Coal. v. Salt Lake City Corp.*,
    371 F.3d 1248 (10th Cir. 2004) .............................................................21

*VanHorn v. Oelschlager*,
    502 F.3d 775 (8th Cir. 2007) ...........................................................17, 27

*Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*,
    535 U.S. 635 (2002)..............................................................................27

*Ward v. City of Norwalk*,
    640 F. App'x 462 (6th Cir. 2016) ...............................................17, 18, 27

*Ware v. Jackson Cty.*,
    150 F.3d 873 (8th Cir. 1998) ...................................................................5

*West v. Atkins*,
    487 U.S. 42 (1988)..............................................................................7, 16

*Westcott v. City of Omaha*,
    901 F.2d 1486 (8th Cir. 1990) .................................................................5

*White v. Fergus*,
    2015 U.S. Dist. LEXIS 156632 (E.D. Ark. Nov. 13, 2015) .................30

*Wilkinson v. Dotson*,
    544 U.S. 74 (2005)......................................................................................30, 31

*Will v. Mich. Dep't of State Police*,
    491 U.S. 58 (1989)...........................................................................................27

*Williams v. Butler*,
    863 F.2d 1398 (8th Cir. 1988) ..........................................................................5

*Wolf v. McDonnell*,
    418 U.S. 539 (1974)..........................................................................................30

## STATUTES

28 U.S.C. § 2201 ................................................................................................................21

Constitution of the State of Arkansas of 1874
    Amendment 80 ................................................................................2, 10, 11, 24, 25
    Article 16 § 13 ...........................................................................................3, 32

Ark. Code Ann.
    § 16-17-106(a)(1), (4) .................................................................................9
    § 16-17-132(a) .........................................................................................11
    § 16-17-1001 ...........................................................................................25
    § 16-17-1107 ......................................................................................25, 26
    § 16-17-1110(12)(B)(v), (D)(ix) .............................................................25
    § 16-17-1113(m)(2)(E), (3)(H) ...............................................................26
    § 16-17-1201 *et seq.* ..............................................................................24
    § 16-123-101 *et seq.* ("ACRA") .......................................4, 7, 8, 12, 15, 16, 23, 24

Ark. Act
    No. 60 of 1927 .......................................................................................9, 24
    No. 345 of 2009 ......................................................................................25
    No. 1219 of 2011 ....................................................................................25
    No. 1693 of 2001 ........................................................................8, 12, 24, 25

Sherwood Mun. Code
    2.44.01 ......................................................................................................8
    2.44.02 ......................................................................................................8
    2.44.03 ....................................................................................................10
    2.44.05 ......................................................................................................9
    2.44.12 ....................................................................................................10
    2.44.13 .................................................................................................9, 10

Sherwood Mun. Ordinance
    No. 205 (Jan. 25, 1971) ........................................................................8, 24
    No. 1462 (Oct. 25, 1999) .......................................................................10
    No. 1827 (June 22, 2009) .......................................................................10

Fed. Courts Improvement Act of 1996,
    Pub. L. No. 104-317, Title III, § 309(c), 110 Stat. 3847 ......................17

ny-1255961

Plaintiffs submit this memorandum in opposition to the Fed. R. Civ. P. 12(c) motion for

judgment on the pleadings filed by Defendants City of Sherwood, Arkansas ("Sherwood"), and

Honorable Milas H. Hale, III ("Judge Hale") (collectively, the "Sherwood Defendants").[1]

## PRELIMINARY STATEMENT

The Sherwood Defendants move, based solely on the pleadings, to dismiss all claims

against them, primarily on two grounds – (1) that Plaintiffs' First Amended Complaint, dated

September 30, 2016 (the "Complaint" or "Compl."), fails to state a claim upon which relief can

be granted, and (2) that Judge Hale is entitled to absolute judicial immunity and/or Eleventh

Amendment immunity from any suit.  Sherwood Defendants' arguments simply ignore, and are

inconsistent with, the detailed factual allegations in the Complaint, the legal bases for Plaintiffs'

claims, and the case law in this Circuit for actions under 42 U.S.C. § 1983.  Their motion should

be denied in its entirety.

*First*, in their brief in support of this motion, the Sherwood Defendants do not quote from

– or even cite to – a single factual allegation in Plaintiffs' detailed and well-supported

Complaint.  While they acknowledge that those facts must be assumed to be true for purposes of

this motion under Fed. R. Civ. P. 12(c), they actually contest Plaintiffs' material allegations as

"factually incorrect" and unfounded, *see* S. Def. Br. at 2-3, and, therefore, conclude that the

Complaint should be summarily dismissed.  Sherwood Defendants' conclusory arguments

disputing Plaintiffs' well-pled material facts should be rejected.  Moreover, many of the cases on

which Sherwood Defendants rely to support their arguments for dismissal on the pleadings are

inapposite because ***they are not decisions reached at the pleading stage***, but on summary

---

[1] *See* Separate Defendants' Motion for Judgment on the Pleadings, ECF No. 15; Separate Defendants' Brief in
Support of Motion for Judgment on the Pleadings, ECF No. 17 ("Sherwood Defendants' brief" or "S. Def. Br.").

judgment based on a full record, after the parties have had an opportunity to take discovery and present evidence to the Court.

*Second*, in arguing that Judge Hale is absolutely immune from Plaintiffs' claims, Sherwood Defendants fail to cite to the multiple decisions in this Circuit and in Circuits around the country holding that, in actions brought under § 1983, judicial immunity is not a bar to claims for ***prospective declaratory relief***, which are the only claims Plaintiffs have brought against Judge Hale.  Plaintiffs seek neither damages nor injunctive relief against Judge Hale. Instead, Plaintiffs have properly alleged claims for declaratory relief under 28 U.S.C. § 2201, which courts have recognized can be brought under § 1983 against a judge acting under the color of state law.  Similarly, Sherwood Defendants' argument that Judge Hale is a "state court judge" and, therefore, cannot be acting on behalf of Sherwood is not supported by, and is inconsistent with, Amendment 80 of the Constitution of the State of Arkansas of 1874 (the "Arkansas Constitution") and Arkansas law.

*Finally*, Sherwood Defendants' arguments that Plaintiffs' claims are barred under the *Rooker-Feldman* doctrine and *Heck v. Humphrey* mischaracterize the purpose and focus of this litigation.  Plaintiffs are not challenging or seeking to modify their original convictions or sentences; rather they are challenging the illegal post-conviction collection scheme created and used by the Defendants, which is resulting in ongoing violations of Plaintiffs' and class members' constitutional rights.

In their detailed Complaint, Plaintiffs describe a long-standing and pervasive scheme by Sherwood, Judge Hale, and the other defendants[2] to funnel Pulaski County "hot check" prosecutions to the City of Sherwood District Court ("Sherwood District Court"), and then to use

---

[2] The other named defendants are Pulaski County, Arkansas ("Pulaski County") and Larry Jegley, the Prosecuting Attorney for the Sixth Judicial District of Arkansas ("Jegley").

2

a labyrinthine, post-conviction debt collection system designed to capture citizens in a never-ending cycle of court proceedings and administrative procedures that they do not understand, arrests that they cannot avoid, payments they cannot afford and, all too often, weeks or months behind bars because they cannot pay for their freedom.  Sherwood and Pulaski County have used this modern-day "Debtors' Prison system" for over 20 years to pursue the collection of monies in thousands of cases involving those who are often the local community's most vulnerable citizens.  More importantly, the Sherwood District Court, working with Sherwood and Pulaski County law enforcement personnel, has used the threat and reality of arrest and incarceration as a powerful tool to coerce payments by those who are simply unable, through no fault of their own, to pay onerous and ever-growing courts costs, fines, and fees.

Defendants' illegal debt collection system is inconsistent with Arkansas' codified fine collection procedures, Ark. Code Ann. § 16-13-701, *et seq.*, and has resulted in ongoing violations of fundamental constitutional rights of Plaintiffs and the prospective class. Defendants, acting under the color of state law, perpetuate these constitutional violations.  Thus, Plaintiffs have properly brought claims under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-105, for violations of Plaintiffs' rights under the U.S. Constitution and the Arkansas Constitution and are seeking class-wide prospective relief.[3]

As detailed in Plaintiffs' Complaint, Defendants' outrageous and pervasive scheme violates the rights of the poorest and most disadvantaged citizens in the community.  For too long, this scheme has not only been tolerated—it has been embraced by Defendants as policy, practice, and custom to fund the ever-increasing demand for public revenue.  Unless stopped,

---

[3] In addition to Plaintiffs' § 1983 and Arkansas Civil Rights Act claims, Plaintiff Philip Axelroth is asserting a claim for illegal exaction under the Arkansas Constitution, Art. 16, § 13, based on Defendants' misapplication and illegal spending of public funds in support of Defendants' unconstitutional scheme.  *See* Compl. ¶¶ 7, 23, 173-175.

Defendants' scheme will continue to violate Plaintiffs' and the potential class members' constitutional rights.  Sherwood Defendants' motion should be denied.

## STATUS OF THE CASE

Plaintiffs filed their original class action complaint on August 23, 2016, against Sherwood, Judge Hale, and Pulaski County.  Sherwood Defendants and Pulaski County served their answers to that complaint on September 7, 2016, and September 13, 2016, respectively, denying and contesting Plaintiffs' allegations.  Plaintiffs served the amended Complaint on September 30, 2016, adding Mr. Jegley as a defendant.  On October 6, 2016, Sherwood Defendants served their answer to the Complaint, again denying and contesting Plaintiffs' allegations, while simultaneously serving this Motion for Judgment on the Pleadings.

Mr. Jegley did not answer the Complaint and, instead, on October 19, 2016, moved to dismiss under Fed. R. Civ. P. 12(b)(6).  Pulaski County served its answer to the Complaint on October 21, 2016, and, in a separate motion, moved for judgment on the pleadings under Fed. R. Civ. P. 12(c).  Plaintiffs respond to these motions separately.  *See* ECF Nos. 31-33, 35.

