IN THE UNITED STATES DISTRICT COURT
EASTERN DISTICT OF ARKANSAS
WESTERN DIVISION

**CHARLES DADE, et al.**                                                              **PLAINTIFFS**

vs.                                    No. 4:16-cv-602-JM

**CITY OF SHERWOOD, et al.**                                                  **DEFENDANTS**

**LARRY JEGLEY'S REPLY TO THE PLAINTIFFS'
RESPONSE TO HIS MOTION TO DISMISS**

The Response to Larry Jegley's Motion to Dismiss refers to generalities and conclusions but never articulates specific conduct of Larry Jegley or his employees that plausibly establishes a cause of action against Jegley based on the U.S. Constitution. Nor do the Plaintiffs satisfactorily explain how this Court can redress their alleged injuries without direct involvement in the operations of the Sherwood District Court.

### I. Jegley is immune from suit.

Jurisdiction over Jegley hinges on whether the Plaintiffs can show that he violated a right secured by the constitution or laws of the United States. The constitutional harm the Plaintiffs assert is imprisonment by the Sherwood District Court without proper consideration of their ability to pay. To chin the jurisdictional bar the Plaintiffs must answer two basic questions. First, what (if anything) does the U.S. Constitution require a prosecutor to do in order to compel a judge to conform his practices to a constitutional requirement? Second, what did Jegley or his staff do that proximately caused the Plaintiffs to be jailed? The

Plaintiffs' response does not answer the first question; their answer to the second isn't plausible.

### A. The Amended Complaint does not establish that Jegley or his staff have violated a right protected by the U.S. Constitution.

The Plaintiffs' claims that Jegley's staff have not fulfilled all their state law duties as prosecutors do not support federal court jurisdiction. *See Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1343 (Fed. Cir. 2006). They must show that Jegley has violated federal law. *Id.* at 1333-1334.

The federal constitutional right the Plaintiffs claim Jegley violated is described in *Bearden v. Georgia*, 461 U.S. 660 (1983). *Bearden* holds that "in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for failure to pay." *Id.* at 672. "If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment." *Id.* *Bearden* imposes no obligation on the prosecution. And the Plaintiffs cite no other authority that imposes *Bearden* obligations on the prosecution.

The Plaintiffs must answer this question: what is a prosecutor constitutionally required to do in order to compel a judge to conform his practices to a particular legal or constitutional requirement? The question is never answered. Instead, the Plaintiffs recite generalities: that "Jegley's office abdicates its prosecutorial functions" and that prosecutors have a "responsibility to ensure that the proceedings are properly conducted." Pls.' Resp. in Opp'n to Mot. to Dismiss by

Def. Larry Jegley ("Pls.' Response) 11-12, ECF No. 46.  They claim that Jegley's staff fail to carry out "special responsibilities under Arkansas law," but never demonstrate how this is grounded in the U.S. Constitution.

The Amended Complaint does not allege that Jegley has misled the Sherwood District Court or prevented it from observing the *Bearden* requirements.  In the end, the most the Plaintiffs say is that Jegley should have done *something* because he is a prosecutor.   This does not show that Jegley has violated the Plaintiffs' U.S. Constitutional rights.

### B. The Plaintiffs have not demonstrated that an act or omission of Jegley or his staff proximately caused their imprisonment.

Even if the Plaintiffs could demonstrate that Jegley has violated the U.S. Constitution, they must also allege that his acts caused their harm.  The Plaintiffs attempt to dilute the causation requirement by confusing the "some connection" requirement of the *Ex parte Young* rule with proximate cause, and by treating "custom and practice" as a substitute for proximate cause.

First, the "some connection" requirement of *Ex parte Young*  is used to identify the proper official to sue, if any, when a state law is challenged.  *See Digital Recognition Network, Inc. v. Hutchinson*, 803 F.3d 952 (8th Cir. 2015).  It is not a substitute for the proximate cause required to establish  an underlying section 1983 claim.

Second,  to support causation the Plaintiffs refer to their rote "practice, custom or policy" allegations – language often used in the context of municipal liability claims.  The existence of a practice, custom or policy is used to attach

3

vicarious liability to an entity for the acts of its agents, because section 1983 does not impose purely vicarious liability. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691-695 (1978). "Practice, custom or policy" is not a substitute for proximate cause.

The Plaintiffs' causation argument comes down to this: they contend that by filing cases in Sherwood District Court and by failing to control the Sherwood District, Jegley begins a process that culminates in their unconstitutional detention by the Sherwood Court. The few facts alleged about Jegley don't pass the plausibility test because, under applicable law, Jegley does not control the process or the outcome.

The Plaintiffs do not dispute that Arkansas law permits merchants to file hot check charges directly with district courts. ARK. CODE ANN. § 5-37-306. This means that hot check cases will be prosecuted in Sherwood whether or not Jegley files them. As prosecuting attorney Jegley must prosecute these cases. ARK. CODE ANN. § 16-21-103. Although he retains discretion to *ask* that charges be dismissed, the decision rests in the discretion of the court. *Smith v. Simes*, 2013 Ark. 477, 10, 430 S.W.3d 690, 697 (2013). The power to decide cases – the judicial power – is vested in the courts, not the prosecutor. Ark. Const. Am. 80, § 1.

