IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES DADE; NAKITA LEWIS;
NIKKI PETREE; LEE ANDREW
ROBERTSON; and PHILIP AXELROTH,
individually and on behalf of all others
similarly situated                                                              PLAINTIFFS


V.                                              NO. 4:16-CV-602-JM-JJV


CITY OF SHERWOOD, ARKANSAS;
PULASKI COUNTY, ARKANSAS;
LARY JEGLEY in his official capacity; AND
HONORABLE MILAS H. HALE, III,
in his official and individual capacities                                       DEFENDANTS


## SHERWOOD'S AND HALE'S REVISED REPLY TO RESPONSE TO MOTION FOR JUDGMENT ON THE PLEADINGS

Separate Defendants City of Sherwood and Honorable Milas H. Hale, III, Reply to Response to Motion for Judgment on the Pleadings:

### INTRODUCTION

Sherwood and Hale filed a motion for judgment on the pleadings and Plaintiffs have responded. Separate Defendants replied and now revise their reply within the time for filing the original reply. The revision omits an exhibit, revises Exhibit A (Orders), and adds additional and different discussion on page 14 below, citing an additional U.S. Supreme Court case. Separate Defendants respectfully request the instant revision be substituted for the original reply.

Herein, Separate Defendants submit Plaintiffs' response does not overcome the motion for judgment on the pleadings and the Separate Defendants are entitled to judgment pursuant to Rule 12(c) or, alternatively, Rule 56 if this Court converts the motion into one for summary judgment.

Indeed, Plaintiffs argue the Court can consider public records without converting the motion to one for summary judgment. We agree and, thus, have attached exclusively public records to this Reply. As to the standard of review, we agree with Separate Defendant Jegley in his brief (Doc. No. 26), that Plaintiffs' conclusory allegations and legal conclusions are not to be deemed true when ruling on a motion under Rule 12. And primarily, that is what Plaintiffs allege. As a matter of law, Sherwood and Hale are entitled to dismissal even assuming *arguendo*, the *facts* pled are correct.

For the reasons stated in the original motion and herein, Plaintiffs' claims must be dismissed: (1) the *Rooker-Feldman* and *Heck v. Humphrey* doctrines deny relief, (2)(a) Hale is not a Sherwood policymaker, final or otherwise, and, (b) as a matter of law, the City has no control, policy, or custom, that allegedly caused any *unconstitutional* action complained of by the Plaintiffs, (3) Hale is judicially immune from even declaratory relief[1] (4) because plaintiffs lack standing and the case is moot. Plaintiffs attempt to redraw their Amended Complaint in response to the Motion for Judgment on the Pleadings and the attached exhibits; and (5) because Plaintiff Alexroth has failed to state a claim for relief sufficient to overcome dismissal regarding an alleged state illegal exaction. Thus, Sherwood and Hale are entitled to dismissal of Plaintiffs' Arkansas Civil Rights Act claims to the same extent they are entitled to dismissal of the other claims.

A.   ***Rooker-Feldman* and *Heck v. Humphrey* bar Plaintiffs' suit**.

Plaintiffs' claims are barred by *Rooker-Feldman* and *Heck v. Humphrey*. Plaintiffs rely on a case where the court refused to follow Eighth Circuit precedent and, respectfully, the Plaintiffs

---

[1] *See Corum v. McGuire*, 99 F.3d 1143 (8th Cir. 1996) (*per curiam*) (unpublished). There, the United States Court of Appeals for the Eighth Circuit granted immunity for a county judge (county trial judge) against a claim of, *inter alia*, declaratory relief.

and the court in *Fant v. City of Ferguson*, 107 F.Supp.3d 1016, 1029 (E.D. Mo. 2015), are in error.

Despite its attempt to distinguish binding authority, the court in *Fant* ruled contrary to binding

authority from the Eighth Circuit in *Newmy v. Johnson¸* 758 F.3d 1008, 1009-10 (8th Cir. 2014),

and, instead, ruled pursuant to a Sixth Circuit case. Thus, it is entitled to no precedential value.[2]

Plaintiffs' claims should be dismissed as barred by *Rooker-Feldman* and *Heck v. Humphrey* be-

cause Plaintiffs' claims are improper collateral attacks on their convictions and sentences. Portions

of the First Amended Complaint demonstrating Plaintiffs' allegations *do* challenge their convic-

tions and sentences without ever having appealed to Pulaski County Circuit Court are discussed in

the margin.[3]

---

[2]   *See, e.g., Zuniga v. United Can Co.,* 812 F.2d 443, 450 (9th Cir. 1987) ("District courts are … bound by the law of their own circuit, and 'are not to resolve splits between circuits no matter how egregiously in error they may feel their own circuit to be.'"); *Fox v. Acadia State Bank,* 937 F.2d 1566, 1570 (11th Cir. 1991) ("a district court in this circuit is bound by this court's decisions"); *United States v. Higdon*, 638 F.3d 233, 247 (3d Cir. 2011) (criticizing district court judge for refusing to follow circuit precedent and granting mandamus relief because judge conducted trial according to his own personal view of the law).

