**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CHARLES DADE, NAKITA LEWIS, NIKKI
PETREE, LEE ANDREW ROBERTSON, and
PHILIP AXELROTH, individually and on behalf
of all others similarly situated**                                                              **PLAINTIFFS**

**v.**                                                   **4:16CV00602-JM-JJV**

**CITY OF SHERWOOD, ARKANSAS,** *et al.*                                 **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen days from the date of the findings and recommendations.

The copy will be furnished to the opposing party.  Failure to file timely objections may result in

waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.      BACKGROUND

Plaintiffs assert that Defendants are using "Hot Check Laws" to create "a debt enforcement and collection scheme that results in widespread arrests and jailing, duplicative criminal prosecutions for failure to appear at 'review hearings' and/or for late payment of court costs, fines, and fees, and the denial of due process for a steady stream of local citizens."[1]  They argue that Defendants "imprison citizens who have been sentenced to pay court costs, fines, and fees without making any inquiry into whether they are able to pay and/or notwithstanding their inability to pay."[2] Additionally, Plaintiffs contend that they are routinely lined-up for cattle call hearings, required to sign waivers of counsel, and marched into non-public hearings which lack any official record of what happened.  They contend that they "do not have a single advocate to whom to turn to understand and assert their rights."[3]

---

[1]Doc. No. 1.

[2]*Id.*

[3]*Id.*

Plaintiff, Philip Axelroth, who has never been prosecuted under the "Hot Check Laws," argues that "Defendants are also misusing and misapplying public funds received from taxes paid by [him] and other taxpayers in Sherwood, Arkansas, by arresting and incarcerating individuals in the Pulaski County Regional Detention Center" under the allegedly unconstitutional scheme.[4]  He asserts that the "misuse and misapplication of public funds constitute illegal exactions under the Arkansas Constitution."[5]

Now pending are Defendants Milas Hale, III and the City of Sherwood's Motion for Judgment on the Pleadings (Doc. No. 15); Defendant Larry Jegley's Motion to Dismiss for Failure to State a Claim (Doc. No. 25); and Defendant Pulaski County's Motion for Judgment on the Pleadings (Doc. No. 28).  Judge Hale and the City of Sherwood also filed a Motion to Adopt (Doc. No. 41) the arguments made in the other Defendants' briefs.  Plaintiffs have responded to each Motion and Defendants have replied.[6]

After careful consideration of the pleadings and for the reasons set out below, the Motions to Dismiss should be GRANTED to the extent they rely on the *Younger* abstention doctrine[7] and DENIED in all other respects.

## II.   STANDARD OF REVIEW

A Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings and a 12(b)(6) motion to dismiss require the same review from a court.[8]  When considering a Rule 12(b)(6) motion

---

[4]*Id.*

[5]*Id.*

[6]Doc. Nos. 45, 46, 47, 53, 54, 55.

[7]*Younger v. Harris*, 401 U.S. 37 (1971).

[8]See *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010) ("As a general rule, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6)

to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief."[9]  A motion to dismiss should not be granted because the complaint "does not state with precision all elements that give rise to a legal basis for recovery."[10]  A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[11]  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."[12]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[13]

Under the *Twombly* "plausibility standard," the allegations in a plaintiff's complaint must be evaluated to determine whether they contain facts sufficient to "nudge[] [his] claims across the line from conceivable to plausible."[14]

---

motion to dismiss.").

[9]*Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

[10]*Schmedding v. Tnemec Co. Inc.*, 187 F.3d 862, 864 (8th Cir. 1999).

[11]*Id.* (quoting Fed. R. Civ. P. 8(a)).

[12]*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (overruling language from *Conley v. Gibson,* 78 S. Ct. 99, 102 (1957), which stated, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

[13]*Id.* at 1964-65 (citations omitted).

[14]*Id.* at 1974.

### III.    DISCUSSIONS

#### A.    *Younger* Abstention Doctrine

Plaintiffs' Amended Complaint makes numerous allegations, and Defendants present a number of reasons to dismiss the claims.  However, after careful consideration of the pleadings, I find dismissal is appropriate pursuant to the *Younger* abstention doctrine.[15]

Except Philip Axelroth, each Plaintiff admits that he or she "still faces" unpaid costs, fines, and fees and the "likelihood that [he or she] will be incarcerated again in the future."[16]  Additionally, Plaintiffs do not dispute Defendants' assertion that "each Plaintiff is a defendant in a criminal proceeding *now pending* before the Sherwood District Court . . . ."[17]

The *Younger*[18] abstention doctrine *requires* a federal district court to "abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding."[19]

I do not recommend dismissal lightly, as I recognize that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule."[20]  Abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."  Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional

---

[15]*Younger v. Harris*, 401 U.S. 37 (1971).

