IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| CHARLES DADE, NAKITA LEWIS, NIKKI PETREE, LEE ANDREW ROBERTSON, and PHILIP AXELROTH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SHERWOOD, ARKANSAS, PULASKI COUNTY, ARKANSAS, LARRY JEGLEY in his official capacity, AND HONORABLE MILAS H. HALE, III, in his official and individual capacities,<br><br>Defendants. | Case No. 4:16-cv-00602-JM<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT LARRY JEGLEY'S OBJECTIONS TO THE JANUARY 24, 2017 PROPOSED FINDINGS AND RECOMMENDATIONS** |

Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1, plaintiffs Charles Dade, Nakita Lewis, Nikki Petree, Lee Andrew Robertson, and Philip Axelroth ("Plaintiffs") respectfully submit the following response to Defendant Larry Jegley's Objections to the Proposed Findings and Recommendation of United States Magistrate Judge Joe J. Volpe, dated January 24, 2017.  ECF No. 63.

**I.     THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CORRECTLY DENIED DEFENDANT JEGLEY'S MOTION TO DISMISS BASED ON SOVEREIGN IMMUNITY AND FAILURE TO STATE A CLAIM.**

Defendant Jegley objects to Magistrate Judge Volpe's Proposed Findings and Recommendations "to the extent that they deny his motion to dismiss based on sovereign immunity and failure to state a claim." On October 19, 2016, Defendant Jegley moved to dismiss Plaintiffs' Amended Complaint, dated September 30, 2016 (the "Complaint) based on four grounds:  (1) immunity from suit as a state official; (2) failure to state a claim upon which relief could be granted; (3) lack of standing; and (4) *Younger* abstention.  *See* ECF Nos. 25, 26. On November 21, 2016 Plaintiffs filed a response opposing Defendant Jegley's Motion to Dismiss, explaining why each of these purported defenses failed.  *See* ECF No. 46.  After

considering the parties' extensive briefing on each of these issues, on January 24, 2017, Magistrate Judge Volpe recommended that Defendant Jegley's Motion to Dismiss be granted to the extent it was based on the *Younger* doctrine. Magistrate Judge Volpe denied Defendant Jegley's Motion to Dismiss, however, to the extent that it was based on Jegley's purported immunity from suit as a state official, on Plaintiffs' alleged failure to state a claim or any other grounds other than *Younger*. ECF No. 59 (Jegley's motion is "DENIED in all other respects").[1]

### A. Magistrate Judge Volpe Correctly Found that Jegley Was Not Immune From Suit as a State Official.

Jegley argued that he was immune from suit because Plaintiffs' Complaint failed to allege a sufficient connection between his office and the violation of Plaintiffs' constitutional rights, and because the State of Arkansas was the real party-in-interest. But, as fully set forth in Plaintiffs' opposition papers, Jegley is wrong. *See* ECF No. 46 at 9-13.

Under *Ex Parte Young*, Plaintiffs are permitted to sue Jegley in his official capacity for violations of federal law where the relief sought is prospective and not compensatory. *See Heartland Acad. Cmty. Church v. Waddle*, 427 F.3d 525, 530 (8th Cir. 2005). A district court's inquiry under *Ex Parte Young* is "straightforward": does the "complaint allege[] an ongoing violation of federal law and seek[] relief properly characterized as prospective[?]" *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 296 (1997)). Because Plaintiffs' Complaint seeks only prospective injunctive and declaratory relief based on Defendant Jegley's participation in an unlawful

---

[1] Plaintiffs are separately filing an objection to Magistrate's Judge Volpe's January 24, 2017 Proposed Findings and Recommendation (the "Report"), recommending dismissal based on *Younger*. Plaintiffs' Objection is due and will be filed on February 22, 2017. *See* ECF No. 60.

debt-collection scheme by which Plaintiffs' constitutional rights continue to be violated, he can be sued in his official capacity consistent with *Ex Parte Young*.

Seeking to avoid this straightforward application of law, Jegley argued before Magistrate Judge Volpe that Plaintiffs failed to allege a causal relationship between Jegley and the constitutional violations described in the Complaint. But Plaintiffs' Complaint sufficiently alleges that Defendant Jegley's Prosecutor's Office helped establish the debt-collection scheme at issue, Compl. ¶ 52, agreed to funnel hot check charges to the Sherwood District Court, *id*. ¶¶ 4, 67, 80, and affirmatively continues to support the debt-collection scheme to this day. *Id*. ¶ 80. Deputy prosecutors from Jegley's office attend every hearing where Plaintiffs' constitutional rights are violated, and take no steps to ensure that the proceedings are fair, proper, and consistent with Arkansas fine collection law. *Id*. ¶ 82. As Plaintiffs allege, Jegley's office affirmatively continues to support this scheme because it is a direct financial beneficiary of the constitutional violations used to coerce payment from individuals despite their inability to pay. *Id*. ¶¶ 47, 83.

Defendant Jegley separately argued that he had Eleventh Amendment immunity from suit because the "State of Arkansas is the real party in interest," and prospective relief against him, a state prosecutor, "would restrain the state from acting or compel it to act." ECF No. 26 at 4. But Jegley's argument misapprehends the law. While Jegley could be immune from suit as a state official if Plaintiffs had sued him for violations of the Arkansas Constitution, because Plaintiffs sued him for violations of the federal constitution, he has no such immunity. *See Fond du Lac Band of Chippewa Indians v. Carlson*, 68 F.3d 253, 255-256 (8th Cir. 1995) ("If [plaintiff] had named the state itself as defendant, or was seeking to enjoin violations of state law, then the Eleventh Amendment would bar this suit regardless of the relief sought. This case, however, seeks to vindicate important federal rights, and thus falls squarely within the doctrine of *Ex parte*

*Young.*") Based on the parties' extensive briefing below, Magistrate Judge Volpe correctly found that Jegley's immunity defense lacked merit.

      **B.    Magistrate Judge Volpe Correctly Found That Plaintiffs' Complaint Sufficiently Stated a Claim.**

Jegley also argued before Magistrate Judge Volpe that Plaintiffs' Complaint failed to adequately allege Section 1983 claims against him. But Plaintiffs' Complaint alleges more than sufficient facts to state claims for relief against Mr. Jegley sufficient to meet Plaintiffs' pleading obligations under *Iqbal* and *Twombly*. Plaintiffs allege facts in the Complaint showing that the Defendants—Mr. Jegley, Sherwood, Judge Hale, and Pulaski County—established and have perpetuated for two decades an illegal debt-collection scheme that has violated and is continuing to violate Plaintiffs' constitutional rights. Compl. ¶¶ 5, 10-14, 28-32, 33-79, *passim*. Pursuant to this scheme, Sherwood and Judge Hale "*with the active assistance of Larry Jegley* . . . imprison citizens who have been sentenced to pay court costs, fines and fees without making any inquiry into whether they are able to pay and/or not withstanding their inability to pay." *Id*. ¶ 6 (emphasis added).

Defendant Jegley's Prosecutor's Office, along with the other Defendants, furthers this illegal scheme by characterizing missed payment hearings and arrest warrants issued pursuant to missed payment hearings as new stand-alone charges, thereby "justifying" the imposition of new and duplicative court costs, fines, and fees by the Sherwood District Court. *Id*. ¶¶ 53-54. The Prosecutor's Office, as a matter of policy, practice, and custom, abdicates "their prosecutorial duties in the Hot Check Division of the Sherwood District Court to Judge Hale and court personnel in a manner that is inconsistent with the adversarial system of justice. Pulaski County prosecutors rarely make a formal appearance, present any evidence, or even speak in open court during hot check court proceedings." *Id*. ¶ 81.

In addition, as part of this policy, practice, and custom, the Prosecutor's Office allows the Sherwood District Court, its court clerks, and administrative personnel to exercise prosecutorial discretion in deciding to file "failure to pay – contempt of court," "failure to appear," and "failure to comply with probation" charges in the Hot Check Division of the Sherwood District Court rather than follow the procedures in the Arkansas Fine Collection law. *Id*. ¶ 82; *see also* Ark. Code Ann. § 16-21-103 ("Each prosecuting attorney shall commence and prosecute all criminal actions in which the state or any county in his district may be concerned."). These allegations, taken as a whole, plainly allege that Jegley violates Plaintiffs' constitutional rights while acting under color of state law as the Prosecuting Attorney of the Sixth District of Arkansas, and that he and his predecessor Prosecuting Attorneys, acting in their official capacities, have set in place and perpetuated policies, practices, and customs that "have played a part in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Considering these arguments, Magistrate Judge Volpe correctly denied Jegley's motion to dismiss for failure to state a claim.

**II.    SHERWOOD DEFENDANTS' VAGUE REFERENCES TO OTHER GROUNDS FOR DISMISSAL ARE INSUFFICIENT TO WARRANT *DE NOVO* REVIEW OF THOSE CLAIMS.**

Federal Rule of Civil Procedure 72(b) requires that a party serve and file "specific written objections" to a magistrate judge's proposed disposition of a matter. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Portions of the magistrate judge's disposition that are not properly objected to, however, are entitled to deference. *See Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983) ("[T]he failure to file objections will relieve the district court of the obligation to review de novo those portions of the report to which objection is made.").

As Rule 72(b) makes clear, a party's objections to a magistrate judge's report must be "specific."  In other words, "[t]he party should specify the portion of the R&R to which he or she objects, and describe the basis for the objections." *Carridine v. Richous*, No. 15-4167 (JRT/FLN), 2016 U.S. Dist. LEXIS 180401, at *5-6 (D. Minn. Dec. 29, 2016).  "Objections which are not specific but merely repeat arguments presented to and considered by a Magistrate Judge are not entitled to de novo review, but rather are reviewed for clear error." *Id.*; *see* Fed. R. Civ. P. 72 advisory committee note, *subd.* (b) (same).

Defendant Jegley's objection fails these standards because it only states that Jegley objects to the extent his motion was denied, provides no specific basis for his objection, and instead attempts to "incorporate[] by reference his Motion to Dismiss and Brief in Support of Motion to Dismiss" wholesale.  ECF No. 63 at 2.  This is not sufficient to trigger *de novo* review.  Indeed, Jegley does even less than what was rejected as insufficient in *Carradine*.  *See* 2016 U.S. Dist. LEXIS 180401, at *5-6 (objector cannot "merely repeat arguments presented to and considered by a Magistrate.").  By attempting to incorporate his entire brief in support of his motion to dismiss—already considered and rejected by Magistrate Judge Volpe—Jegley offers this Court no specific explanation why denying his motion on grounds other than *Younger* was in error.  Because his objections lack any detail or specificity, the Magistrate Judge's recommendation that Jegley's Motion to Dismiss be denied should be reviewed only for clear error.

## **CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully request that the Court adopt in full Magistrate Judge Volpe's recommendation that Defendant Jegley's Motion to Dismiss be denied "all . . . respects" other than the *Younger* doctrine.  Plaintiffs will separately address Magistrate

Judge Volpe's recommendation that their Complaint be dismissed based on *Younger* in its

February 22, 2017 Objection.

| | |
|---|---|
| Dated: February 15, 2017<br>New York, New York | By: /s/ J. Alexander Lawrence<br>J. Alexander Lawrence<br>Jayson L. Cohen<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, NY 10019<br>Tel: (212) 336-8638<br>Fax: (212) 468-7900<br>ALawrence@mofo.com<br>JCohen@mofo.com<br><br>Bettina E. Brownstein<br>**BETTINA E. BROWNSTEIN LAW FIRM**<br>904 West 2nd Street<br>Little Rock, AR 72201<br>Tel: (501) 920-1764<br>bettinabrowstein@gmail.com<br><br>Reggie Koch<br>**THE KOCH LAW FIRM**<br>2024 Arkansas Valley Drive, Suite 707<br>Little Rock, AR 72212<br>Tel: (501) 223-5310<br>Fax: (501) 223-5311<br>reggie@reggiekoch.com<br><br>Hallie N. Ryan<br>**LAWYERS COMMITTEE FOR CIVIL RIGHTS UNDER THE LAW**<br>1401 New York Avenue, N.W., Suite 400<br>Washington, D.C. 20005<br>Tel: (202) 662-8359<br>HRyan@lawyerscommittee.org<br><br>*Attorneys for Plaintiffs* |