IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES DADE, et al.                                                      PLAINTIFFS

vs.                              No. 4:16-cv-602-JM-JJV

CITY OF SHERWOOD, ARKANSAS;
PULASKI COUNTY ARKANSAS;
MILAS H. HALE, III, in his Official and
Individual Capacities; and LARRY JEGLEY
in his Official Capacity                                                   DEFENDANTS

ORDER

Plaintiffs challenge the post-conviction collection methods of "hot check" cases in Pulaski County, Arkansas. They argue that the post-conviction debt collection system utilizes arrest and incarceration to coerce payments from plaintiffs that are unable to pay the fines, costs, and fees in a way that violates their constitutional rights under the U.S. and the Arkansas Constitutions. Plaintiff Phillip Axelroth asserts a claim for illegal exaction under Arkansas law arising out of the alleged misuse and misapplication of public funds arising out of the hot check cases.

This case was referred to U. S. Magistrate Judge Joe J. Volpe for consideration and determination of all pre-trial matters and for recommended disposition for the resolution of any dispositive matters. At the time of the referral, each of the defendants had filed motions to dismiss Plaintiffs' amended complaint. Specifically, the City of Sherwood and Milas H. Hale, III (the "Sherwood Defendants") filed a motion for judgment on the pleadings (Document No. 15), Larry Jegley filed a motion to dismiss (Document No. 25), and Pulaski County filed a motion for judgment on the pleadings (Document No. 28).[1] After these motions were fully

---

[1] The Sherwood Defendants also filed a motion to adopt and incorporate by reference the arguments made by the other defendants (Document No. 41); that motion is granted.

briefed, Magistrate Judge Volpe submitted proposed findings and recommendations (Document No. 59) in which he recommended that the motions to dismiss be granted to the extent that they were based on the *Younger* abstention doctrine.[2] Judge Volpe did not reach the remaining issues in the motions and recommended that the motions be denied in all other respects as a result of the recommended abstention.

After the parties had an opportunity to submit objections to the recommended disposition, as well as responses to the objections, the Court held a hearing at Plaintiffs' request to hear oral argument. After a de novo review of the record, the Court is going to adopt the recommended disposition and grant the motions to dismiss to the extent that they are based on the *Younger* abstention doctrine.

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion for Judgment on the Pleadings (Document No. 15), Motion to Dismiss for Failure to State a Claim (Document No. 25), and Motion for Judgment on the Pleadings (Document No. 28) are GRANTED to the extent that they are based on the Younger abstention doctrine, and DENIED in all other respects.

2. Defendants Milas Hale, III and the City of Sherwood's Motion to Adopt (Doc. No. 41) the arguments made in the other Defendants' briefs is GRANTED.

3. The Court declines to extend supplemental jurisdiction over Plaintiff Axelroth's remaining state law claims.

4. Plaintiffs' motion to strike (Document No. 75) is DENIED.

---

[2] *Younger v. Harris*, 401 U.S. 37, 41 (1971)

5. The Sherwood Defendants' motion for reconsideration (Document No. 78) is DENIED.

4. This matter is DISMISSED without prejudice.

IT IS SO ORDERED this 8th day of June, 2017.

                                                                           James M. Moody Jr.
                                                                           United States District Judge