## ARGUMENT

**I.    Sherwood Defendants Ignore the Material Facts
      Supporting Plaintiffs' Federal and Arkansas Civil Rights Claims**

A.    Judgment on the Pleadings under Fed. R. Civ. P. 12(c)

"The federal rules of pleading are very liberal, and summary dismissal of a civil action on the basis of the pleadings alone is a drastic remedy in federal practice." *Hungate v. United States*, 626 F.2d 60, 62 (8th Cir. 1980); *see also Roemhild v. Jones*, 239 F.2d 492, 494 (8th Cir. 1957) ("The policy of the courts is to dispose of law suits on their merits whenever possible rather than on motions for judgments on pleadings. . . .  A judgment will not be rendered on the pleadings unless the right thereto is clear.").

A court can grant a Rule 12(c) motion only "when the moving party clearly shows there are no material factual issues and the moving party is entitled to judgment as a matter of law," *Franklin High Yield Tax-Free Income Fund v. Cty. of Martin*, 152 F.3d 736, 738 (8th Cir. 1998), that is, only if "'it appears *beyond doubt* that the plaintiff[s] can prove *no set of facts* which would entitle [them] to relief,'" *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (quoting *Morton v. Becker*, 79 F.2d 185, 187 (8th Cir. 1986)) (emphasis added).

In a Rule 12(c) motion for failure to state a claim, the same strict standard for a motion under Rule 12(b)(6) applies, and the court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Haney v. Portfolio Recovery Assocs., L.L.C.*, 2016 U.S. App. LEXIS 17287, at *10 (8th Cir. Sept. 21, 2016).[4]

B.   Legal Standards for Civil Rights Claims

1.   Section 1983 Claims Against a Municipality

To bring a claim under § 1983 against a municipality, such as Sherwood, Plaintiffs must allege that their federal constitutional rights were violated by: (i) "an 'action pursuant to official municipal policy'" (an "Official Policy Violation"); or (ii) "misconduct" and/or practices "so pervasive among non-policymaking employees of the municipality 'as to constitute a custom or usage with the force of law'" (a "Custom or Usage Violation"). *Ware v. Jackson Cty.*, 150 F.3d 873, 880 (8th Cir. 1998) (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978) (internal quotation omitted)); *see also Williams v. Butler*, 863 F.2d 1398, 1400-02 (8th Cir. 1988) (same).

---

[4] Sherwood Defendants try to suggest that Plaintiffs' Complaint should also be dismissed because it does not meet the "plausibility" requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See* S. Def. Br. at 3-4. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The court must review the plausibility of each of Plaintiffs' claim as a whole, not the plausibility of each individual allegation. *Haney*, 2016 U.S. App. LEXIS 17287, at *10. Plaintiffs' detailed factual allegations, read as a whole, more than pass the *Iqbal* threshold.

a.     Official Policy Violations of Section 1983

Although municipal liability under § 1983 may be imposed for a single decision by

municipal policymakers, whose acts or edicts may fairly be said to represent official policy, a

municipality will be liable where "'a deliberate choice to follow a course of action is made from

among various alternatives by the official or officials responsible for establishing final policy

with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469,

480, 483 (1986).  "[W]hether an official had final policymaking authority [for a municipality] is

a question of state law."  *Id.* at 483; *see also Bernini v. City of St. Paul*, 665 F.3d 997,

1008 (8th Cir. 2012).

With respect to claims under § 1983, Sherwood will be liable for Judge Hale's

unconstitutional actions that were the "moving force" behind Plaintiffs' alleged injuries—actions

for which Judge Hale, as the Sherwood District Court Judge, has final policymaking authority for

Sherwood (as well as actions by other responsible City officials).  *See Bd. of the Cty. Comm'rs v.

Brown*, 520 U.S. 397, 403-04 (1997).

b.     Custom or Usage Violations of Section 1983

To state a claim that Sherwood is liable under § 1983 based on misconduct so pervasive

as to constitute a custom or usage with the force of law, Plaintiffs must allege: "1) [t]he

existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by

[Sherwood's] employees; 2) [d]eliberate indifference to or tacit authorization of such conduct by

[Sherwood's] policymaking officials after notice to the officials of that misconduct; and 3) [t]hat

[Plaintiffs were] injured by acts pursuant to [Sherwood's] custom, *i.e*., that the custom was the

moving force behind the constitutional violation."  *Jane Doe v. Special Sch. Dist.*, 901 F.2d 642,

645 (8th Cir. 1990) (citing *Harris v. City of Pagedale*, 821 F.2d 499, 504-07 (8th Cir. 1987)).

"This standard serves to prevent municipal evasion of liability through improper delegation of

policy responsibility or acquiescence in pervasive constitutional violations by [municipal]

employees." *McGautha v. Jackson Cty.*, 36 F.3d 53, 56-57 (8th Cir. 1994).

### 2. Section 1983 Claims Against an Individual

Individual capacity claims under § 1983 allege personal liability for individual actions by

officials in the course of their duties; these claims do not require proof of any policy or custom.

*Hafer v. Melo*, 502 U.S. 21, 25-27 (1991); *see also Gorman v. Bartch*, 152 F.3d 907, 914 (8th

Cir. 1998); *Fletcher v. Ferguson,* 2012 U.S. Dist. LEXIS 142270, at *12-13 (W.D. Ark. Aug. 13,

2012).  "To establish a violation of § 1983" by an individual, "the deprivation must be (1) a right

secured by the [U.S.] Constitution," and "(2) caused by a person or persons acting under the

color of state law." *Tipler v. Douglas Cty.*, 482 F.3d 1023, 1027 (8th Cir. 2007).  "The

traditional definition of acting under color of state law requires that the defendant in a

§ 1983 action have exercised power 'possessed by virtue of state law and made possible only

because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42,

49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

### 3. Legal Standards for Arkansas Civil Rights Violation

Arkansas has its own civil rights act analogous to § 1983, codified at Arkansas Code

Annotated § 16-123-101, *et seq.* ("ACRA").  It provides a cause of action for relief for "the

deprivation of any rights . . . secured by the Arkansas Constitution."  *Id.* § 16-123-105(a);

*see Smith v. Insley's Inc.*, 499 F.3d 875, 882 (8th Cir. 2007).  When construing ACRA, "a court

may look for guidance to state and federal decisions interpreting [§ 1983], as in effect on

January 1, 1993, which decisions and [act] shall have persuasive authority only."  Ark. Code

Ann. § 16-123-105(c); *see Island v. Buena Vista Resort*, 352 Ark. 548, 556-57 (2003).

Plaintiffs' claims against Sherwood Defendants under ACRA rise and fall with their federal

claims.  *See id.* at 557-58; *Smith*, 499 F.3d at 880-82 (finding ACRA due process claims follow

federal Fourteenth Amendment claims under § 1983); *see also Gladden v. Richbourg*, 759 F.3d

960, 968 (8th Cir. 2014).  Thus, a determination that Plaintiffs have alleged sufficient facts to

defeat Sherwood Defendants' motion for judgment on the pleadings for Plaintiffs' § 1983 claims

applies to Plaintiffs' ACRA claims as well.

C.   Plaintiffs State Claims Under Section 1983 and ACRA
        Against Sherwood Defendants

Plaintiffs' Complaint alleges more than sufficient facts to state a claim for relief against

Sherwood, based on the actions of Judge Hale (acting as a final policymaker for the Sherwood

District Court), the actions of other Sherwood policymakers, and the pervasive custom and

practices of Sherwood described in the Complaint.  Therefore, taking Plaintiffs' allegations as

true, Sherwood Defendants' Motion for Judgment on the Pleadings must be denied.[5]

1.   Sherwood's Official Policies Violate Section 1983 and ACRA

Plaintiffs allege facts in the Complaint showing that the final policymakers of

Sherwood—the City Council and Judge Hale—established and have perpetuated for two decades

the illegal debt collection scheme that infects the Hot Check Division of the Sherwood District

Court and Sherwood police practices.  Compl. ¶¶ 5, 10-14, 28-32, 33-79.[6]

The City Council established the Sherwood District Court as a local court, granting the

presiding judge "the same powers, jurisdiction, functions and duties as is provided by state law

for other municipal judges."  Compl. ¶ 63; Sherwood Mun. Code § 2.44.01-.02.[7]  The Council's

---

[5] The § 1983 claim against Judge Hale in his official capacity is a suit against his public employer, Sherwood.
*See* Compl. ¶ 27; *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985) (citing *Monell*, 436 U.S. at 690 n.55).
[6] The Debtors' Prison system described in the Complaint is multifaceted and was developed over the course of many
years, involving a number of municipal actors.  Compl. ¶¶ 5, 51-52, 63-66.  Accordingly, Plaintiffs allege that
"Defendant Judge Hale, . . . court clerks, and other administrative personnel set, further, and facilitate these policies,
practices, and customs" and that [o]ther policymakers in Sherwood, including members of the City Council,
condone, enable, and encourage [these] practices."  *Id.* ¶¶ 28, 33, 52, 63-66; *see Pembaur*, 475 U.S. at 480-83.
[7] Sherwood originally established the local Sherwood Municipal Court in 1971.  *See* Sherwood Mun. Ordinance
No. 205 (Jan. 25, 1971).  The name of the Sherwood Municipal Court was changed to the "Sherwood District Court"
in 2001, but all court personnel, including Judge Hale, continued to be employees of Sherwood. Ark. Act No. 1693

grant of power, jurisdiction, functions, and duties to the Sherwood District Judge for the City's

District Court made Judge Hale the City's final policymaker with respect to any Sherwood

District Court procedures for managing the enforcement and collection of payment of fines, fees,

and costs, *id.*, supplemented by the additional authority granted to the Sherwood Police

Department to collect the fines imposed by the Sherwood District Court, *see id.* § 2.44.13;

*see also* Ark. Code Ann. § 16-17-106(a)(1), (4).  The City Council, by legislative action, has also

formally intertwined the Sherwood District Court and the City of Sherwood, by designating the

Chief Deputy Court Clerk as the Director of Sherwood's Hot Checks Department.  *See* Compl.

¶ 63; Sherwood Mun. Code § 2.44.05.  The Court and the executive function of the City thereby

act as one in operating the illegal debt collection scheme as a matter of Sherwood policy.

As alleged throughout the Complaint, Judge Hale—in his role as policymaker for

Sherwood with respect to the Sherwood District Court's debt collection procedures—put into

place and perpetuated what amounts to an unwritten but formal policy of unconstitutional

procedures to coerce the payments of fines, fees, and court costs that have been previously

assessed against hot check defendants in the Sherwood District Court.  *See, e.g.*, Compl. ¶¶ 5, 28,

33, 46, 52-62, 65.  Empowered by the City Council, this debt collection system was not subject

to further review by that Council and, therefore, is deemed to be Sherwood's policy.  *See*

*id.* ¶¶ 65-66.  "Claims against a municipality based on the acts of an individual officer or entity

instead of a written policy or code have succeeded in circumstances where the action was not

'subject to significant review' because the officer was in a 'policy making position . . .

represent[ing] the official policy of the municipality.'"  *Granda v. City of St. Louis*, 472 F.3d

565, 568 (8th Cir. 2007) (quoting *McGautha*, 36 F.3d at 56)).  Moreover, as a set of procedures

---

of 2001, § 1.  Under long-standing Arkansas law, the municipal courts were created by and controlled by individual cities in the State.  *See, e.g.*, Ark. Act No. 60 of 1927, § 1, quoted in *Blytheville v. Ray*, 175 Ark. 1089, 1090 (1928).

not subject to significant review, such as by an appellate court, the Debtors' Prison system described in the Complaint includes unconstitutional administrative policies and practices: court personnel close the courtroom to the public, Compl. ¶¶ 28-31, set arbitrary payment plans without consideration of a person's ability to pay, *id*. ¶ 48, and require individuals to sign a "waiver of counsel" form to enter the courtroom, *id*. ¶¶ 34-35. Defendants' system also circumvents the Arkansas fine collection law in favor of uncodified, un-reviewed, illegal collection procedures. *Id*. ¶¶ 51-52.

As part of and in furtherance of this scheme, the Sherwood City Council has enacted fees and fines, and either mandated the Sherwood District Court to levy them, Sherwood Mun. Code 2.44.03 (bond fee) and Sherwood Mun. Code 2.44.12/Ordinance No. 1827 (misdemeanor fines to fund the Pulaski County Regional Detention Facility), or authorized the Sherwood District Court to levy the fines, thereby designating final policymaking authority on levying the fines to Judge Hale, *see* Sherwood Mun. Code 2.44.12/Ordinance No. 1462 (misdemeanor fines). The Sherwood City Council also designated the Sherwood Police Department as "the department primarily responsible for the collection of fines assessed by the Sherwood District Court," and directed that "[a]ll fines collected shall be disbursed to the Sherwood City Clerk." Sherwood Mun. Code 2.44.13. By these formal legislative acts, the Sherwood City Council put into place fees, fines, and a police collection process that form a key part of the unconstitutional debt collection scheme described in Plaintiffs' Complaint. *See* Compl. ¶¶ 66, 70-72, 74-75, 77-79.

As discussed in more detail below, *see infra* at Sec. V.A, the enactment of Amendment 80 to the Arkansas Constitution does not change this conclusion, notwithstanding that the Amendment restructured parts of the Arkansas Judiciary. Amendment 80 was not self-executing; rather, Arkansas law expressly provides that "[a]ll fines, penalties, and costs received

by the district courts shall be collected . . . in the manner provided by laws affecting the former

municipal courts," pending further action by the Arkansas General Assembly (which has not yet

happened with respect to the Sherwood District Court).  Ark. Code Ann. § 16-17-132(a);

*see* Ark. Const. amend. 80 § 7(C).

Sherwood Defendants' reliance on *Granda v. City of St. Louis*, 472 F.3d 565 (8th Cir.

2007), in support of their motion to dismiss is misplaced.  *Granda* was not decided on a

pleadings motion, but on summary judgment after discovery.  2006 U.S. Dist. LEXIS 23037,

at *11-13.  The *Granda* plaintiff sought damages under § 1983 based on a state judge's order

incarcerating the plaintiff for violating a City ordinance.  After reviewing the evidence, the

*Granda* District Court held that "the undisputed facts do not establish an unconstitutional

custom, policy, or practice on the part of the City which was implemented by [the state judge]

and which resulted in injury to Plaintiff."  *Id*. at *27.  The *Granda* District Court also found, as

matters of fact, that the state judge in that Missouri-based case was not a policymaker for the

City, and that the incarceration order entered by the State Court was not a final policy decision of

the City.  *Id*. at *26; *cf.* Compl. ¶¶ 28, 33, 52, 65.

By contrast, Plaintiffs' factual allegations here, which must be taken as true for purposes

of this motion, are that the illegal collection scheme described in the Complaint is the policy,

custom, and practice of Sherwood and Judge Hale as a policymaker for the City.  *Id.*  Moreover,

Plaintiffs here are not seeking damages, much less damages based on their prior convictions and

sentences under the hot check statute.  They seek instead a declaratory judgment that the

pervasive post-conviction debt collection system used by Sherwood and the Sherwood District

Court to recover previously assessed costs, fines, and fees from thousands of individuals who

cannot afford to pay is unconstitutional.  Finally, unlike the state judge in *Granda*, Judge Hale is

a local District Court Judge, not a "State District Court Judge" under Arkansas law, see *infra* at

Sec. V.A, and Sherwood treats the Sherwood District Court as a department of the City of

Sherwood.  *See* Compl. ¶¶ 63-64, 68.  Plaintiffs properly allege that Judge Hale is both an

employee of and policymaker for Sherwood.  *See* Ark. Act No. 1693 of 2001, § 1.

Plaintiffs' allegations are more than sufficient to state a claim for an Official Policy

Violation under § 1983 and ACRA.  It would be premature to conclude at the pleading stage,

without discovery, that the City Council and Judge Hale are not the relevant final policymakers

who have established Sherwood's unconstitutional debt collection policies and practices.

2.      The Illegal Debt Collection System Reflects a Pervasive
        <u>Custom and Usage That Violates Section 1983 and ACRA</u>

Even if Judge Hale is deemed not to be a final policymaker for Sherwood with respect to

the Debtors' Prison system described in the Complaint, Plaintiffs have pled sufficient facts to

show that the illegal and pervasive debt collection system constitutes an unconstitutional custom

and usage with the force of law.

The Complaint describes the existence of a widespread, long-standing, persistent pattern

of unconstitutional misconduct of the Sherwood District Court and its staff, the Sherwood Hot

Checks Department and its staff, the Sherwood Police Department and its staff, and Sherwood

generally as part of this Debtors' Prison scheme.  *See* Compl. *passim*.  For example, under

Defendants' illegal collection system, there is typically no assessment of an individual's ability

to pay prior to being incarcerated.  *Id*. ¶¶ 11, 50, 56.  Minimal procedural safeguards that are

needed to satisfy due process and to protect Plaintiffs and the putative class are absent.  These

include notice that ability to pay is a critical issue and an opportunity to be heard on the issue.

*Id*. ¶¶ 55-56.  Defendants' practices also include improperly closing the courtroom, violating

individuals' rights to counsel, and the improper use of arrest warrants by the Sherwood District

12

Court and the Sherwood Police Department.  *Id*. ¶¶ 5, 28-32, 33-36, 53-54, 71, 75-77.

Additional administrative procedures and personnel support and facilitate such unconstitutional

misconduct.  *Id*. ¶¶ 24, 30, 34, 43, 48, 53, 62-65, 68, 77, 79.

The Complaint alleges that this pattern and practice of misconduct has become notorious

throughout the community and persisted for decades, and that policymakers in Sherwood,

including the City Council, "condone, enable, and encourage" these practices.  *See id*. ¶¶ 3-5,

51-52, 66, 68, 78-79.  Despite this unconstitutional misconduct, Sherwood has repeatedly funded

and promoted the Hot Check Division of the Sherwood District Court and created new "warrant

clerk" positions in the Sherwood Police Department for the express purpose of expanding the

Sherwood District Court's ability to collect money.  *Id*. ¶¶ 66, 68, 78-79; *see Langfold v. City of

Atlantic City*, 235 F.3d 845, 848 (3d Cir. 2000) ("[M]unicipalities may be subject to . . . liability

for legislatively-enacted budget decisions that have an unconstitutional effect.").  These

allegations confirm Sherwood's deliberate indifference and tacit authorization for the overt

constitutional violations under the Debtors' Prison system.

Publicly available Sherwood City Council minutes (*see* City Council Meetings,

http://www1.cityofsherwood.net/City/CityCouncilMeetings.htm) further confirm the symbiotic

relationship between the Mayor of Sherwood, City Council, and Judge Hale in establishing,

promoting, and thereby authorizing the Sherwood District Court's unconstitutional debt

collection scheme at the expense of Pulaski County's poorest citizens.  *See* Compl. ¶¶ 66, 68,

78-79.  For example, for many years Sherwood's Mayor presented a "State of the City" report to

the City Council, in which he or she would describe the progress of collections through the

Sherwood District Court and commend the efforts by Judge Hale and other court personnel to

collect fines and fees.  Describing the local Sherwood court as the "envy" of every city in

13

Arkansas, the Mayor routinely reported on annual collections by the Sherwood District Court

and the importance of the Court's collection efforts to the City's budget.[8]

> I wish there was something I could say that would do justice to the tremendous
> job that Judge "Butch" Hale, Barbara Collier and Rosette Ramsey are doing. Last
> year they broke all records in General Revenue Turnback to the city from the
> Court and Hot Check Divisions, and this year they have broken last year's by
> $500,000. . . .  They do an outstanding job.

Sherwood City Council Meeting Minutes, dated Feb. 28, 2000.  (Ex. D.)[9]

The Sherwood Police Department also threatens to, and does, arrest and jail individuals

as part of the City's illegal debt collection practices.  Compl. ¶¶ 77, 101, 108, 124; *see Tate v.*

*Short*, 401 U.S. 395, 398 (1971) ("jailing an indigent for failing to make immediate payment of

any fine" violates equal protection).  Plaintiffs allege that this practice was widespread, occurred

over many years, and was characterized by coordination between Sherwood police officers and

the personnel of the Sherwood District Court.  *Id.* ¶¶ 74-76.  Sherwood, the beneficiary of these

collections, authorized these open and notorious debt collection practices, even boasting about

the Hot Check Division's warrants, which are executed by the Sherwood Police Department and

have resulted in thousands of arrest warrants and the corresponding fees each year.  *Id.* ¶¶ 47, 66,

68, 71-72, 74-75, 78-79; *see also* Ex. D (Sherwood Mayor Harmon:  "We have some policemen

---

[8] *See, e.g.*, Exhibit ("Ex.") A to this Opposition Brief, Sherwood City Council Meeting Minutes ("Sherwood CCMM"), dated January 27, 1997, http://www1.cityofsherwood.net/minutes/min01-97.doc ; Ex. B, Sherwood CCMM, dated March 23, 1998, http://www1.cityofsherwood.net/minutes/min03-98.doc; Ex. C, Sherwood CCMM, dated January 25, 1999, http://www1.cityofsherwood.net/minutes/min01-99.doc; Ex. D, Sherwood CCMM, dated February 28, 2000, http://www1.cityofsherwood.net/minutes/min02-00.doc; Ex. E, Sherwood CCMM, dated February 26, 2007, http://www1.cityofsherwood.net/minutes/min02-07.doc; Ex. F, Sherwood CCMM, dated January 24, 2011, http://www1.cityofsherwood.net/minutes/min01-11.doc; Ex. G, Sherwood CCMM, dated January 27, 2014, http://www1.cityofsherwood.net/minutes/min01-14.doc.

[9] "When considering a motion for judgment on the pleadings . . ., the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record.'"  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (quoting *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999), *cert. denied*, 527 U.S. 1039 (1999)).  Considering materials in the public record does not turn a Rule 12(c) motion into a motion for summary judgment pursuant to Rule 12(d).  *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002).  "[C]ity council minutes . . . are part of the public record . . ., and the Court may properly consider them in deciding [the] motion."  *Stephens v. Fed. Nat'l Mortg. Ass'n*, 2013 U.S. Dist. LEXIS 181263, at *10 (D. Minn. Dec. 30, 2013); *cf. Conlin v. City of Des Moines*, 2013 U.S. Dist. LEXIS 191627, at *18 (S.D. Iowa May 15, 2013) (finding public documents from City Council meetings may be included in Rule 12(b)(6) analysis).

out there that serve those warrants. You have got to get them in court before you can get that money out of them, and we have a tremendous police force. . . .  Those results out of our court are results, also, of the Police Department serving the warrants.").

Finally, the entire Complaint alleges facts showing that this Debtors' Prison system — Sherwood's custom under color of law — was "the moving force behind the constitutional violation[s]," *Jane Doe*, 901 F.2d at 645, against Plaintiffs and those similarly situated.  The Complaint sets forth in detail the injuries caused to each Plaintiff by this illegal debt collection system.  Compl. ¶¶ 85-95 (Charles Dade); *id*. ¶¶ 96-105 (Nakita Lewis); *id*. ¶¶ 106-116 (Nikki Petree); *id*. ¶¶ 117-127 (Lee Robertson).  But, the Complaint goes further, describing in detail how Sherwood's and Judge Hale's debt collection scheme, which causes injury to the putative class, is built from, and is only possible because of, a number of constitutionally defective procedures, primarily:  Sherwood's and the Sherwood District Court's failure to assess ability to pay before issuing arrest warrants to, arresting, threatening and sentencing to jail, and jailing those who cannot afford to pay; denying them assistance of counsel without a proper waiver and denying them other minimal procedural safeguards; and subjecting them to coercive and demeaning debt collection procedures unavailable to private lenders.  *Id.* ¶¶ 5, 10-14, 28-32, 33-79.  Assuming that these factual allegations are true, Plaintiffs have stated a claim against Sherwood and Judge Hale in his official capacity for a Custom and Usage Violation under § 1983 and ACRA.

> D.      Judge Hale's Unconstitutional Conduct
>         in His Individual Capacity Violates Section 1983 and ACRA

Plaintiffs have alleged in detail the constitutional violations caused by Judge Hale acting under color of state law while carrying out his duties as a judge.  Compl. ¶¶ 3-6, 18-21, 27-62, 63-65, 75-76, 85-127.  These constitutional violations are also discussed above in connection

with Plaintiffs' claims against Sherwood and Judge Hale in his official capacity, *supra* Sec. III.C.

*See Hafer*, 502 U.S. at 22-31 (holding acts of a state official can also give rise to personal

liability in an individual capacity suit under § 1983).

There can be no dispute that Judge Hale acts under color of state law.  *See* Compl. ¶¶ 28,

33, 52, 65.  By creating and perpetuating the Debtors' Prison system described in the Complaint,

Judge Hale has acted, at all times, pursuant to his role as a local District Court Judge.[10]  Judge

Hale's central role in the Sherwood District Court's debt collection scheme is only possible

because he "is clothed with the authority of state law," *West*, 487 U.S. at 49 (internal citation

omitted), when using the illegal debt collection scheme to violate specific constitutional rights of

those unable to pay the fines, fees, and court costs owed to the Sherwood District Court.

Compl. ¶¶ 135-175.  Thus, Plaintiffs have alleged sufficient facts to state a claim for prospective

declaratory relief against Judge Hale in his individual capacity under § 1983 and ACRA.

## II.    Judicial Immunity Does Not Bar Plaintiffs' Claims Against Judge Hale

### A.    Absolute Judicial Immunity Does Not Apply to Prospective Declaratory Relief Under 42 U.S.C. § 1983

Sherwood Defendants wrongly contend that the principle of absolute judicial immunity

bars Plaintiffs' claims against Judge Hale.  The proponent of a claim to absolute judicial

immunity bears the burden of establishing the justification for such immunity.  *Antoine v. Byers*

*& Anderson, Inc.*, 508 U.S. 429, 432 (1993); *Simes v. Ark. Judicial Discipline & Disability*

*Comm'n*, 2012 U.S. Dist. LEXIS 138921, at *16 (E.D. Ark. Sept. 27, 2012), *aff'd*, 734 F.3d

830 (8th Cir. 2013).  Judge Hale fails to carry that burden.[11]

---

[10] As discussed below in considering Eleventh Amendment issues, *infra* at Sec. V.A, Judge Hale is a local District Court judge and employee of Sherwood, which is not inconsistent with finding he acts as a judge under color of state law.

[11] As discussed *infra* at Sec. V.B, absolute immunity (when applicable) is only a defense to a suit against a government official in his *individual* capacity, not a defense to a suit against the government official in his *official* capacity.  *Kentucky*, 473 U.S. at 167; *Campbell v. Iowa*, 702 F.3d 1140, 1141 (8th Cir. 2013); *VanHorn v.*

In the courts of the Eighth Circuit, absolute judicial immunity does not bar claims under § 1983 that seek only *prospective declaratory relief* against a state or local judge.  *See, e.g.*, *Dial v. Crnkovich*, 2014 U.S. Dist. LEXIS, at *6 (D. Neb. Apr. 14, 2014) ("Absolute judicial immunity applies to monetary damages claims only and does not extend to suits requesting declaratory . . . relief."); *Simes*, 2012 U.S. Dist. LEXIS 138921, at *17, 22-23 (same; discussing cases); *Cody v. Severson*, 2005 U.S. Dist. LEXIS 48802, at *10 (D.S.D. Aug. 23, 2005) ("[D]eclaratory relief is not barred by absolute judicial immunity."); *cf. Milliman v. Cty. of Stearns*, 2006 U.S. Dist. LEXIS 102267, at *37 n.5 (D. Minn. Aug. 3, 2006).

Numerous circuit courts have reached the same conclusion—there is no absolute judicial immunity from prospective declaratory relief for claims brought under § 1983.  *Ward v. City of Norwalk*, 640 F. App'x 462, 467 (6th Cir. 2016); *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008); *Haas v. Wisconsin*, 109 F. App'x 107, 114 n.8 (7th Cir. 2004); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000).[12]

Sherwood Defendants incorrectly rely on the Federal Courts Improvement Act of 1996 (the "FCIA") to support their judicial immunity defense.  S. Def. Br. at 15-16, 18; *see* Pub. L. No. 104-317, Title III, § 309(c), 110 Stat. 3847, 3853.  Pursuant to the FCIA, Congress abrogated, in part, the Supreme Court's decision in *Pulliam v. Allen*, 466 U.S. 522 (1984).

---

*Oelschlager*, 502 F.3d 775, 778-79 (8th Cir. 2007) ("immunity only extends to claims against government employees sued in their individual capacities").

[12] Note, however, that an action alleging constitutional violations by a *federal judge*, rather than *state or local judge*, is treated as a direct constitutional tort under *Bivens*, rather than an action under § 1983.  The application of absolute judicial immunity for federal judges differs and is inapposite here.  For example, the Ninth Circuit has held that, in *Bivens* actions, absolute judicial immunity bars claims for injunctive and declaratory relief.  *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1391-94 (9th Cir. 1987); *accord Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001); *Bolin v. Story*, 225 F.3d 1234, 1239-42 (11th Cir. 2000) (per curium); *Paul v. United States District Court*, 2013 U.S. Dist. LEXIS 115477, at *7-8 (W.D. Ark. July 22, 2013).  Sherwood Defendants' reliance on decisions involving claims brought against federal judges, such as the Ninth Circuit's decision in *Mullis*, is misplaced.

For the same or similar reasons, the cases cited by Sherwood Defendants in footnote 4 of their brief have no application to the judicial immunity question in this action.  S. Def. Br. at 17 n.4.  See Appendix A to this opposition brief.

17

*Pulliam* had held that absolute judicial immunity under common law did not bar claims for

<u>injunctive</u> relief against state judges acting in their judicial capacities, including for § 1983

actions.  466 U.S. at 541-42.  Congress amended § 1983 in the FCIA to overcome this limit on

common law immunity and preclude claims for injunctive relief against a judge in his judicial

capacity, "unless a declaratory decree was violated or declaratory relief was unavailable."  Under

these amendments, however, § 1983 does not preclude prospective declaratory relief against a

judge if such relief is available, as it is in this action (*see infra* Sec. IV.B).  *See Ward*, 640 F.

App'x at 467; *Simes*, 2012 U.S. Dist. LEXIS 138921, at *22-23.

The legislative history of the FCIA confirms this interpretation.  The Senate Report for

the FCIA makes plain that judicial immunity does not bar claims under § 1983 for declaratory

relief against judges.  S. Rep. No. 104-366, at 36-37 (1996), *reprinted in* 1996 U.S.C.C.A.N.

4202, 4217.  Thus, absolute judicial immunity does not bar Plaintiffs' § 1983 claims, which seek

only prospective declaratory relief against Judge Hale and no remedial relief or damages.

Compl. ¶ 27.

Citing to inapplicable case law, the Sherwood Defendants attempt to cobble together a

theory of judicial immunity against suits for declaratory relief against state and local judges.

They misquote the Ninth Circuit's *Moore v. Brewster* ruling by using carefully placed ellipses to

delete undesirable text.  96 F.3d 1240, 1243 (9th Cir. 1996).  *See* S. Def. Br. at 17.  The full

quote from *Moore*, a *Bivens* action brought against a federal judge and not a § 1983 case,

actually supports Plaintiffs' position against Judge Hale:

> Judge Brewster [a federal judge] enjoys absolute judicial immunity from
> Moore's action. ***A judge is generally immune from a civil action for damages.***
> *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 287, 116 L.Ed.2d 9 (1991). "***The***
> ***judicial*** or quasi-judicial ***immunity available to federal officers*** is not limited to
> immunity from damages, but extends to actions for declaratory, injunctive and
> other equitable relief."  *Mullis v. Bankruptcy Court for the District of Nevada*,

828 F.2d 1385, 1394 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040, 108 S. Ct. 2031, 100 L. Ed. 2d 616 (1988). *Cf. Pulliam v. Allen*, 466 U.S. 522, 541–42, 104 S. Ct. 1970, 1980–81, 80 L. Ed. 2d 565 (1984) (***state officials enjoy judicial or quasi-judicial immunity from damages only***).

*Moore*, 96 F.3d at 1243 (emphasis added).  As the *Moore* court recognized, state judges are not immune from suits for declaratory relief; only federal judges are.

Similarly, Sherwood Defendants' reliance on *Gregory v. Thompson*, 500 F.2d 59 (9th Cir. 1974), is misplaced.  S. Def. Br. at 17-18; *see Gregory*, 500 F.2d at 62 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).  Both the *Gregory* and *Pierson* cases involved claims brought under § 1983 seeking <u>*damages*</u>.  *See Pierson*, 386 U.S. at 551; *Gregory*, 500 F.2d at 61. They stand only for the proposition that absolute judicial immunity bars damages suits and say nothing about actions, such as Plaintiffs' claims here, seeking only declaratory relief.

Sherwood Defendants' reliance on *Ray v. Judicial Correction Services, Inc.*—to allege judges may not be sued for declaratory relief under § 1983, despite precedent to the contrary—is also unavailing.  S. Def. Br. at 16-17.  *Ray* is an unreported decision from the District Court of the Northern District of Alabama and involves a former municipal judge's motion to quash a subpoena, not a motion for judgment on the pleadings challenging § 1983 claims.  2014 WL 5090723, at *1 (N.D. Ala. Oct. 9, 2014).  The former judge's status as a third party leads the *Ray* court to conclude "it is unnecessary . . . to make any finding with respect to Plaintiffs' assertion that the FCIA still permits suits against judges for prospective declaratory relief."  *Id.* at *5; *see* S. Def. Br. at 17 (acknowledging that the *Ray* court's discussion of judicial immunity under § 1983 is dicta).  Additionally, the *Ray* court, in commenting on the availability of declaratory relief against judges under § 1983, cites to, but then does not follow, an on-point Eleventh Circuit decision, *Essensoy v. McMillan*, 2007 U.S. App. Lexis 2085, at *1 n.5 (11th Cir. Jan. 31, 2007), which concludes that judicial immunity is not a bar to declaratory relief against a

19

municipal judge. *Ray*, 2014 WL 5090723, at \*4. Instead, *Ray* refers to an unpublished summary Second Circuit decision. The dicta in *Ray* is contrary to the district court decisions in the Eight Circuit and the decisions of the numerous circuit courts cited to above.

In the Sherwood Defendants' brief, Judge Hale's assertion of judicial immunity stands on the false premise that Plaintiffs are collaterally attacking Judge Hale's past conviction and sentencing decisions, and even the propriety of state law. S. Def. Br. at 14, 16, 19, 22. Even if this premise was correct, which it is not, *Pulliam* rejected this rationale as a basis for judicial immunity, finding this exact "concern . . . addressed as a matter of comity and federalism, independent of principles of judicial immunity." 466 U.S. at 539. Notably, none of the policy reasons behind judicial immunity, as articulated by Sherwood Defendants, S. Def. Br. at 13-14, 16-17, applies to a declaration by this Court that the Sherwood District Court's debt collection scheme is unconstitutional. Such a prospective declaration by this Court would not overturn or undermine Plaintiffs' prior convictions and sentences, and would not undercut any Arkansas State statute.

Moreover, absolute judicial immunity, even if it were potentially applicable, does not apply to non-judicial acts performed by a judge, such as a judge's administrative and supervisory acts that serve a function that is not normally performed by a judge. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *Simes*, 2012 U.S. Dist. LEXIS 138921, at \*17; *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Keedler v Bridges*, 2016 U.S. Dist. LEXIS 109094, at \*3 (E.D. Ark. Aug. 17, 2016). Thus, with respect to non-judicial administrative acts ascribed to Judge Hale in the Complaint that contribute to the unconstitutional Sherwood District Court's debt collection scheme, judicial immunity is not a bar. *See* Compl. ¶ 34 (administrative oversight of waiver of counsel forms); *id.* ¶ 43 (administrative functions of court); *id.* ¶ 48 (payment plan

administration); *id. ¶* 65 (court operations generally); *id.* ¶ 68 (promotion of the Hot Check

Division and hot check processing service to the public); *id.* ¶ 79 (Judge Hale's staff employment

responsibilities).  As alleged, Judge Hale's non-judicial roles in administrating the Debtors'

collection system have helped to institutionalize and perpetuate the unconstitutional debt

collection and enforcement scheme of the Sherwood District Court.

B.      Plaintiffs Have Properly Alleged Claims
         for Declaratory Relief Against Judge Hale

Sherwood Defendants never address the factual allegations in the Complaint establishing

that declaratory relief against Judge Hale's unconstitutional conduct is appropriate.  A

declaratory judgment is available "in a case of actual controversy".  28 U.S.C. § 2201.  "The test

. . . is whether 'there is a substantial controversy between the parties having adverse legal

interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"

*Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993) (quoting *Caldwell v.*

*Gurley Ref. Co.*, 755 F.2d 645 (8th Cir. 1985)).  A declaratory judgement is meant to define legal

rights and obligations of parties in anticipation of future conduct.  *See Utah Animal Rights Coal.*

*v. Salt Lake City Corp.,* 371 F.3d 1248, 1266 (10th Cir. 2004).

Consistent with the purpose of § 1983, the Federal Courts have found that declaratory

relief against a state or local judge is proper when the judge is the enforcer or administrator of a

challenged policy or custom, rather than just a "neutral" adjudicator of a statute that is being

challenged as unconstitutional.  *See Brandon E*, 201 F.3d at 199; *see also Georgevich v. Strauss*,

772 F.2d 1078 (3d Cir. 1985) (en banc); *R.W.T. v. Dalton*, 712 F.2d 1225, 1232-33 (8th Cir.

1983).  In *Georgevich*, the judges were "sued as enforcers of the statutes, in other words as

administrators of the parole power."  772 F.2d at 1087-89 ("Defendants could not successfully

contend that a suit against the [parole] Board [and judges] challenging the manner in which

parole decisions are made would not present a justiciable dispute."); *see Byrd v. Dwyer*, 2006 WL 270011, at *1 n.1 (E.D. Mo. Feb. 1, 2006) (describing *Georgevich* as a "§ 1983 action challenging state parole procedures on equal protection grounds" that found that "litigants who properly seek redress in federal court under § 1983 are not required to exhaust state judicial or administrative remedies" (citing *Georgevich*, 772 F.2d at 1085)).

*Gerstein v. Pugh*, 420 U.S. 103 (1975), is also instructive.  In that case plaintiffs properly sued state judges in a class action seeking the implementation of (missing) due process procedures in state judicial proceedings relating to the constitutional right to a preliminary probable cause hearing prior to being jailed.  *Id.* at 106 & n.6, 107 & n.8.

In this action, Plaintiffs seek a declaratory judgment that Defendants' illegal debt collection scheme, which Judge Hale imposes and enforces in connection with Plaintiffs' and the prospective class' obligations to pay fines, fees, and court costs owed to the Sherwood District Court, violates their constitutional rights.  *See* Compl. ¶¶ 3-6, 18-21, 27-62, 63-65, 75-76, 85-127.  Those rights include:

- their right to a determination of their ability to pay under the Fourteenth Amendment, *e.g.*, under *Bearden v. Georgia*, 461 U.S. 660 (1983), and the Arkansas Constitution, *e.g.*, under *Jordan v. State*, 327 Ark. 117 (1997),  before being jailed for failure to pay pursuant to a court order or an arrest warrant, Compl. ¶¶ 135-146, 163-167;

- their right to counsel under the Sixth Amendment and the Arkansas Constitution, Compl. ¶¶ 147-154;

- their right to a minimum procedural safeguards under the Fourteenth Amendment, *e.g.*, under *Turner v. Rogers*, 564 U.S. 431 (2011), and the Arkansas Constitution, Compl. ¶¶ 155-162; and

- their right to non-discriminatory debt collection procedures under the Fourteenth Amendment, *e.g.*, under *James v. Strange*, 407 U.S. 128 (1970), Compl. ¶¶ 168-172.

Based on these allegations in the Complaint, a declaratory judgment against Judge Hale under 28 U.S.C. § 2201 is available to Plaintiffs under *Brandon E*, *Georgevich*, and *Gerstein*.

Contrary to Sherwood Defendants' assumptions, *see* S. Def. Br. at 18-19, Plaintiffs are not seeking to adjudicate the constitutionality of a statute or contesting a criminal conviction or sentence by the Judge.  Rather, Plaintiffs allege that Judge Hale is the "enforcer" of the unconstitutional debt collection procedures described in the Complaint.  Notably, as in *Georgevich*, the due process procedures for which Plaintiffs seek a declaration in this action do "not require the legislature to amend the statutes since there seems to be no reason why the state judiciary would not have power to effectuate plaintiffs' request by promulgation of a rule or issuance of an order," *Georgevich*, 772 F.2d at 1089, and/or by applying the existing Arkansas fine collection procedures, Ark. Code Ann. § 16-13-701, *et seq.*

> C.     Absolute Judicial Immunity Does Not Apply to
>         Prospective Declaratory Relief Under ACRA

When state law creates a cause of action, state law also determines whether there is a defense of immunity, unless the state rule is in conflict with federal law.  *McFarland v. McFarland*, 2009 U.S. Dist. LEXIS 102049, at *12-13 (N.D. Iowa Nov. 2, 2009) (citing *Ferri v. Ackerman*, 444 U.S. 193, 198 (1979)).  Judge Hale's immunity defenses against ACRA claims rise and fall with his federal defenses.  *See* Ark. Code Ann. § 16-123-105(c); *Island*, 352 Ark. at 556-58; *Gladden*, 759 F.3d at 968.  Therefore, for the reasons stated above, *supra* Sec. IV.A, Judge Hale is not entitled to judicial immunity on Plaintiffs' state law ACRA claims.  *See, e.g.*, *Simes*, 2012 U.S. Dist. LEXIS 138921, at *22 ("Judicial immunity is not a bar to declaratory relief" under § 1983).

Sherwood Defendants rely on *Robinson v. Langdon*, 333 Ark. 662 (1998), arguing that Judge Hale has "absolute judicial immunity from suit" under Arkansas law, but the *Robinson* court was considering a damages claim.  *Robinson* adopted a U.S. Supreme Court test for judicial immunity, specifically to protect those who should "be immune from suits *for damages*."

*Robinson*, 333 Ark. at 669 (quoting *Butz v. Economou*, 438 U.S. 478, 512-13 (1978)) (emphasis

added); *see id.* at 670 (citing "safeguards that reduce the need for private damages actions").

*Robinson* does not bar Plaintiffs' ACRA claims against Judge Hale for declaratory relief.

## III.   Sovereign Immunity Is Inapplicable to This Action for Prospective Relief Directed at Sherwood's and Judge Hale's Unconstitutional Conduct

### A.   Judge Hale Is Not a State Actor; Sovereign Immunity Does Not Apply

Citing Amendment 80 of the Arkansas Constitution, the Sherwood Defendants argue that

Arkansas' District Courts are state courts, not municipal or local courts.  They assert that Judge

Hale is necessarily a state official, not a Sherwood employee, and therefore not a Sherwood

policymaker.  *See* Sep. Def. Br. at 7, 19.  They are wrong.

Amendment 80 to the Arkansas Constitution, approved in 2001, did restructure the

Arkansas courts and establish the District Courts as courts of limited jurisdiction, but it did not

(a) extinguish municipal control over the existing local courts, (b) make all District Courts into

state courts, or (c) make all Arkansas District Court Judges into state employees.  To the

contrary, Amendment 80 provided that District Courts shall have the jurisdiction vested in and

"shall be regarded as a continuation of the Municipal Courts . . . now existing."  Ark. Const.

amend. 80 § 19(C); *see* Ark. Code Ann. §§ 16-17-1201(c)-(d); 16-17-1202.  Historically,

Municipal Courts were creatures of, and controlled by, the local municipalities.[13]  This was true

for the Sherwood Municipal Court, which was created by the Sherwood City Council in 1971.

*See* Sherwood Mun. Ordinance No. 205 (Jan. 25, 1971).[14]  Under Arkansas Act 1693 of 2001,

---

[13] *See, e.g.*, Ark. Act No. 60 of 1927, § 1, quoted in *Blytheville*, 175 Ark. at 1090.  *See also Beshear v. Clark*, 292 Ark. 47, 48 (1987) (office of judge of a municipal court is a municipal office); *Smith v. State ex. rel. Duty*, 211 Ark. 112, 115-16 (1947) (same).

[14] Judge Hale has been the sole presiding judge in the Sherwood Municipal Court and now in the Sherwood District Court since 1996. Compl. ¶¶ 63-64. Many of the policies, practices, and customs at issue here were first implemented in the Sherwood Municipal Court, and those same policies, practices, and customs have simply continued in the Sherwood District Court. *Id.*

§ 1, the name of the Sherwood Municipal Court was changed to the "Sherwood District Court," but all court personnel, including Judge Hale, continued to be employees of Sherwood.

In 2005, the Arkansas General Assembly created a Legislative Task Force on the District Courts (the "Task Force"), charging it with conducting a comprehensive study of, *inter alia*, the transition of district judges to state employee status. The Task Force issued a 2006 Task Force Report, in which it made recommendations for transitioning the existing District Courts into the unified Arkansas court system. In response, the General Assembly enacted Arkansas Act 663 of 2007.[15] This Act established the District Court Resources Assessment Board, which proposes and determines the placement of State-funded District Court judgeships and oversees the reorganization and consolidation of State-funded District Courts. The judges in these newly-created State-Funded District Courts are referred to as "state district court judges."

Through a series of enactments, the Arkansas General Assembly has slowly replaced the existing District Courts, controlled by local municipalities, with State-funded "State District Courts." *See* Ark. Act No. 345 of 2009, § 3; Ark. Act No. 1219 of 2011, §§ 2, 8, 9. In Arkansas Act 1219 of 2011, however, the General Assembly made clear that, except for "state district court judgeships," a judge serving in a local district court shall continue to be an employee of the city, county, or both that he or she serves. *See id.* § 6; Ark. Code Ann. § 16-17-1107. *Accord Arkansas AG Op. No. 2010-154*, dated Feb. 7, 2011 (notwithstanding enactment of Amendment 80, the office of a local district court judge is not a state office).

Under Arkansas State law, Judge Hale is — and has been at all times described in the Complaint — a local district court judge and not a state district court judge. *See* Ark. Code Ann. § 16-17-1110(12)(B)(v), (D)(ix). Moreover, he is, and has been, an employee of Sherwood,

---

[15] As stated in the General Assembly findings for this Act, Amendment 80 does not require the state to fund the district court system. Act 663 of 2007 § 1; *see also* Ark. Code Ann. §§ 16-17-1001, 16-17-1101.

whose salary is set by the Sherwood City Council.  *Id.* § 16-17-1107; *see id.* § 16-17-108(88).

Judge Hale's status as the Sherwood employee charged with oversight over the local Sherwood

District Court is consistent with Plaintiffs' well-pleaded Complaint.  *See* Compl. ¶¶ 28, 33,

63-65.  Under current Arkansas law, the Sherwood District Court will ultimately be reorganized

as a State District Court, and its elected judge deemed a state district court judge, but not until

January 1, 2017.  *See* Ark. Code Ann. §§ 16-17-1110(12)(E); 16-17-1113(m)(2)(E), (3)(H).[16]

Because Judge Hale is a Sherwood official, and not a state official, a suit against him in

his official capacity is not tantamount to suing the State of Arkansas; rather, it is tantamount to

suing Sherwood.  Sherwood, as Judge Hale's true employer, has no immunity from suit.

"Eleventh Amendment immunity does not extend to . . . cities."  *Hadley v. N. Ark. Cmty. Tech.*

*Coll.*, 76 F.3d 1437, 1437-38 (8th Cir. 1996); *see also Land v. Washington Cty.*, 243 F.3d 1093,

1095 n.3 (8th Cir. 2001); *Johnson v. Boyd*, 676 F. Supp. 2d 800, 812 (E.D. Ark. 2009).

> B.     If Judge Hale Is a State Actor, Plaintiffs May Proceed with an Action Against
>        Him in His Official Capacity for Declaratory Relief Under *Ex parte Young*

Sherwood Defendants contend Judge Hale is a state official.  Even if their argument was

correct – and it is not – Judge Hale can be sued in his official capacity under *Ex parte Young*.  In

*Ex parte Young*, 209 U.S. 123 (1908), the Court carved out an exception to Eleventh Amendment

immunity for suits that seek only prospective relief against state officials, to cure ongoing state

violations of federal law.  The *Ex parte Young* doctrine enables "federal courts to vindicate

federal rights and hold state officials responsible to the supreme authority of the United States."

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 105 (1984).  To determine whether

*Ex parte Young* applies, "a court need only conduct a straightforward inquiry into whether [the]

---

[16] *But see* Brief in Support of Larry Jegley's Motion to Dismiss, dated Oct. 19, 2016 (ECF No. 26), at 2 n.2 (Sherwood District Court will not become a State District Court until January 1, 2021.)

complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002).

The *Ex parte Young* doctrine would apply in this case, where Plaintiffs allege ongoing violations of the U.S. Constitution by Judge Hale under § 1983, seek prospective declaratory relief against the Judge in his official capacity, and seek no remedial relief whatsoever.  *See, e.g.*, *Ward*, 640 F. App'x at 467-68 ("[S]overeign immunity does not bar plaintiffs' declaratory judgment claim against [Ohio] Judge Ridge . . . in [his] official capacit[y].  Plaintiffs seek a declaration that Judge Ridge . . . violated and continue[s] to violate the Constitution.  This falls squarely within the *Ex parte Young* doctrine."); *see also Nix v. Norman*, 879 F. 2d 429, 432-33 (8th Cir. 1989) ("A state agent . . . may be sued in his official capacity [pursuant to §1983 under *Ex parte Young*] if the plaintiff merely seeks . . . prospective relief for a legally cognizable claim.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 109 (1989), and *Edelman v. Jordan*, 415 U.S. 651, 667-68 (1974)); *accord 281 Care Comm. v. Arneson*, 638 F.3d 621, 631-33 (8th Cir. 2011) ("Under our precedent, this connection [between defendant attorney general and enforcement of the state law in question] is strong enough to bring this suit under the *Ex Parte Young* exception to Eleventh Amendment immunity.  While we do require some connection between the attorney general and the challenged statute, that connection does not need to be primary authority to enforce the challenged law.")

Moreover, Judge Hale's arguments for judicial immunity as a bar to the official capacity claims are irrelevant.  *See* S. Def. Br. at 13, 15.  "The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment."  *Kentucky*, 473 U.S. at 167; *see also Campbell*, 702 F.3d at 1141; *VanHorn v. Oelschlager*, 502 F.3d at 778-79.  Assuming Judge Hale is a state actor, Judge

Hale would be the state official who Plaintiffs have sued in his official capacity under the *Ex parte Young* doctrine to declare unconstitutional the State of Arkansas' debt collection policies and customs reflected in the Sherwood District Court. Judge Hale's individual status as an alleged state judge—and any immunity that he may have personally—would not shield him from Plaintiffs' official capacity claims.

**IV.     The *Rooker-Feldman* and *Heck* Doctrines Do Not Apply Because Plaintiffs Do Not Seek To Review or Reject Past Judgments or Shorten Incarceration**

A.     *Rooker-Feldman* Abstention Does Not Apply to Plaintiffs' Claims.

Sherwood Defendants argue, without basis, that Plaintiffs' claims should be dismissed under the *Rooker-Feldman* doctrine, which bars "state-court losers" from "inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). They claim that Plaintiffs "are impermissibly seeking review and reversal of the Sherwood District Court's sentences and asking that the future state statute violators go unpunished." S. Def. Br. at 20. But these assertions misconstrue Plaintiffs' claims. Plaintiffs only seek to have declared unconstitutional, as a violation of core Due Process, Equal Protection, and other constitutional rights, the Sherwood District Court's post-conviction debt collection processes, which exploit those who are unable to pay their fines, fees, and court costs.

In the Eighth Circuit, *Rooker-Feldman* only bars a claim if "the plaintiff in federal court, in fact, seeks relief from the state court judgment." *Hageman v. Barton*, 2016 WL 1212235, at *3 (8th Cir. Mar. 29, 2016). "[N]ot every federal claim which would cast doubt on a state court judgment is barred by *Rooker-Feldman.*" *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004). In this action, as in *MSK EyEs Ltd. v. Wells Fargo Bank*, "[a]lthough [Plaintiffs] complain of injuries caused by the [local] court judgment, their claims do not seek review and rejection of

that judgment.  They do not challenge the court's issuance of the judgment or seek to have that judgment overturned."  546 F.3d 533, 539 (8th Cir. 2008).

Rather, Plaintiffs seek prospective relief related to, *inter alia*, Sherwood's post-conviction collection methods and procedures in the Sherwood District Court for failures to pay court costs, fines, and fees owed by individuals despite their inability to pay.  *See, e.g.*, Compl. ¶¶ 136, 143, 145.  Plaintiffs simply do not challenge the underlying guilty pleas, convictions, and sentences that led to those outstanding court costs, fines, and fees.  Because none of the relief that Plaintiffs seek would require the rejection of the Sherwood District Court's underlying state law judgments, *Rooker-Feldman* does not apply.

In *Fant v. City of Ferguson*, the District Court held that very similar claims to those asserted here did not implicate *Rooker-Feldman*.  The *Ferguson* plaintiffs brought a class action alleging violations of their Fourth, Sixth, and Fourteenth Amendment rights, arising from the Ferguson's practice of jailing individuals for failing to pay fines.  107 F. Supp. 3d 1016, 1022-24 (E.D. Mo. 2015).  Ferguson argued that the *Rooker-Feldman* doctrine barred the suit because the harm to plaintiffs arose from allegedly unconstitutional practices that resulted in unconstitutional judgments.  *Id.* at 1024.  The court rejected that argument, holding that "[b]ecause Plaintiffs do not complain of injuries caused by the state court judgment, but rather by the post-judgment procedures employed to incarcerate persons who are unable to pay fines, *Rooker-Feldman* is . . . inapplicable."  *Id.* at 1030.  That exact reasoning applies here, where Plaintiffs do not challenge the underlying state law judgments that led to outstanding fees, fines, and costs.  *Rooker-Feldman* does not apply.

B.     The *Heck* Bar Does Not Apply Because Plaintiffs Do Not Seek A Necessary End
       to, or Acceleration of, Confinement Imposed by the Sherwood District Court

Sherwood Defendants incorrectly rely on *Heck v. Humphrey*, 512 U.S. 477 (1994), as a

basis to challenge Plaintiffs' Complaint.  They erroneously allege that Plaintiffs are seeking to

challenge "the fact or duration of [their] confinement" in a § 1983 action, which a plaintiff may

not do under *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  Sherwood Defendants also rely on

the rule—inapplicable here—that if a state prisoner seeks release from prison, he "must seek

federal habeas corpus relief (or appropriate state relief)."  *Wilkinson v. Dotson*, 544 U.S. 74,

78 (2005) (citing *Heck*).  Sherwood Defendants again misstate Plaintiffs' claims, the relief they

seek, and the relevant law.

The Supreme Court has made clear that the *Heck* bar only applies where plaintiffs' claims

would <u>necessarily</u> result in "immediate or speedier release for the prisoner."  *Wilkinson v.

Dotson*, 544 U.S. 74, 81 (2005); *see also Skinner v. Switzer*, 562 U.S. 521, 533-35 (2005); *White

v. Fergus*, 2015 U.S. Dist. LEXIS 156632, at *3 (E.D. Ark. Nov. 13, 2015).

Where a § 1983 claim will not necessarily shorten or end incarceration, and instead seeks

only prospective relief, the *Heck* bar does not apply.  For example, in *Edwards v. Balisok*, the

Court found that while state prisoners could not use § 1983 to challenge the deprivation of

good-time credits that would necessarily shorten a sentence, they could seek an injunction

barring future unconstitutional procedures, because "[o]rdinarily, a prayer for such prospective

relief will not 'necessarily imply' the invalidity of a previous loss of good-time credits."

520 U.S. 641, 648 (1997); *see also Wolf v. McDonnell*, 418 U.S. 539, 553 (1974) (finding state

prisoners could not challenge revocation of good-time credits, but could seek declaratory relief

against disciplinary procedures used by guards).

Notably, in *Wilkinson v. Dotson*, state prisoners challenged the constitutionality of Ohio's

parole procedures under § 1983, seeking new parole hearings.  544 U.S. 74, 76 (2005).  The

Court found the claims cognizable because "[n]either respondent seeks an injunction ordering his

immediate or speedier release into the community"; rather, success would "mean[] at most new

eligibility review, which at most will speed *consideration* of a new parole application."  *Id.* at 82.

In this case, Plaintiffs do not seek to end or shorten any terms of confinement.  Instead,

they seek a declaration that Defendants' post-conviction debt collection scheme violates specific

constitutional rights (as set forth in the separate claims of the Complaint, Compl. ¶¶ 135-172)

and a prospective injunction barring Sherwood and Pulaski County from continuing the scheme.

None of the relief sought here would necessarily shorten or end any existing prison sentences.

As in *Wilkinson*, relief here would—at most—result in new hearings to consider a Plaintiff's

ability to pay the fines, fees, and court costs assessed by the Sherwood District Court and, if and

when a Plaintiff is found unable to pay, require further proceedings consistent with that finding.

Other courts have found that *Heck* does not apply to § 1983 claims similar to Plaintiffs'.

In *Ferguson*, *Heck* did not bar challenges to Ferguson's post-judgment fee collection policies

because "[a] judgment in Plaintiffs' favor would not necessarily demonstrate the invalidity of

Plaintiffs' underlying traffic convictions or fines, but only the City's procedures for enforcing

those fines."  107 F. Supp. 3d at 1028-29.  Similarly, *Heck* did not apply in *Cain v. City of New

Orleans*, where plaintiffs did not challenge the bases for guilty pleas but only New Orleans'

policy of jailing indigent criminals in an effort to collect unpaid court costs without "sufficient

inquiry into . . . defendants' good-faith ability to pay."  2016 U.S. Dist. LEXIS 53554, at *21-24

(E.D. La. Apr. 21, 2016); *see also Ray v. Judicial Corr. Servs.*, 2013 U.S. Dist. LEXIS 139480,

at *21-24 (N.D. Ala. Sept. 26, 2013) (finding *Heck* inapplicable to "procedural challenges to the

Town's conduct—*e.g.*, the lack of an indigency hearing . . . and/or the lack of providing counsel prior to incarceration" that did not "attack[] the propriety of . . . confinement or probation").

## V.     Plaintiff Philip Axelroth Properly States an Illegal Exaction Claim Against Sherwood Based On Misapplication and Illegal Spending of Public Funds

Sherwood Defendants ask the Court to dismiss, at the pleadings stage, Plaintiff Philip Axelroth's illegal exaction claim against Sherwood based on their flat assertion that "Sherwood has committed no constitutional violation, and its only involvement in this case is that involvement which is mandated by state law."  S. Def. Br. at 23.  In support, Sherwood Defendants rely on the Arkansas Supreme Court's decision in *Chapman v. Bevilacqua*, 344 Ark. 262 (2001).  That case, however, was decided on a motion for summary judgment, not on a motion on the pleadings.  *See id.* at 266-67; c*f. McGhee v. Ark. State Bd. of Collection Agencies*, 360 Ark. 363, 368, 373 (2005) (reversing dismissal of complaint alleging illegal exaction, finding allegations sufficient to state a claim).  Moreover, *Chapman* fully supports that Plaintiffs in this action have alleged sufficient facts to support Plaintiff Philip Axelroth's claim for illegal exaction under the Arkansas Constitution, Art. 16 § 13.

An illegal exaction is any exaction that is not authorized by law or is contrary to law.

Two types of illegal-exaction cases can arise under article 16, section 13: "public funds" cases, where the plaintiff contends that public funds generated from tax dollars are being misapplied or illegally spent, and "illegal-tax" cases, where the plaintiff asserts that the tax itself is illegal.

*McCafferty v. Oxford Am. Literary Project, Inc*., 484 S.W.3d 662, 664 (Ark. 2016).  A "public funds" type of illegal exaction claim can proceed where plaintiff has alleged that "monies generated from tax dollars or arising from taxation are being misapplied or illegally spent."  *Id*.; *Bowerman v. Takeda Pharms. U.S.A.*, 442 S.W.3d 839, 843 (Ark. 2014).  In Plaintiffs'

Complaint, Plaintiff Philip Axelroth asserts a "public funds" type illegal exaction claim.  Compl. ¶¶ 7, 15, 173-175. [17]

Mr. Axelroth alleges that, as a result and as a part of Defendants' illegal debt collection scheme through the Sherwood District Court, individuals are being unconstitutionally imprisoned in the Pulaski County Jail for non-payment of court costs, fines, and fees despite their inability to pay those debts and without any inquiry into whether they can pay.  *Id.* ¶¶ 7, 10, 58-60, 175.  With respect to each of the four named class representatives (the other named Plaintiffs), Mr. Axelroth alleges that each of them has been illegally incarcerated in the Pulaski County Jail as a result of this illegal debt collection scheme.  *See id.* ¶¶ 18, 88-89, 92-95 (Charles Dade); *id.* ¶¶ 19, 102-105 (Nakita Lewis); *id.* ¶¶ 20, 115-116 (Nikki Petree); *id.* ¶¶ 21, 125-127 (Lee Robertson).  Mr. Axelroth further alleges that both Sherwood and Pulaski County spend, and have spent, taxpayer funds to illegally hold these individuals in the Pulaski County Jail as part of and as a result of this illegal scheme.  *Id.* ¶¶ 24-25, 41, 58-60, 72-73, 75-77, 84.  As such, Mr. Axelroth alleges that Sherwood and Pulaski County misuse and misapply public funds, pursuant to Defendants' illegal scheme, to incarcerate these individuals in violation of their Constitutional rights.

Mr. Axelroth also alleges that Sherwood and Pulaski County are improperly expending public funds to support and perpetuate the pervasive, illegal debt collection scheme detailed in the Complaint.  First, Defendants are systemically violating Plaintiffs' rights through this scheme.  *See, e.g.*, *id.* ¶¶ 28-32 (illegally closing the courtroom); *id.* ¶¶ 33-39 (violating the right

---

[17] The only standing requirements under Article 16, Section 13, of the Arkansas Constitution to bring a public funds case are that plaintiff is a citizen and has contributed tax money to the public treasury of the defendant municipality. *See, e.g.*, *Ghegan & Gheagan, Inc. v. Weiss*, 338 Ark. 9, 13-16 (1999).  The amount of public funds that are illegally spent or misapplied can be *de minimis* but will still confer standing on a taxpayer.  *Chapman*, 344 Ark. at 271 (payment of city's employee salaries to conduct illegal program sufficient); *Starnes v. Sadler*, 237 Ark. 325, 329-30 (1963); *see* Compl. ¶¶ 23, 175; *see also Booth v. Hvass*, 302 F.3d 849, 851-52 (8th Cir. 2002) (municipal taxpayer has standing to sue to enjoin the illegal disposition of his or her taxes).

to counsel); *id*. ¶¶ 43, 46, 55 (failing to provide defendants adequate due process); *id*. ¶¶ 51-62

(enforcing an illegal and unauthorized collection scheme); *id*. ¶ 76 (use of arrest warrants not

supported by oath or affirmation attesting to probable cause).  Second, Sherwood and Pulaski

County are using taxpayer-generated funds to support this illegal scheme.  *See id*. ¶¶ 5, 7, 24-25,

63-64, 66, 68, 72-73, 78, 80, 84, 175.  These allegations are that "the expenditure of public funds

to support the [Defendants' illegal scheme] would be a misapplication of public funds", *see*

*McGhee*, 360 Ark. at 372, and, thus, sufficiently state a cause of action for illegal exaction.

Ignoring these allegations, Sherwood Defendants argue Sherwood has not committed any

constitutional violations and its only involvement "is mandated by state law."  S. Def. Br. at 23.

On a motion on the pleadings, the Court cannot simply ignore Plaintiffs' factual allegations and,

instead, must assume they are true.  *Haney*, 2016 U.S. App. LEXIS 17287, at *10.  On that basis

alone, Sherwood Defendants' challenge to the illegal exaction claim fails.

The Sherwood Defendants also refer to *Chapman* as "instructive," but, in fact, it does not

advance their arguments.  The *Chapman* Court held that the plaintiff had to establish the

expenditure of money was an illegal exaction, *i.e.*, that the challenged program was illegal.  344

Ark. at 272.  In that case, the lower court had found on summary judgment, and after lengthy

discovery, that the challenged program — spending public funds on a housing and urban

redevelopment program — was a "public purpose" and, therefore, not unconstitutional under the

Arkansas Constitution.  *Id*. at 272-73.

By contrast, Mr. Axelroth here alleges that Defendants spend money from their general

funds to operate an illegal debt collection scheme that is violating Plaintiffs' constitutional rights,

facts which must be accepted as true for purposes of this motion.  Plaintiffs' allegations detail

how the scheme operates, *see* Compl. *passim*, the role each Defendant has in supporting and

funding that scheme, *see id.*, how the scheme is inconsistent with Arkansas' fine collection law, *see id.* ¶¶ 51-52, and how the scheme results in the illegal incarceration of individuals in violation of their rights, *see, e.g., id.* ¶¶ 10-15, 175 & *passim*.  These allegations of misusing public funds are sufficient to state a claim for illegal exaction, *see McGhee*, 360 Ark. at 371-72, and for those reasons, Sherwood Defendants' request to dismiss these claims must be denied.

## VI.    Sherwood's Attempt to Incorporate New Legal Arguments After Filing Its Rule 12(c) Motion

On October 6, 2016, the Sherwood Defendants filed its Motion for Judgment on the Pleadings (ECF No. 15) (the "Motion"), and simultaneously filed the Sherwood Defendants' 26-page brief in support of that motion (ECF No. 17), to which Plaintiffs' instant brief responds.

On November 16, 2016, five days before Plaintiffs' responsive brief was due, the Sherwood Defendants moved this Court to "adopt and incorporate" additional legal arguments that they chose not to include in Sherwood Defendants' brief filed over six weeks ago, ECF No. 17, but that were only raised by the other defendants in this action in their separate motions and supporting briefs.[18]  *See* ECF No. 41 ("Motion to Adopt").  Without more explanation by Sherwood Defendants other than these new "arguments apply equally to the Separate Defendants," Sherwood Defendants seek to adopt all arguments "regarding abstention and more in-depth arguments regarding *Heck v. Humphrey* and *Rooker-Feldman* [that] have been made by the other Defendants."  *Id* ¶ 4.  In support of their Motion to Adopt, the Sherwood Defendants cite only to Fed. R. Civ. P. 10(c).  *Id* ¶¶ 4, 7.

Fed. R. Civ. P. 10(c) is not intended to allow parties to untimely assert new legal arguments that they previously chose not to raise in their prior moving papers.  Sherwood

---

[18] *See* Motion to Dismiss Amended Complaint, and Brief in Support of Larry Jegley's Motion to Dismiss, dated October 19, 2016, filed by Defendant Larry Jegley (ECF Nos. 25-26); Motion for Judgment on the Pleadings, and Brief in Support of Motion for Judgment on the Pleadings, dated October 21, 2016, filed by Defendant Pulaski County, Arkansas (ECF No. 28-29).

Defendants' Motion to Adopt does not even identify which "abstention" arguments from papers filed by the other defendants are alleged to be applicable to Sherwood Defendants. *Id* ¶ 4.

To the extent the Court decides to consider these additional arguments in connection with the Sherwood Defendants' Motion, then further to Fed. R. Civ. P. 10(c), Plaintiffs incorporate by reference as if fully set forth herein Plaintiffs' Response in Opposition to Motion for Judgment on the Pleadings by Pulaski County, Arkansas, dated November 21, 2016, and to Plaintiffs' Response in Opposition to Motion to Dismiss by Defendant Larry Jegley, dated November 21, 2016. These two responsive briefs, filed by Plaintiffs concurrently with this brief, respond in full to any new legal arguments that Sherwood Defendants seek to incorporate by reference through their Motion to Adopt, ECF No. 41.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Sherwood Defendants' motion for judgment on the pleadings be denied in its entirety.


Dated: November 21, 2016                    By: /s/ J. Alexander Lawrence
                                            Bettina E. Brownstein
                                            **BETTINA E. BROWNSTEIN LAW FIRM**
                                            904 West 2nd Street
                                            Little Rock, AR 72201
                                            Tel: (501) 920-1764
                                            bettinabrowstein@gmail.com

                                            J. Alexander Lawrence
                                            Jayson L. Cohen
                                            **MORRISON & FOERSTER LLP**
                                            250 West 55th Street
                                            New York, NY 10019
                                            Tel: (212) 336-8638
                                            Fax: (212) 468-7900
                                            ALawrence@mofo.com
                                            JCohen@mofo.com

Reggie Koch
**THE KOCH LAW FIRM**
2024 Arkansas Valley Drive, Suite 707
Little Rock, AR 72212
Tel: (501) 223-5310
Fax: (501) 223-5311
reggie@reggiekoch.com

Hallie N. Ryan
**LAWYERS COMMITTEE FOR
CIVIL RIGHTS UNDER THE LAW**
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005
Tel: (202) 662-8359
HRyan@lawyerscommittee.org

*Attorneys for Plaintiffs*

TO:

Michael Mosley
Post Office Box 38
North Little Rock, AR  72115
Tel:  (501) 978-6131
mmosley@arml.org

John Wesley Hall, Jr.
1202 Main Street, Suite 210
Little Rock, Arkansas 72202-5057
Tel:  (501) 371-9131
ForHall@aol.com

*Attorneys for City of Sherwood and
Honorable Milas H. Hale, III*

Leslie Rutledge, Attorney General
By:   Patrick Hollingsworth, Assistant
        Attorney General
323 Center Street, Suite 200
Little Rock, AR  72201-2610
Tel:  (501) 682-1051
Patrick.hollingsworth@arkansasag.gov

*Attorneys for Larry Jegley, in his official
capacity as Prosecuting Attorney for the
Sixth Judicial District*

37

David M. Fuqua
Fuqua Campbell, P.A.
3700 Cantrell Road, Suite 205
Little Rock, AR 72202
Tel: (501) 374-0200
dfuqua@fc-lawyers.com

*Attorneys for Pulaski County*

<u>**CERTIFICATE OF SERVICE**</u>

I, Jayson L. Cohen, certify that on November 21, 2016, I filed the foregoing

**PLAINTIFFS' RESPONSE IN OPPOSITION  TO MOTION FOR JUDGMENT ON THE**

**PLEADINGS  BY CITY OF SHERWOOD, ARKANSAS, AND HONORABLE MILAS H.**

**HALE, III,** using the Court's CM/ECF system, whereby all counsel of record were served.


 /s/ *Jayson L. Cohen*                              
Jayson L. Cohen