Second, applicable law places control of the post-conviction process squarely in the hands of the court. Jegley's brief in support of his motion to dismiss points out that the powers to order restitution, fines, fees, installment payments, probation and supervision are placed in the court's hands, and that probation revocation and

4

contempt proceedings are initiated by the court. Jegley's Br. in Supp. of Mot. to Dismiss 8-9, ECF No. 26. The Plaintiffs have not disputed this.

The Plaintiffs appear to claim that Jegley should be responsible for their harm because he allegedly sets the process in motion. But the causation required is not so simple. What is required is *proximate* cause. Simply participating in a judicial process that leads to a constitutional violation is not enough. *See Hayden v. Nevada*, 664 F.3d 770 (8th Cir. 2012). "[I] is perfectly clear that not every injury in which a state official has played some part is actionable under [section 1983]." *Martinez v. State of Cal.*, 444 U.S. 277, 285 (1980).

Whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Here, the plausibility question comes down to this: whether in the light of common sense and applicable law, this Court believes that a prosecutor – who is not accused of misrepresenting the facts or the law – can be the proximate cause of a judge's decision to jail defendants who do not pay.

## II. The Plaintiffs lack standing as to Jegley.

The Plaintiffs say they have standing to sue Jegley because "they have been subjected to an unconstitutional scheme established and furthered by the prosecutor's office." Pl. Resp. 17. They do not dispute, however, that the Amended Complaint's detailed description of their individual ordeals does not identify a

single instance of misconduct by Jegley or his staff that is specific to any of the Plaintiffs. Where multiple parties are sued the plaintiffs must show as to each defendant instances of misconduct that have harmed them; general allegations of a "pattern and practice of conduct," like those relied upon the Plaintiffs, do not support standing. *See O'Shea v. Littleton*, 414 U.S. 488, 495 (1974). Here, the Amended Complaint identifies no act or omission of Jegley or his staff that occurred in the course of the Plaintiffs' cases.

### III. The Court must abstain because the Plaintiffs challenge their convictions and sentences.

There is a "longstanding public policy against federal court interference with state court proceedings." *Younger v. Harris*, 401 U.S. 37, 43 (1971). That is exactly what the Plaintiffs ask this Court to do. The Amended Complaint asks for a declaration that the Plaintiffs' rights have been violated by sanctions already imposed in their respective criminal cases, and it indicates that their criminal cases are ongoing. The Plaintiffs have asked for everything *but* an order expressly decreeing that they are released from their criminal court obligations. They have asked this Court to determine that, for all intents and purposes, the Sherwood District Court's orders are invalid. Am. Compl., Prayer for Relief, ¶¶ A-J. And the Plaintiffs ask for injunctions changing the "practices and policies" of the prosecutor and the court. Am. Compl., Prayer for Relief, ¶¶ L-M.

Although they disclaim any intent to have this Court meddle in the affairs of Judge Hale's court, the Plaintiffs do not explain how an injunction or declaratory

judgment might be enforced.  If this Court grants a declaratory judgment or injunction, and if the Sherwood District Court takes action that the Plaintiffs believe does not comply, doesn't this Court necessarily become involved in reviewing and potentially controlling Sherwood District Court proceedings?  Can this Court invalidate Sherwood's judgments?  May it change the Plaintiffs' sentences, or make alternative arrangements for payment?  May this Court mandate procedures to be followed by the Sherwood District Court?  The Plaintiffs offer no solutions to these serious questions.   The Plaintiffs do not dispute that state court remedies are available, and they do not deny that the state courts are able and willing to entertain their claims.  Abstention is required in these circumstances.

## IV. Conclusion.

Because the Plaintiffs have not stated facts showing that Larry Jegley violated a constitutional duty that has harmed them, Jegley is immune from suit, and the Plaintiffs have no standing to sue him.  For this reason, Jegley is entitled to be dismissed.  In addition, this Court should abstain from reviewing and regulating the affairs of the Sherwood District Court.

Respectfully submitted,

LESLIE RUTLEDGE
ATTORNEY GENERAL

By: /s/ Patrick Hollingsworth
Arkansas Bar No. 84075
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 682.1051
Fax: (501) 682.2591
patrick.hollingsworth@arkansasag.gov
*Attorneys for Separate Defendant
Larry Jegley*

CERTIFICATE OF SERVICE

I, Patrick Hollingsworth, hereby certify that on December 8, 2016, the foregoing was served via CM/ECF to the following:

Michael Mosley
P.O. Box 38
North Little Rock, AR 72115

Bettina E. Brownstein
904 West 2nd Street
Little Rock, AR 72201

J. Alexander Lawrence
Jason L. Cohen
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019

Reggie Koch
2024 Arkansas Valley Drive
Little Rock, AR 72212

Hallie N. Ryan
Lawyers Committee for Civil
 Rights under the Law
1401 New York Avenue NW, Suite 400
Washington, D.C. 20005

David M. Fuqua
Fuqua Campbell P.A.
3700 Cantrell Road
Little Rock, AR 72202

John Wesley Hall
1202 Main Street, Suite 210
Little Rock, AR 72202-5057

By: */s/ Patrick Hollingsworth*
PATRICK HOLLINGSWORTH