[3] Plaintiffs argue they do not seek to have their convictions and sentences declared unconstitutional. They claim *now* they only seek prospective relief and do not challenge any past aspects of their sentences. They claim they are only challenging an alleged "fine collection" scheme. That alleged "scheme" constitutes, as Plaintiffs' allege, separate charges, *convictions* and *sentences* for contempt of court for failure to pay court-ordered fines, fees, and restitution. *First Amended Complaint* ¶ 5 ("a debt enforcement scheme that results in widespread arrest and jailing, *duplicative criminal prosecutions* for failure to appear at 'review hearings' and/or for late payments of court costs, fines, and fees."), ¶ 6 ("imprison citizens who have been *sentenced* to pay court costs, fines, and fees without making any inquiry into whether they are able to pay." … "which have resulted a long-standing insidious system of *charging*.").
    Plaintiffs in fact attempt to avoid the *Heck* bar by parsing words, but they really can't: "[c]ontrary to Sherwood Defendants' assumption … Plaintiffs are not seeking to adjudicate the constitutionality of a statute *or contesting a criminal conviction or sentence by a Judge*." Yet, that is exactly what Plaintiffs' First Amended Complaint seeks to do. *See First Amend. Compl*. ¶¶ 170 ("bringing new charges for 'failure to pay—contempt of court,' *such as those warrants that were issued and charges brought against Class Plaintiffs*) (emphasis added) & 171 ("new criminal charge"). Indeed, in Plaintiffs' "Request for Relief" on page 56-57 of the First Amended Complaint they repeatedly seek declaratory judgment that the Defendants "*violated*" their rights for failure-to-pay charges.

In fact, all of Plaintiffs' requests for relief are targeted at matters they have or had the opportunity to appeal and argue on direct appeal to Pulaski County Circuit Court where they would receive a trial *de novo*. Ark. Dist. Ct. R. 2(b) ("There shall be no jury trials in district court. In order that the right of trial by jury remains inviolate, all appeals from judgment in district court shall be de novo to circuit court); Ark. Code Ann. § 16-17-703 (same); Ark. Dist. Ct. R. 9(a) (all appeals to Circuit Court have to be filed with Circuit Clerk within 30 days of the judgment). "The purpose of the trial de novo is to conduct a trial as though there had been no trial in the lower court. *Bussey v. State*, 315 Ark. 292, 867 S.W.2d 433 (1993)." *Swint v. State*, 356 Ark. 361, 364, 152 S.W.3d 226, 227-28 (2004). The trial *de novo* right in Arkansas's Circuit Courts has existed as long as there have been courts below the circuit courts.

"In *Heck v. Humphrey*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, __or__ sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus." *Clayborne v. Lancaster County*, 2015 WL 6829096, at *3 (D. Neb. Nov. 6, 2015) (citing *Heck*, 512 U.S. at 486-87)) (emphasis added). There, the Court further held that the *Heck* bar also applies to claims for declaratory and injunctive relief "when the concerns underlying *Heck* exist." (quoting *Lawson v. Engleman*, 67 Fed. Appx. 524, 526 n.2 (10th Cir. 2003)).

And the Supreme Court made clear in *Heck* the fact that a criminal defendant is no longer incarcerated does not affect the *Heck* bar in cases such as this one. In *Newmy v. Johnson¸* 758 F.3d 1008, 1009-10 (8th Cir. 2014), the Court held: "We think the principle barring collateral attacks— a longstanding and deeply rooted feature of both the common law and our own jurisprudence—is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Id.*

(quoting *Heck*, 512 U.S. at 490 n.10). The Eighth Circuit made clear that, despite a division in the federal circuits, it has maintained its adherence to footnote 10 of *Heck*. *Id*. Thus, Plaintiffs' claims, clearly challenging charges, convictions, and sentences per Plaintiffs' Amended Complaint, must be dismissed as inappropriate collateral attacks.

Plaintiffs do concede that "contesting a criminal conviction or sentence by a Judge" is barred by *Heck* and *Rooker-Feldman*. They simply claim that's not what they seek to do, despite the First Amended Complaint's plain language to the contrary. However, no matter what relief Plaintiffs' request, if a ruling in their favor would necessarily imply the invalidity of their convictions or sentences in this Circuit, they are thus barred by *Heck* and *Rooker-Feldman*. *Newmy¸* 758 F.3d at 1009-10.

Plaintiff's own case makes this clear. In *Essenoy v. McMillian*, 2007 WL 257342 (11th Cir. 2007), the Court said that the Plaintiff's claims were barred by *Heck v. Humprey* because Plaintiff's claims, if successful, "'would necessarily imply the invalidity of his conviction or sentence'" Id. at *1-2 (11th Cir. 2007) (quoting *Heck*, 512 U.S. at 488 (1994)). Also of note, is that the Eleventh Circuit has clearly ruled in *Essenoy*, that even if declaratory relief is hypothetically available against a judge, where *Heck* applies, dismissal is still proper. *Id.* at *2 & n.5. *See Plaintiffs' Response* at p. 19.

Thus, despite Plaintiffs' mischaracterization of their Amended Complaint in direct response to Sherwood's and Hale's motion, what they actually allege is definitely subject to the *Heck* bar and *Rooker-Feldman*. Plaintiffs must argue on direct criminal appeal to Circuit Court, rather than in this collateral proceeding, that their alleged indigence should be considered and they should be found not guilty of contempt on trial de novo, or any other claim targeting their convictions or sentences. Again, this is the manner in which the cases Plaintiffs cite were decided: *Bearden v.*

*Georgia*, 461 U.S. 660 (1983), and *Jordan v. State*, 327 Ark. 117, 939 S.W.2d 255 (1997). *Plaintiffs' Response* at p. 22. Plaintiffs' issues can and must be litigated in the given criminal case on direct appeal and *Heck v. Humprey* and *Rooker-Feldman* thus bar their claims here. Plaintiffs' attempt to characterize their claims like those in *Fant v. City of Ferguson*, is clearly unavailing (1) given the plain language of their First Amended Complaint and (2) because *Fant* has no persuasive value as discussed above.

Upon reading the motion for judgment on the pleadings, Plaintiffs have suddenly asserted that they are only seeking prospective relief for prospective events. If true, they lack standing. Regardless, their claims against Hale individually are moot because he recused from their criminal cases. The Arkansas Supreme Court—rather than the City Council or Mayor—appointed North Little Rock District Court Judge Jim Hamilton to preside over the remainder of Plaintiffs' criminal cases to the extent there are further proceedings. Ark. Const., Amendment 80, § 13(C).[4] *See Exhibit A* attached hereto, *Orders of the Arkansas Supreme Court*. Therefore, these Plaintiffs cannot obtain the relief they now claim they request against Hale individually because of mootness and lack of redressability. The claims lack redressability because, if Plaintiffs truly seek prospective relief for prospective events only, an unenforceable declaration against Judge Hale, for instance, would provide Plaintiffs no relief. *Digital Recognition Networks v. Hutchinson*, 803 F.3d 952, 958-59 (8th Cir. 2015). There, the Court held, *inter alia*, that a declaration that was unenforceable against the Governor and Attorney General of Arkansas would not redress Plaintiffs' alleged injury

---

[4]

If a Circuit or District Judge is disqualified or temporarily unable to serve, or if the Chief Justice shall determine there is other need for a Special Judge to be temporarily appointed, a Special Judge may be assigned by the Chief Justice or elected by the bar of that Court, under rules prescribed by the Supreme Court, to serve during the period of temporary disqualification, absence or need.

and, thus, standing was lacking. The same result would occur here if a declaration were issued against Judge Hale. Most obviously, he is no longer the Judge presiding over their cases. Moreover, even if he were, to enforce such a declaration would most certainly run afoul of judicial immunity because it would amount to injunctive relief that even Plaintiffs concede he is immune from.

All of Plaintiffs' claims should be dismissed because they *are* attempted collateral attacks on their convictions and sentences. The Plaintiffs do not allege their convictions or sentences were favorably terminated. Furthermore, Plaintiffs claims should be dismissed whatever the type of relief they allegedly seek. Under *Heck v. Humprey* and *Newmy*, all of Plaintiffs' claims fail and the Separate Defendants' motion should be granted.

Furthermore, as argued in their original brief, Separate Defendants are entitled to judgment pursuant to the *Rooker-Feldman* doctrine. Here, the Plaintiffs' claims are inextricably interwined with state court judgments, and their complaints can only succeed here to the extent the Sherwood District Court was wrong in rendering those judgments. *Silverman v. Silverman*, 338 F.3d 886, 893 (8th Cir. 2003).

Therefore, Plaintiffs' claims must be dismissed.

**B.      The City is entitled to dismissal from this suit**.[5]

   **1.      *Granda* and *Harris* dictate dismissal as Judge Hale cannot be a final policymaker for the City**.

Plaintiffs fail to discuss these Defendants' most apposite case, *Harris v. City of Austin*, 2016 WL 1070863 (W.D. Tex. March 16, 2016): "[w]e have repeatedly held ... that a municipal judge acting in his or her judicial capacity to enforce state law does not act as a municipal official

---

[5] Separate Defendant City of Sherwood has not argued entitlement to immunity, so Plaintiffs' discussion of that in response is immaterial.

or lawmaker." *Id.* at \*4 (quoting *Johnson v. City of Livingston*, 40 F.3d 312 (9th Cir. 1994)). The

court ruled the City was entitled to dismissal because the municipal judge's alleged actions could

not bind the City, and the allegations there were similar to the alleged acts in this case. And there,

contrary to this case, the municipal judge *was* appointed by the City Council as was the court clerk.

Importantly, the *Harris* court said:

> Harris, however, conflates the source of judicial power—"authority under state
> law"—with the legality of the challenged judicial action under state law, arguing
> that in failing to hold indigency hearings and provide counsel, the Presiding Judge
> and other municipal court judges could not have been "acting in [their] judicial
> capacity to enforce state law" because they are violating it. Harris is incorrect. The
> distinction between a judge who is exercising judicial authority and a judge who is
> acting as a municipal policymaker does not turn upon whether or not the judge's
> judicial pronouncements are made in accordance with state law. Stated more
> plainly, a municipal judge's illegal pronouncement does not become a non-judicial
> act merely because it is illegal.

*Id.* at \*6 (citing *Mireles v. Waco*, 502 U.S. 9, 12-13 (1991)). Numerous cases are in accord and

they are in the margin.[6] Most importantly, because Plaintiffs allege constitutional violations stem-

ming from Judge Hale's alleged judicial actions, their claims against the City must fail pursuant

to Supreme Court precedent. *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 793 (1997) (Sheriff

---

[6] *Bliven v. Hunt*, 478 F. Supp. 2d 332, 337 (E.D.N.Y. 2007), *aff'd*, 579 F.3d 204 (2d Cir. 2009) (holding municipal judges are not final policymakers for municipalities); *Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1190 (10th Cir. 2003) (no municipal liability under *Monell* when a judge's clerk issued warrants the judge himself did not personally review using the judge's rubber stamp because it was not done under the auspices of the city and could not be interpreted as promulgating city policy); *Eggar v. City of Livingston*, 40 F.3d 312, 316 (9th Cir. 1994) (judge's failure to inform indigent defendants of their right to counsel did not amount to municipal policy-making); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (a judge acting in his judicial capacity is not acting as a municipal official or lawmaker); *Woods v. City of Michigan City*, 940 F.2d 275, 279 (7th Cir. 1991) (judge was acting as part of state judicial system but not as an official policy-maker); *Deleon v. City of Haltom City*, 106 Fed. Appx. 909, \*4 (5th Cir. 2004).

*not* a policymaker for the County where, in his law enforcement role, he was representing the State of Alabama not the County for which he worked).[7]

Plaintiffs continue to argue Judge Hale is a City employee, and, thus a final policymaker, because the City pays his salary and the operating expenses of the Sherwood District Court. The City makes such payments because it is mandated to do so until January 1, 2017, when Judge Hale becomes a full-time district judge. *In Re: Amended Supreme Court Statement on Limited Jurisdiction Courts Under Amendment 80*, 351 Ark. Appx. 708 (2002); Ark. Code Ann. § 16-17-115. State law even mandates the particular salary range Judge Hale can receive. Ark. Code Ann. § 16-17-108(a)(88); *see also* Ark. Code Ann. § 16-17-211 (mandating that the City pay the district court clerks' salaries, and mandating that the clerk shall act at the direction of the district court judge). Still, he was a state court judge at the time of this claim.

Judge Hale simply is not a city employee when acting in a judicial role. Given *Harris* and *Granda*, it is immaterial that Judge Hale is, for less than another month, paid by the City.[8]

If this Court does not think the answer to the question in the footnote is unclear, yet believes it is an important question, then even assuming all well-pled facts for argument sake, and even considering Plaintiffs' inconsequential attachments to their response, the City should be dismissed.

---

[7] Considering *McMillian*, Judge Hale is also entitled to dismissal in his "official capacity" because, he is a state actor when acting in a judicial role in the least. Therefore, a suit against him in his "official capacity" is one against the State, and for the reasons discussed in Separate Defendants' original brief, he enjoys immunity. As stated, Plaintiffs mischaracterize their allegations from the First Amended Complaint. Given what they actually allege, their argument that an exception to immunity exists for Hale in his "official capacity" fails. *See footnote 3, supra*.

[8] However, if this Court believes this question is central to whether the City can be held liable and this Court harbors any doubt at all, Sherwood and Hale respectfully submit the question should be certified to the Arkansas Supreme Court for a decision. *See* Ark. S.Ct. R. 6-8. The appropriate question would be: "whether a part-time district court judge is a city employee or a state court official when acting in his or her judicial role." The Rule appears to allow certification by this Court on our or the Court's own motion.

With Amendment 80, Judge Hale is a county-wide elected district judge, a member of the state judiciary *at least* when acting in a judicial role, not a City employee.[9]  The fact that he is, for less than one month, still part-time does not change the fact he is a state court judge when acting in a judicial role pursuant to (1) Amendment 80 to the Arkansas Constitution, (2) mandates by the Arkansas Legislature, and (3) the Arkansas Supreme Court's ruling. The Arkansas Supreme Court in *In Re: Supreme Court Statement on Limited Jurisdiction Courts Under Amendment 80*, 351 Ark. Appx. 678 (2002) (attached hereto due to its unavailability online) required cities to continue to pay part-time district judges and required that any statute allowing the continuation of a "municipal court" to be repealed by January 1, 2005 when they became state district courts instead.[10]

The City of Sherwood has absolutely no control of the Sherwood District Court, its existence, its requirement to pay for the District Court and Judge Hale's salary for the remainder of 2016.  Considering the fact that in *Granda v. City of St. Louis*, 472 F.3d 565, 568 (8th Cir. 2007), and *Harris* the judges were arguably more properly considered "city" officials than Judge Hale is, whether Judge Hale is a "city employee" or "state court judge" is immaterial to this case. The question is whether the Judge was acting in his judicial role and whether Plaintiffs could have appealed their convictions and sentences, which indisputably as a matter of law they could have or can.

---

[9] The acts of Hale which Plaintiffs claim are administrative by themselves do not equate to the violation of any right possessed by Plaintiffs. Further, Plaintiffs make legal conclusions unsupported by law that should not be deemed admitted in ruling on the instant motion. The acts Plaintiffs claim are "administrative" clearly are judicial considering state laws granting power to do these alleged acts exclusively by a judge. Finally, *Heck* and *Rooker-Feldman* still bar these claims whether Plaintiffs were allegedly correct in their legal conclusions.

[10] *See also* Ark. Code Ann. §§ 16-17-921(5)(A)(i) & (B)(ii) ("Pulaski County *shall have* the following district courts and judges …") ("Pulaski County *shall have* one (1) district court with the following four (4) departments … [o]ne located in Sherwood known as the Sherwood District Court.") (emphasis added).

Further, despite Plaintiffs' attempt to distinguish *Granda v. City of St. Louis*, that case clearly stands for the proposition that even a judge who is arguably a municipal employee is still not the final policymaker for a City where his or her decisions can be appealed. *Id*. at 568. Here, there is no doubt, that Plaintiffs' sentences and convictions could be appealed to circuit court as a matter of right just by filing a certified copy of the judgment with the Circuit Clerk. Plaintiffs could even file as indigents without costs. Ark. Dist. Ct. R. 2(b). Plaintiffs appear to have abandoned any claim they are not required to know the law regarding their appeal rights.

Plaintiffs' attempt to claim Judge Hale is a city employee thus fail.[11] The Judges in *Granda* and *Harris* were not final policymakers even though they were appointed by their cities. Here, as already stated, Judge Hale was last elected county-wide and unopposed on March 1, 2016. And it is wholly irrelevant that *Granda* was decided on summary judgment as opposed to a Rule 12 motion. This is an issue of law, not one of fact, and there is simply no set of facts that would change that Plaintiffs had the opportunity (and duty if they were going to claim the unconstitutionality of their convictions or sentences) to appeal Judge Hale's orders. And because that opportunity existed

---

[11] Amendment 80 created a unified court system of which *all* municipal judges became state court judges, and were thereafter referred to as "district judges." The only distinction is that some were full-time and some were part-time. And on the heels of the passage of the Constitutional Amendment, the Arkansas Supreme Court issued an opinion making this clear. *In Re: Amended Supreme Court Statement on Limited Jurisdiction Courts Under Amendment 80*, *supra.* The Court required that part-time district judges continue to be paid by the city for which they were previously a municipal judges and said very clearly that "the district court" is established as the unified limited jurisdiction court in Arkansas. The Court also explicitly said that any statue authorizing continuation of, *inter alia*, "municipal courts" were to be repealed effective January 1, 2005. Amendment 80, in creating the three-tiered unified court system, explicitly repealed the portions of the Arkansas *Constitution* permitting continuation of municipal courts. Ark. Const. Amend. 80, § 22(A). The Legislature, in 2001, passed an Act renaming the "municipal courts" as "district courts." Act 1693 of 2001 (formerly codified at Ark. Code Ann. 16-17-132(a)(1).

So, because the Arkansas Supreme Court and Arkansas General Assembly have required it, the City of Sherwood continued to pay Judge Hale's salary. This is truly immaterial because Plaintiffs concede Judge Hale will be a full-time judge in less than a month from this writing.

or exists, Plaintiff cannot hold the City liable. This is an issue of law that should be decided on this motion.

>    **2.**    ***Cain v. New Orleans* and the lack of a sufficiently pled policy or custom that allegedly caused Plaintiffs' constitutional violations require dismissal for the City.**

Nowhere do Plaintiffs address the City's arguments that (a) the constitutional requirement of separation-of-powers precludes their claims and precludes any attempt by the mayor or council to control actions of the Sherwood District Court and (b) Plaintiffs have failed to allege facts demonstrating causation, *i.e.,* that any particular policy or custom of the City or a City employee was the "moving force" behind any alleged constitutional violation.

In *Cain v. New Orleans*, 2016 WL 2849478, *4 (E.D. La. May 13, 2016), the plaintiffs' allegations regarding the city there were much too conclusory. The same is true of Plaintiffs' claims in this case. Here, Plaintiffs do not allege what particular individual, except Judge Hale, violated which Plaintiff's constitutional rights, when, and under what alleged circumstances. In *Cain*, the district court said: "Rather than identifying specific acts of misconduct by specific defendants, the First Amended Complaint rests largely on allegations of collective wrongdoing by all eighteen defendants." *Id*. The court continued:

> This pleading structure—lumping all defendants together and asserting identical allegations as to each, without distinction—largely prevents the Court from discerning which defendants are allegedly responsible for which allegedly unlawful actions.

*Id*. at *5. Such vague allegations justified dismissal under *Iqbal*. *Id.* Finally, the court ruled that allegations against the City in that case, which are near identical to Plaintiffs' allegations against the City of Sherwood here, were "legal buzzwords" and dismissal was proper. *Id*. at *8; *See also generally See O'Shea v. Littleton*, 414 U.S. 488, 496-97 (1974). Specifically, the court in *Cain* held that the only well-pled factual allegations against the City involved conduct over which the

City or its officials had no control, and thus, no alleged policy or custom was the "moving force" behind Plaintiffs' alleged constitutional violations. 2016 WL 2849478 at *7-8. For the same reasons, Plaintiffs' claims against the City of Sherwood fail.

Plaintiffs' allegations make clear they are entangling the District Court and its proceedings with the fact it happens to be in Sherwood, pays fine revenues to Sherwood pursuant to state law, and Sherwood is mandated to fund the District Court. *See First Amend. Compl.* ¶¶ 10-14. These allegations are conclusory and legal conclusions and not "facts" to be accepted as true on a Rule 12(c) motion. Considering *Harris*, *Granda*, and *Cain*, and the fact Plaintiffs can or could have appealed their convictions and sentences as a matter of right to Pulaski Circuit Court, Plaintiffs' claims are barred. Plaintiffs' allegations, even in those cited paragraphs, reveal they are complaining about actions allegedly taken or directed by Judge Hale in his judicial role, not by any factually pled policy of the City. In response to these Defendants' motion, Plaintiff allege that there is a policy or custom because of alleged statements of mayors allegedly mentioning the revenue from the District Court and because of older ordinances allowing for collection of fees passed by the City Council. First, as argued before, no praise or alleged joy with revenue from the District Court could cause any proceeding to be unconstitutional and, further, separation of powers would preclude the same. Second, the existence of facially constitutional ordinances that allegedly might be applied unconstitutionally by a state court judge, is not an unlawful policy or custom of the City.

Furthermore, Plaintiffs' vague allegations that the City has violated statutory fine collection laws fail to state a claim upon which relief can be granted against them. A violation of state statute does not ipso facto amount to a violation of the United States Constitution or Arkansas Constitution. *Rose v. City of Mulberry, Arkansas*, 533 F.3d 678, 680 (8th Cir. 2008). And the fine collection laws referenced do not contain private rights of action. "'The question whether Congress

… intended to create a private right of action [is] definitively answered in the negative" where a "statute by its terms grants no private rights to any identifiable class.'" *Gonzaga University v. Doe*, 536 U.S. 273, 283 (2002). The same reasoning should apply to a state statute. Here, there is no private right of action for Plaintiffs' allegation that *any* party violated any fine collection laws.

The "closed courtroom" allegations, even if required to be credited on a Rule 12 motion, are ones targeting alleged actions taken by unnamed individuals and are too conclusory. *Cain*, supra.; *O'Shea*, supra. They fail for the same reasons discussed in *Cain*. Under *Cain*, they are not sufficient allegations that a policy or custom of the City *caused* any constitutional violation, even assuming *arguendo* such violated any person's rights. This is true because, as stated, the City has no control as a matter of law over the Sherwood District Court. Additionally, Plaintiffs lack standing to make this claim because no Plaintiff in this action claims they were not allowed into the Sherwood District Court. Further, as described above, Plaintiffs allegations are moot because Judge Hale has recused from Plaintiffs' criminal cases and the Arkansas Supreme Court—not any city official or city body—appointed a special judge. *Exhibit A*. The fact the Arkansas Supreme Court appointed the judge, rather than the City, demonstrates that Judge Hale acts as a state actor when acting in his judicial role and Sherwood District Court is a state court. Finally, as to this allegation, Plaintiffs could seek mandamus and argue in their respective criminal cases the courtroom was allegedly closed, *if* they were excluded.[12] So, either Plaintiffs lack standing, this allegation is moot at least against Hale, and again *Heck* and *Rooker-Feldman* bars such a claim.

---

[12] *And see* Ark. Code Ann. § 16-10-105 ("The sittings of every court shall be public, and every person may freely attend the sittings of every court."); *Shiras v. Britt,* 267 Ark. 97, 100-01, 589 S.W.2d 18, 20 (1979) (pretrial hearing on admissibility of a confession); *Memphis Publishing Co. v. Burnett,* 316 Ark. 176, 178, 871 S.W.2d 359, 360 (1994) (voir dire in West Memphis Three trial couldn't be closed).

Plaintiffs appear to have abandoned any claim that a conviction for failure-to-appear and a license suspension for such a charge, is connected to their alleged indigence. That claim should be summarily dismissed. However, even if the Court were to consider it, failure to appear before Court is a specific state court charge Judge Hale is permitted to consider and license suspension for such failure to appear is within his discretion. Ark. Code Ann. § 16-17-131. If Plaintiffs challenge any such charge or action, again their true action should be in their given criminal case on direct appeal in challenge of the constitutionality of state law.

For the foregoing reasons, the City's motion should be granted.

**Judge Hale is entitled to immunity from the entirety of this suit**.

In *Corum v. McGuire*, 99 F.3d 1143 (8th Cir. 1996) (*per curiam*) (unpublished but found at 1996 U.S. App. LEXIS 39489), the Eighth Circuit was confronted with a Plaintiff's § 1983 claims regarding his conviction and sentences against a Missouri County Circuit Court (trial) Judge and others. Plaintiff sought declaratory relief and damages. While the Court's main ruling was that Plaintiff was barred from bringing his claims pursuant to *Heck v. Humphrey*, and other cases, the Court briefly also noted that the Judge was entitled to immunity from the suit. *Id*. at *1.

Plaintiffs cite *Ward v. City of Norwalk*, 640 Fed. Appx. 462 (6th Cir. 2016), as supporting their position. That case states precisely why, even if declaratory judgment is hypothetically available against a state court judge, dismissal of this suit is nonetheless appropriate:

> Our holding that declaratory relief is available against state courts under § 1983 does not necessarily mean that such relief will be appropriate in every case. Limits on the judicial power of federal courts stemming from accepted abstention doctrines, *see Pulliam,* 466 U.S. at 539, 104 S.Ct. 1970, *and Belill v. Hummel,* 835 F.2d 877, 1987 WL 24114, at *4 (6th Cir. 1987), and the *Rooker–Feldman* doctrine, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), may well counsel against granting relief in

15

certain circumstances. Article III's case-or-controversy requirement, moreover, op-
erates to ensure that declaratory relief is available only when a live controversy
continues to exist. *See Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273, 61
S.Ct. 510, 85 L.Ed. 826 (1941). We leave any consideration of the propriety of
abstention, application of *Rooker–Feldman,* or the mootness doctrine to the district
court in the first instance on remand.

*Id.* at 468. As shown below, the availability of declaratory relief against Judge Hale individually

is immaterial because Plaintiffs claims should be dismissed as suggested in *Ward*.

To the extent *Corum* did not rule explicitly enough that judicial immunity from suit in-

cludes immunity from even prospective declaratory relief for a state judge, the issue is ripe for

consideration by the Eighth Circuit. There is no rational basis for granting such immunity to a

federal court judge and not Judge Hale. The interests justifying judicial immunity from suit inhere

no matter the type of judge or at what level of government he or she presides. *Stump v. Sparkman*,

435 U.S. 349, 363 (1978); *Forrester v. White*, 484 U.S. 219, 225 (1988).  Since no rational basis

exists for the distinction as it relates to judicial immunity from any type of relief, such distinction,

if made in this case, would be arbitrary, irrational, and offend equal protection. *See generally City*

*of Cleburne, Texas v. Cleburne Living Ceenter*, 473 U.S. 432, 446 (1985) ("The State may not rely

on a classification whose relationship to an asserted goal is so attenuated as to render the distinction

arbitrary or irrational.").

Furthermore, it is not by any means clear that Congress in enacting the Federal Courts

Improvement Act meant to allow declaratory relief against any judge. It effectively abrogated *Pul-*

*liam* which did not involve a claim for declaratory relief. It did include a provision about whether

declaratory relief was available, but made no mention of the form of such declaratory relief. And,

inextricably intertwined with Separate Defendants' argument this suit is barred by *Heck* and

*Rooker-Feldman,* is the fact that declaratory relief is available to Plaintiffs on direct criminal ap-

peal. Indeed, courts have held that the availability of an appeal in a criminal case affords the party

affected with the opportunity to seek declaratory relief via the state appeal. *La Scalia v. Driscoll*, 2012 WL 1041456, at \*7-8 (E.D.N.Y. March 26, 2012) (quoting *LeDuc v. Tilley*, 2005 WL 1475334, at \*7 (D.Conn. June 22, 2005)).

Therefore, Hale is entitled to immunity from suit.

**Plaintiff Axelroth's Illegal Exaction claim must be dismissed.**

Plaintiff Alexroth allegations, as a matter of law, fail to overcome the City's entitlement to dismissal of his illegal exaction claim. The Arkansas Supreme Court's decision in *Sullins v. Central Ark. Water*, 2015 Ark. 29, 454 S.W.3d 727 forecloses Mr. Axelroth's claims: "First, and foremost, an illegal exaction is an exaction that is either not authorized by law or is contrary to law. *Stromwall v. Van Hoose*, 371 Ark. 267, 265 S.W.3d 93 (2007). Where the expenditure is authorized by statute, no illegal exaction occurs." *Id.* at \*4-5, 454 S.W.3d at 730.

As stated above, whether Judge Hale allegedly acts or acted constitutionally or not, the city is required to pay the judge's salary, court clerk's salary, and operating expenses of the District Court. As a result, these expenditures are not illegal. They aren't just statutorily allowed but required by Arkansas law. Thus, no illegal exaction can lie here.

Plaintiff alleges that the revenue from the Sherwood District Court funds these mandated expenditures; yet Axelroth has not alleged he contributed any money to those funds as a hot check criminal defendant, or a defendant of any criminal charge. Thus, he also lacks standing.

Indeed, if the City were to refuse to make the payments Plaintiffs' complain of as illegal, the City would be exposing itself to potential liability for such non-payment and possibly mandamus issued against it. Moreover, the General Assembly's Division of Legislative Audit would get involved to find out why to report to the Arkansas General Assembly. So, there can be no illegal

exaction on the facts pled. Consequently, Plaintiff Axelroth's illegal exaction claim should be dismissed.

## CONCLUSION

This is classic abstention invoking federalism. *See O'Shea v. Littleton*, 414 U.S. 488, 499 (1974). This is state court business which can and should be resolved in the Arkansas court system or the halls of the Arkansas legislature; not in U.S. District Court.

For the foregoing reasons, the Plaintiffs' claims should be dismissed.

Respectfully Submitted,

**SEPARATE DEFENDANTS,**

City of Sherwood, Arkansas,
and Honorable Milas H. Hale, III,
in his official and individual capacities

BY:     /s/ Michael Mosley
        Michael Mosley, Ark. Bar No. 2002099
        Attorney for Separate Defendants
        Post Office Box 38
        North Little Rock, AR 72115
        TELEPHONE: (501) 978-6131
        FACSIMILE: (501) 978-6561
        EMAIL: mmosley@arml.org

## CERTIFICATE OF SERVICE

I, Michael Mosley, hereby certify that on December 7, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

**David M Fuqua**, Ark. Bar No. 80048
Fuqua Campbell, P.A.
Attorneys at Law
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72202
TELEPHONE: (501) 374-0200
dfuqua@fc-lawyers.com

**Patrick Hollingsworth**, Asst. Atty. General
Ark. Bar No. 84075
323 Center Street, Suite 200
Little Rock, AR 72201-2610
TELEPHONE: (501) 682-2591
Patrick.hollingsworth@arkansas.gov

**Bettina E. Brownstein**
BETTINA E. BROWNSTEIN LAW FIRM
904 West 2nd Street
Little Rock, AR 72201
Tel: (501) 920-1764
bettinabrowstein@gmail.com

**J. Alexander Lawrence**
**Jayson Cohen**
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 336-4092
Fax: (212) 468-7900
alawrence@mofo.com

**Reggie Koch**
THE KOCH LAW FIRM
2024 Arkansas Valley Drive, Suite 707
Little Rock, AR 72212
Tel: (501) 223-5310
Fax: (501) 223-5311
reggie@reggiekoch.com

**Hallie N. Ryan**
LAWYERS COMMITTEE FOR CIVIL RIGHTS UNDER THE LAW
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005
Tel: (202) 662-8359
hryan@lawyerscommittee.org


/s/ Michael Mosley
Michael Mosley, Ark. Bar No. 2002099