[16]Doc. No. 13.

[17]Doc. No. 26 (emphasis added).

[18]*Younger v. Harris*, 401 U.S. 37 (1971).

[19]*Ploughe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010).

[20]*Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813 (1976).

circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest."[21]   But abstention "is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar."[22]   "Finally, abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings. . ."[23]

Turning to the *Younger* factors, I find all three are met.   Based on the allegations in the Amended Complaint, I find there are ongoing state proceedings.   And these proceedings implicate important state interests in overseeing its laws regarding the prosecution of hot checks.   Furthermore, Plaintiffs can (and should) raise the federal questions regarding the alleged unconstitutional enforcement practices by exercising the adequate processes available to them in state court. Plaintiffs "must present [their] constitutional claims in [the state proceedings] 'unless it plainly appears that this course would not afford adequate protection.'"[24]   There is no reason to believe that seeking a remedy through the Arkansas courts would not afford Plaintiffs adequate constitutional protections.

Plaintiffs argue that the *Younger* abstention doctrine does not apply "because they do not seek to have any sentence overturned, nor do they seek to enjoin any criminal proceeding.   Rather, Plaintiffs seek to have declared unconstitutional, as a violation of core due process, equal protection, and other U.S. constitutional rights, the post-conviction debt collection scheme" that continues to

---

[21]*County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-189 (1959).

[22]*Colorado River Water Conservation Dist.*, 424 U.S. at 814.

[23] *Id.* at 816 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

[24]*Ploughe*, 606 F.3d at 893 (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

be practiced by Defendants.[25]  Plaintiffs' position is unpersuasive.  Without question, enjoining the state court's practices, as Plaintiffs request, would result in enjoining these and other ongoing criminal cases.  However, the fact that Plaintiffs seek only declaratory and injunctive relief does not require a different result.[26]  Furthermore, Plaintiffs' argument that prospective relief would not call into question the legitimacy of their convictions is unavailing.  The fact remains that if Defendants' practices violated Plaintiffs' due process rights, then the legitimacy and validity of convictions (or, at the very least, the alleged illegal fines) would be called into question.  Plaintiffs' attempts to limit the scope of this case to prospective relief does not change this fact.

Plaintiffs have ongoing criminal proceedings.  They have the opportunity to raise their constitutional arguments in their state court proceedings.  Such "opportunity" includes a trial de novo in the circuit court.[27]  But rather than appeal the allegedly unlawful procedures under which their convictions were obtained through the Arkansas court system, Plaintiffs ask this Court to declare "unconstitutional and unlawful" the proceedings that resulted in their convictions and fines.  In doing so, Plaintiffs ask this Court to ignore a "vital consideration, the notion of 'comity,'"[28] while being unwilling to pursue any avenue of state court process.  Plaintiffs' unwillingness to pursue any relief in state court also fails to support a showing of "great and immediate" irreparable injury.[29]

All of the claims made in Plaintiffs' Amended Complaint could be properly presented in state court.  Notably, Plaintiffs have not disputed this fact.  Plaintiffs are required to do so under the law.

---

[25]Doc. No. 46.

[26] *Samuels v. Mackell*, 401 U.S. 66, 73 (1971).

[27] Ark. Const. Amend. 80, § 7(A).

[28] *Younger v. Harris*, 401 U.S. at 44.

[29] *Id.* at 46.

Finally, I do not find that any of the exceptions to the *Younger* doctrine apply in this case. Therefore, Defendants' Motion to Dismiss pursuant to the *Younger* abstention doctrine should be GRANTED.

**B.     Philip Axelroth**

Philip Axelroth asserts that Defendants' allegedly unconstitutional actions mentioned above constitute illegal exaction under Arkansas Code Annotated § 16-123-105.[30]  Because the federal claims should be dismissed, this Court should decline to extend supplemental jurisdiction over Plaintiff's state-law exaction claim.[31]

**IV.     CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1.     Defendants' Motion for Judgment on the Pleadings (Doc. No. 15), Motion to Dismiss for Failure to State a Claim (Doc. No. 25), and Motion for Judgment on the Pleadings (Doc. No. 28) be GRANTED to the extent that they are based on the *Younger* abstention doctrine, and DENIED in all other respects.

2.     Defendants Milas Hale, III and the City of Sherwood's Motion to Adopt (Doc. No. 41) the arguments made in the other Defendants' briefs be GRANTED.

3.     The Court should decline to extend supplemental jurisdiction over Plaintiff Axelroth's remaining state law claims.

4.     This matter should be DISMISSED without prejudice.

---

[30]Doc. No. 13.

[31]28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . [it] has dismissed all claims over which it has original jurisdiction.").

IT IS SO RECOMMENDED this 24th day of January, 2017.

_____
JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE