**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| CHARLES DADE, NAKITA LEWIS, NIKKI PETREE, LEE ANDREW ROBERTSON, and PHILIP AXELROTH, individually and on behalf of all others similarly situated, | Case No. 4:16-cv-00602-JM |
| Plaintiffs, | |
| v. | |
| CITY OF SHERWOOD, ARKANSAS, PULASKI COUNTY, ARKANSAS, LARRY JEGLEY in his official capacity, AND HONORABLE MILAS H. HALE, III, in his official and individual capacities, | |
| Defendants. | |

**PLAINTIFFS' MOTION TO ALTER AND/OR AMEND JUDGMENT,
FOR RELIEF FROM JUDGMENT, AND TO FILE A SUPPLEMENTAL PLEADING**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

FACTUAL BACKGROUND ............................................................................... 3

STATUS OF THE CASE ..................................................................................... 6

STANDARD OF REVIEW .................................................................................. 8

      A.      Standard for Relief Under Rules 59(e) and 60(b). ................................. 8

      B.      Standard for a Motion to Supplement Under Rule 15(d)...................... 9

I.      THE DISMISSAL OF THIS ACTION ON *YOUNGER* GROUNDS
      CONSTITUTED A MANIFEST ERROR OF LAW AND FACT.................................. 10

      A.      *Sprint* Limited the Application of *Younger* to Three "Exceptional"
                 Circumstances, None of Which Are Present Here............................... 10

      B.      Defendants' Post-Conviction Debt Collection Procedures Do Not Qualify
                 as One of *Sprint*'s Three "Exceptional" Categories. ........................... 13

II.      NEWLY DISCOVERED EVIDENCE CONFIRMS THAT *YOUNGER* DOES
      NOT APPLY TO PLAINTIFFS. ................................................................... 17

      A.      Despite Plaintiffs' Diligence, the Newly Discovered Evidence Was Only
                 Obtained After the Record on the Dispositive Motions Closed. ........................ 18

      B.      Plaintiffs' New Evidence Is Critical to and Dispositive of Whether
                 *Younger* Abstention Can Be Applied................................................. 19

III.      THIS COURT SHOULD PERMIT PLAINTIFFS TO SUPPLEMENT THEIR
      COMPLAINT TO ADDRESS ARGUMENTS SUBSEQUENTLY RAISED BY
      DEFENDANTS ......................................................................................... 20

CONCLUSION.................................................................................................. 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bazzelle v. Compass Pointe Healthcare Sys.*,
No. 4:15-cv-4088, 2016 WL 6832643 (W.D. Ark. Nov. 18, 2016) .......................................17

*Bearden v. Georgia*,
461 U.S. 660 (1983)..............................................................................................................1, 5

*Bell v. Allstate Life Ins. Co.*,
160 F.3d 452 (8th Cir. 1998) .......................................................................................9, 19, 20

*Cain v. City of New Orleans*,
186 F. Supp. 3d 536 (E.D. La. 2016).......................................................................................14

*Cedar Rapids Cellular Tel., L.P. v. Miller*,
280 F.3d 874 (8th Cir. 2002) ..................................................................................................15

*City of Duluth v. Fond Du Lac Band of Lake Superior Chippewa*,
702 F.3d 1147 (8th Cir. 2013) ..................................................................................................8

*Doran v. Salem Inn, Inc.*
422 U.S. 922 (1975)............................................................................................................14, 15

*Downing v. Goldman Phipps PLLC*,
No. 4:13CV206 CDP, 2016 WL 7385782 (E.D. Mo. Dec. 21, 2016) ...............................11, 14

*United States ex rel. Gadbois v. PharmMerica Corp.*,
809 F.3d 1 (1st Cir. 2015)..........................................................................................................9

*Gallagher v. City of Clayton*,
699 F.3d 1013 (8th Cir. 2012) ..................................................................................................6

*Habitat Educ. Ctr., Inc. v. Kimbell*,
250 F.R.D. 397 (E.D. Wis. 2008) ..............................................................................................8

*Jordan v. State*,
327 Ark. 117 (1997)....................................................................................................................5

*Middlesex County Ethics Committee v. Garden State Bar Association*,
457 U.S. 423 (1982)..................................................................................................................11

*New Orleans Public Service, Inc. v. Council of New Orleans*,
491 U.S. 350 (1989)......................................................................................................10, 11, 14

*Peavler v. Denney,*
No. 4:05CV654-DJS, 2008 WL 4378435 (E.D. Mo. Sept. 23, 2008) ..................................21

*Porous Media Corp. v. Pall Corp.,*
186 F.3d 1077 (8th Cir. 1999) ..............................................................................16

*Raineri Constr., LLC v. Taylor,*
No. 4:12-CV-2297 CEJ, 2013 WL 6050772 (E.D. Mo. Nov. 15, 2013) ...............................20

*Ray v. Judicial Corr. Servs.,*
No. 2:12-CV-02819-RDP, 2013 WL 5428360 (N.D. Ala. Sept. 26, 2013)...........................14

*Reyher v. Champion Int'l Corp.,*
975 F.2d 483 (8th Cir. 1992) ...............................................................................8

*Riggs v. City of Owensville,*
No. 4:10-CV-793 CAS, 2011 WL 1576723 (E.D. Mo. Apr. 26, 2011)..................................9

*Rodriguez v. Providence Cmty. Corr., Inc.,*
191 F. Supp. 3d 758 (M.D. Tenn. 2016) ..................................................................14

*Sprint Communications, Inc. v. Jacobs,*
134 S. Ct. 584 (2013) ............................................................................... *passim*

*Ste. Genevieve Media, LLC v. Pulitzer Missouri Newspapers, Inc.,*
No. 1:16CV00087 ACL, 2016 WL 5470191 (E.D. Mo. Sept. 29, 2016) ...........................9, 19

*Tony Alamo Christian Ministries v. Selig,*
664 F.3d 1245 (8th Cir. 2012) ..............................................................14, 15, 18, 19

*United States v. Metro. St. Louis Sewer Dist.,*
440 F.3d 930 (8th Cir. 2006) ...........................................................................7, 8

*Wilburn v. Pepsi-Cola Bottling Co. of St. Louis,*
492 F.2d 1288 (8th Cir. 1974) ..............................................................................9

*Williams v. Hobbs,*
658 F.3d 842 (8th Cir. 2011) ...............................................................................8

*Wilson v. Westinghouse Elec. Corp.,*
838 F.2d 286 (8th Cir. 1988) ...............................................................................9

Pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(2), 60(b)(6), and 15(d), plaintiffs Charles Dade, Nakita Lewis, Nikki Petree, Lee Andrew Robertson, and Philip Axelroth ("Plaintiffs") hereby move (1) to alter and/or amend the Judgment, dated June 8, 2017 (the "Judgment") entered by the District Court; (2) for relief from that Judgment; and (3) for leave to file a First Amended and Supplemental Complaint in the form attached hereto.

## INTRODUCTION

Plaintiffs challenge Defendants' long-standing and pervasive post-conviction debt collection scheme by which Defendants generate millions in municipal revenue through systemic violations of Plaintiffs' constitutional rights. Plaintiffs seek to represent a class of individuals who, following their convictions for misdemeanor hot check violations, have been illegally incarcerated and have had to pay excess fines, fees, and costs over the past decade as a result of Defendants' post-conviction debt collection system. Plaintiffs have been trapped in this system for years, cycling between debt and prison, and continue to face a substantial risk of future unlawful incarceration for nonpayment of debts they simply cannot afford to pay. Plaintiffs invoke this Court's authority and "unflagging" duty to enforce their federal constitutional rights, consistent with the Supreme Court's mandate in *Bearden v. Georgia*, 461 U.S. 660 (1983).

Notwithstanding the merits of Plaintiffs' claims, this Court adopted Magistrate Judge Volpe's Proposed Findings and Recommendations, dated January 24, 2017 (the "Report"), which recommended that the Court abstain on *Younger* grounds because the named Plaintiffs were subject to "pending" criminal proceedings in state court. This conclusion was plainly wrong. None of the named Plaintiffs were subject to ongoing criminal prosecutions at the time the original or amended complaints in this matter were filed–or for months afterwards. They simply owed a monetary debt to Defendants. Not only was this clear from the allegations in Plaintiffs' well-pleaded complaint, and the additional evidence submitted to this Court following the April

1

13, 2017 hearing, but Defendants the City of Sherwood and Judge Hale (collectively, the "Sherwood Defendants") conceded as much in response to the Court's inquiry.  (ECF No. 86-1.)  Thus, this Court's decision to abstain under *Younger* was in error.

This Court should amend, alter, and/or grant Plaintiffs relief from the Judgment for at least four reasons.  First, in deciding to abstain under *Younger* despite the absence of any ongoing state criminal prosecutions against these Plaintiffs, this Court extended application of the *Younger* doctrine beyond the limited "exceptional circumstances" expressly mandated by the United States Supreme Court in *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013).  This was a manifest error of law.  *Younger* abstention does not apply where there is no pending criminal prosecution, and Plaintiffs simply owe post-conviction debt.  Second, in deciding to dismiss Plaintiffs' claims collectively without evaluating how each individual Plaintiff's circumstances fit within the *Younger* doctrine, the Court separately committed a manifest error of law.  Third, to the extent that this Court adopted Magistrate Judge Volpe's conclusion that Plaintiffs were subject to ongoing criminal prosecutions at the time this Federal action was filed or at the time the First Amended Complaint was filed, the Court committed a further manifest error.  Fourth, Plaintiffs' relief from the Judgment is especially warranted in light of newly obtained evidence, received in response to recent FOIA requests, conclusively demonstrating that, at the time of the filing of the Complaint and for months afterwards, Plaintiffs were not subject to ongoing state criminal prosecutions in the Sherwood District Court relating to collection efforts for fines and fees.  This new evidence re-confirms that the Court committed a manifest error when it determined it should abstain on *Younger* grounds.

Finally, in addition to altering and amending and/or granting Plaintiffs' relief from the Judgment, this Court should exercise its discretion to permit Plaintiffs to supplement their First

Amended Complaint to add allegations demonstrating that no Plaintiffs were subject to ongoing

state criminal prosecutions in the Sherwood District Court both at the time this action was filed

and for the months following.

This Court has the opportunity and broad discretion to remedy these manifest errors of

law and fact.  It should do so.

## FACTUAL BACKGROUND

Based on the Complaint's well-pleaded allegations, under an informal agreement entered

into in the mid-1970s among the cities within Pulaski County, the Sherwood District Court has a

virtual monopoly on the prosecution of misdemeanor hot check violations within Pulaski

County.  (Compl. ¶ 4.)[1]  After a hot check defendant is convicted in a perfunctory hearing, they

are subjected to a labyrinthine system designed to extract the maximum amount of revenue from

those individuals least able to pay.  Those defendants who cannot immediately pay their sentence

of fines, fees, and costs are placed on payment plans by Hot Check Division clerks, which the

clerks impose arbitrarily without any inquiry into the hot check defendant's ability to pay.  (*Id.*

¶ 48.)  The clerks assign "review hearing" dates one to three months in the future to ensure that

convicted hot check defendants are making payments according to their payment plans.  At these

"review hearings" Judge Hale threatens previously convicted hot check defendants who are not

paying enough with jail to coerce payment—again without assessing their ability to pay, even

when they assert that they cannot.  (*Id.* ¶¶ 49-50.)  Any hot check defendant who has been

convicted and sentenced to pay court costs, fines, and fees and who asserts that they are unable

to pay or attempts to present evidence on this issue, as Plaintiffs did, is not allowed to speak or is

ignored by Judge Hale and the Pulaski County prosecutors.  (*Id.* ¶¶ 56, 94, 102, 115, 122.)

---

[1] Citations to "Compl." are to Plaintiffs' First Amended Complaint, dated September 30, 2016, ECF No. 13.

If a convicted hot check defendant fails to appear at one of these review hearings or to pay in accordance with the Court-imposed payment plan, Defendants maintain a policy and practice of issuing new post-conviction Warrants of Arrest for "failure to pay" and/or "failure to appear" and improperly treating these Warrants as new stand-alone "charges" brought as an additional tool to allow Defendants to collect these debts.  (*Id.* ¶¶ 53-54.)[2]  The Sherwood District Court clerks sign and issue arrest warrants for these previously convicted hot check defendants—again without any inquiry into an individual's ability to pay.  (*Id.* ¶¶ 75, 91.) Sherwood police then track down these individuals and threaten to arrest them unless they can make a payment on the spot—again without any inquiry into their ability to do so.  (*Id.* ¶ 77.) Those who are able to pay usually avoid jail, but the poorest individuals are often arrested and held in jail until their family or friends are able to gather enough money to pay for their release— again without any inquiry into their ability to pay.  (*Id.* ¶ 112.)  Once they are caught in this trap, indigent individuals such as Plaintiffs, who often forego basic necessities to make payments of $50 and $100 per month, can find themselves owing hundreds, if not thousands, of dollars more than their original hot check fines and fees and face the constant threat of arrest and jail any time they cannot afford to make a payment.

Four of the Plaintiffs—Mr. Dade, Ms. Lewis, Ms. Petree, and Mr. Robertson—have been stuck in Defendants' debt collection scheme for the better part of a decade.  Each was originally criminally charged and convicted in the Sherwood District Court for passing one or more checks without sufficient covering funds—known as a "hot check"—some for as little as a few dollars. Since then, Defendants' post-conviction debt collection procedures have locked each Plaintiff in

---

[2] Not only is Defendants' practice unconstitutional, but it violates Arkansas' Fines Collection Law, which sets out specific procedures for the collection of monetary fines following a criminal conviction.  (*Id.* ¶ 51.)  Plaintiffs allege that Defendants use their post-conviction debt collection scheme—and the concomitant threat of arrest, incarceration

a never-ending cycle of debt and imprisonment.  In addition to being incarcerated because they cannot afford to pay these debts, Plaintiffs have also been subject to separate, criminal "charges" being brought against them—for failure to pay, failure to appear, and/or failure to comply.

Notably, however, at the time the original complaint was filed, at the time it was amended, and for months afterwards, none of the named Plaintiffs had any outstanding warrants or charges against them and none were subject to any ongoing criminal prosecutions in the Sherwood District Court.  (*Id.* ¶¶ 18-21.)  For example, Plaintiff Lee Robertson was charged and pled guilty to charges for failure to appear and failure to comply on July 7, 2016, but those charges were completely resolved and the time period for an appeal had run when the original complaint was filed on August 23, 2016.  (*See* ECF No. 85-2 at 4; ECF No. 86-8.)  Plaintiff Nikki Petree was charged and pled guilty to charges for failure to appear on July 21, 2016, but those charges were completely resolved and the time period for an appeal had run as of August 23, 2016.  (*See* ECF No. 85-5 at 1-2; ECF Nos. 86-3, 86-4, 86-5 and 86-6.)  Plaintiff Charles Dade was charged and pled guilty to charges of failure to appear and failure to pay on July 21, 2016, but those charges were completely resolved and the time period for an appeal had run as of August 23, 2016.  (See ECF No. 85-4 at 4; ECF No. 86-7.)  Plaintiff Nakita Lewis was charged and pled guilty to failure to appear on June 2, 2016, but those charges were completely resolved and the time period for an appeal had run as of August 23, 2016.  (See ECF No 85-3 at 2; ECF No. 86-9.)  Thus, at both the time the original complaint was filed on August 23, 2016, and the time the First Amended Complaint was filed on September 30, 2016, *none* of the Plaintiffs was subject to any ongoing criminal prosecutions in the Sherwood District Court.

---

and new criminal "charges"—to circumvent Arkansas law, extracting funds from Plaintiffs far in excess of what would otherwise be permitted.  (*Id.* ¶¶ 50-54.)

Because Defendants have violated Plaintiffs' constitutional rights and relegated them to this never-ending cycle of debt, threat of incarceration, and actual incarceration, Plaintiffs assert on behalf of themselves and those similarly situated Section 1983 claims to vindicate their rights under the Fourteenth Amendment and the Arkansas Constitution. *See Bearden v. Georgia*, 461 U.S. 660 (1983); *Jordan v. State*, 327 Ark. 117 (1997).

## STATUS OF THE CASE

Plaintiffs filed their original class action complaint on August 23, 2016, against Defendants City of Sherwood, Arkansas, Honorable Milas H. Hale, III, and Pulaski County, Arkansas.  Plaintiffs served their First Amended Complaint on September 30, 2016, adding Mr. Jegley as a defendant.  In response, Defendants moved to dismiss and/or for judgment on the pleadings, which this Court referred to Magistrate Judge Volpe for a recommended disposition. (*See* ECF Nos. 15, 25, 28, 30.)  For the purpose of resolving these motions, Magistrate Judge Volpe and this Court were required to accept as true Plaintiffs' well-pleaded allegations. *See Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012).

On January 24, 2017, Magistrate Judge Volpe issued his Report recommending that Defendants' Motions to Dismiss and/or for Judgment on the Pleadings be granted to the extent they were based on the *Younger* doctrine.  (*See* ECF No. 59 at 8.)  Magistrate Judge Volpe denied Defendants' motions "in all other respects." *Id*.  Magistrate Judge Volpe based his recommendation on a finding that "Plaintiffs have ongoing criminal proceedings" and that "Plaintiffs do not dispute Defendants' assertion that 'each Plaintiff is a defendant in a criminal proceeding now pending before the Sherwood District Court.'" (*Id*. at 5, 7.)

On February 22, 2017, Plaintiffs filed objections to the Report, arguing that abstention under *Younger* was improper for three reasons.  (ECF No. 69.)  *First*, there were no pending state criminal prosecutions against any of the Plaintiffs in the Sherwood District Court.  *Second*,

Plaintiffs lacked an adequate opportunity to raise their federal claims. *Third*, because Sherwood and the Sherwood District Court had a direct pecuniary interest in this matter, impermissible bias foreclosed Plaintiffs from raising their federal claims in the Sherwood District Court. (*Id.*)

On April 13, 2017, the District Court held a hearing on Plaintiffs' objections to the Report. Following that hearing, the Court requested that the Sherwood Defendants submit documentary evidence, if any, to support their argument that state court criminal prosecutions were ongoing, either at the time that Plaintiffs' Complaint had been filed or at the time of a subsequent October review hearing before Judge Hamilton in the Sherwood District Court. (*See* ECF No. 86-1.) The Court did not request any additional evidence from Plaintiffs. On April 17, 2017, the Sherwood Defendants wrote to the Court and represented that "as of the date of the filing of the First Amended Complaint . . . the named Plaintiffs had pending no 'new charges.'" *Id.* ("[Sherwood Defendants' counsel is] prepared to concede there were no such charges pending."). The Sherwood Defendants separately filed a "Notice Regarding Hearing," attaching new post-complaint docket sheets for each of the Plaintiffs. (ECF No. 85.) On April 19, 2017, Plaintiffs filed a Response to that Notice, attaching documentary evidence they had obtained prior to filing the Complaint that indicated there were no state criminal prosecutions against any of the Plaintiffs in Sherwood District Court as of August 23, 2016, the date of the original complaint, and/or as of September 30, 2016, the date of the First Amended Complaint. (ECF No. 86.)

Notwithstanding the lack of any ongoing state criminal prosecutions against the named Plaintiffs, on June 8, 2017, the District Court "adopt[ed Magistrate Judge Volpe's] recommended disposition and grant[ed] the motions to dismiss to the extent that they are based on the *Younger* abstention doctrine" and dismissed this action. (ECF Nos. 90, 91.)

7

## STANDARD OF REVIEW

### A.    Standard for Relief Under Rules 59(e) and 60(b).

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).  A motion under Rule 59(e) is permitted on two separate bases:  to allow a party to "correct[] 'manifest errors of law or fact *or* to present newly discovered evidence.'"  *Id.* (emphasis added) (quoting *Innovative Home Health Care v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1988)).  To prevail on a Rule 59(e) motion based on new evidence, "the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result."  *Id*.

Similarly, Rule 60(b) allows a party to seek relief from a final judgment or order if the party can prove a mistake, inadvertence, surprise, excusable neglect, or other reasons.  *See Reyher v. Champion Int'l Corp*., 975 F.2d 483, 488 (8th Cir. 1992).  "Rule 60(b) 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'"  *Id.* (citation omitted).

The showing required for obtaining relief under Rule 60(b)(2) is the same as obtaining relief under Rule 59(e) based on newly discovery evidence.  *Williams v. Hobbs*, 658 F.3d 842, 853-54 (8th Cir. 2011); *Metro. St. Louis Sewer Dist*., 440 F.3d at 933.  Rule 60(b)(6) is a "catchall" provision intended to broaden the grounds for relief to encompass scenarios not covered by the preceding five subsections.  *City of Duluth v. Fond Du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1155 (8th Cir. 2013).  "[R]elief under rule 60(b)(6) remains

an extraordinary remedy' for 'exceptional circumstances.'"  *Id.* (quoting *In re Zimmerman*, 869

F.2d 1126, 1128 (8th Cir. 1989)).

## B.   Standard for a Motion to Supplement Under Rule 15(d).

Plaintiffs also ask the Court for leave to file a supplemental pleading under Federal Rule

of Civil Procedure 15(d) to include additional allegations that post-date the filing of Plaintiffs'

pleadings and directly relate to and address only the *Younger* issue raised by Defendants.  "A

court should permit a supplemental pleading when a party wishes to bring up events occurring

subsequent to the original pleading that relate to a claim or defense presented in the original

pleading.  3 James Wm. Moore, *Moore's Federal Practice* § 15.30 (3d ed. 2008)."  *Habitat*

*Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397, 402 (E.D. Wis. 2008).  Rule 15(d) "give[s] the court

broad discretion in allowing a supplemental pleading" so that plaintiffs would not be "needlessly

remitted to the difficulties of commencing a new action even though events occurring after the

commencement of the original action have made clear the right to relief."  *United States ex rel.*

*Gadbois v. PharmMerica Corp*., 809 F.3d 1, 5 (1st Cir. 2015) (citing Fed. R. Civ. P. 15(d)

advisory committee's note to 1963 amendment); *accord Wilson v. Westinghouse Elec. Corp*.,

838 F.2d 286, 290 (8th Cir. 1988).

Courts apply "the same standard in deciding whether to grant or deny leave to file

a supplemental pleading that is used in deciding whether to grant or deny leave to amend."  *See*

*Riggs v. City of Owensville*, No. 4:10-CV-793 CAS, 2011 WL 1576723, at *2 (E.D. Mo. Apr. 26,

2011).  Courts generally consider four factors when addressing a motion under Rule 15(d):

(1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was

filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing

party; and (4) whether the proposed amendment would be futile.  *See Bell v. Allstate Life Ins.*

*Co.,* 160 F.3d 452, 454 (8th Cir. 1998).  In the Eighth Circuit, courts "freely give leave when

9

justice so requires." *Ste. Genevieve Media, LLC v. Pulitzer Missouri Newspapers, Inc.*,

No. 1:16CV00087 ACL, 2016 WL 5470191, at *1 (E.D. Mo. Sept. 29, 2016).[3]

## I.  THE DISMISSAL OF THIS ACTION ON *YOUNGER* GROUNDS CONSTITUTED A MANIFEST ERROR OF LAW AND FACT

This Court adopted Magistrate Judge Volpe's recommended disposition "based on the

*Younger* abstention doctrine." (ECF No. 90 at 2.) That conclusion, however, is predicated on a

manifest misapplication of governing law and error of fact. Magistrate Judge Volpe's Report

found that "Plaintiffs have ongoing criminal proceedings" and that "Plaintiffs do not dispute

Defendants' assertion that 'each Plaintiff is a defendant in a criminal proceeding now pending

before the Sherwood District Court'" (ECF No. 59 at 5, 7), and, on that basis, this Court adopted

the recommended disposition to dismiss based on *Younger* (ECF No. 90 at 2). Those legal and

factual conclusions, however, are inconsistent with applicable law, are not supported by the

well-pleaded allegations in Plaintiffs' Complaint, and are directly contradicted by Defendants'

own admissions and the documents submitted following the hearing on April 13, 2017. (*See*

ECF No. 86.) Thus, in dismissing Plaintiffs' Complaint, this Court has improperly extended the

*Younger* doctrine beyond the limited "exceptional circumstances" specified in *Sprint*

*Communications v. Jacobs*, 134 S. Ct. 584 (2013). This manifest error of law and fact justifies

relief under Rule 59(e) and Rule 60(b)(6).

### A.  *Sprint* Limited the Application of *Younger* to Three "Exceptional" Circumstances, None of Which Are Present Here

The Supreme Court most recently addressed the *Younger* abstention doctrine in *Sprint*

*Communications v. Jacobs*, 134 S. Ct. 584 (2013). There, the Court reviewed its jurisprudence

applying *Younger* and strictly limited when the *Younger* abstention doctrine can be used by a

---

[3] Because the Court entered judgment on June 8, 2017, dismissing Plaintiffs' Complaint, Plaintiffs have properly combined their motion to supplement their pleadings under Rule 15(d) with their motions for relief under Rules

federal court to refuse to hear a case within its jurisdiction.  *Id.* at 591-94.  Citing *New Orleans*

*Public Service, Inc. v. Council of New Orleans*, 491 U.S. 350 (1989) ("*NOPSI*"), the Court held

that "only exceptional circumstances . . . justify a federal court's refusal to decide a case in

deference to the States."  *Id.* at 591.  Those "exceptional circumstances" supporting abstention

under *Younger* only exist for three categories of cases:

> First, *Younger* precluded federal intrusion into ongoing state criminal
> prosecutions.  Second, certain "civil enforcement proceedings" warranted
> abstention.  Finally, federal courts refrained from interfering with pending
> "civil proceedings involving certain orders . . . uniquely in furtherance of
> the state courts' ability to perform their judicial functions."

*Id.* (citations omitted).  The Supreme Court made its holding clear: "We have not applied

*Younger* outside these three 'exceptional' categories, and today hold, in accord with *NOPSI*, that

they define *Younger*'s scope."  *Id.*  In other words, "*Younger* extends to the three 'exceptional

circumstances' identified in *NOPSI*, <u>but no further</u>."  *Id*. at 593-94 (emphasis added).[4]

Accordingly, unless a case qualifies as one of the three exceptional circumstances

described in *Sprint*, a "court's 'obligation' to hear and decide a case is 'virtually unflagging.'"

*Id.* at 591 (citation omitted); *see also Downing v. Goldman Phipps PLLC*, No. 4:13CV206 CDP,

2016 WL 7385782, at *3 (E.D. Mo. Dec. 21, 2016) (refusing to apply the *Younger* doctrine

because "[t]his case does not fall within any of the three exceptional circumstances identified by

the Supreme Court.").

In their motions to dismiss, Defendants argued that Plaintiffs were subject to ongoing

criminal prosecutions in the Sherwood District Court and, on that basis, *Younger* abstention

should apply.  (*See* ECF No. 26 at 13-14.)  At the time that Plaintiffs filed their original

---

59(e) and 60(b).  *Wilburn v. Pepsi-Cola Bottling Co. of St. Louis*, 492 F.2d 1288, 1290 (8th Cir. 1974).

[4] In addition to requiring that a case fit into one of these three categories, the *Sprint* Court further held that, before dismissing an action on *Younger* grounds, the Federal Court must also consider the three *additional* factors

complaint on August 23, 2016, and their First Amended Complaint on September 30, 2016, however, there were no ongoing criminal prosecutions pending against any of the Plaintiffs in the Sherwood District Court.  Their hot check convictions had all been entered years before. Plaintiffs dispute whether any of the additional "charges" that Defendants filed as part of their post-conviction debt collection scheme are legitimate "criminal prosecutions" that could trigger *Younger* abstention.  (Compl. ¶¶ 51-58.)  But even assuming such charges did constitute valid criminal prosecutions, all of those post-conviction "prosecutions" were fully resolved at the time the original complaint and the First Amended Complaint were filed.  (ECF Nos. 86 at 3-6 & n.3; 86-1.)  The time to appeal any and all prior convictions and sentences under Arkansas law had expired.[5]  Thus, by dismissing Plaintiffs' claims on *Younger* grounds despite the absence of any underlying, *ongoing* state criminal prosecutions, the Judgment improperly extended the application of *Younger* beyond the strictly limited categories delineated by the Supreme Court in *Sprint* and, accordingly, is based on a manifest error of law.  Furthermore, if the District Court based its application of *Younger* on a factual finding that Plaintiffs were subject to ongoing state criminal prosecutions, that is a manifest error of fact.  In either circumstance, the Court's ruling is supported by neither law nor fact, and Plaintiffs are entitled to relief under Rule 59(e) and Rule 60(b)(6).

---

described in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). *Sprint*, 134 S. Ct. at 593.

[5] Note that, in this federal action, Plaintiffs are not seeking to challenge any of those prior convictions or sentences and are only seeking prospective equitable relief challenging the future application of Defendants' post-conviction debt collection scheme.

**B.      Defendants' Post-Conviction Debt Collection Procedures Do Not Qualify as One of *Sprint*'s Three "Exceptional" Categories.**

At the time of both the original complaint and the First Amended Complaint, there were no pending criminal prosecutions against Plaintiffs.  They simply had outstanding, unpaid debt, a status that does not and cannot trigger *Younger* abstention.

In their motions to dismiss, Defendants argued to the contrary, claiming that this case should be dismissed under *Younger* because there were ongoing criminal prosecutions against each of the Plaintiffs in the Sherwood District Court.  (*See* Jegley Br. at 13, ECF No. 26 ("The Complaint makes clear that each Plaintiff is a defendant in a criminal proceeding now pending before the Sherwood District Court . . . .").)  In other words, Defendants claimed that *Younger* abstention applied under the first "exceptional" category identified in *Sprint* because Plaintiffs were parties to ongoing state criminal prosecutions in the Sherwood District Court.[6]  *See Sprint*, 134 S. Ct. at 591.  But this is simply not true.

Although Plaintiffs had been previously named in separate criminal actions in Sherwood District Court, none of the Plaintiffs faced outstanding warrants or pending charges at the time this action was filed.  The Complaint's allegations are clear:  final criminal judgments and sentences were issued on Plaintiffs' underlying hot check cases years ago.  Plaintiff Mr. Dade pleaded guilty to hot check charges on May 26, 2011.  (Compl. ¶ 90.)  Plaintiff Ms. Lewis was convicted sometime in 2006 or 2007.  (Compl. ¶¶ 97-98.)  Plaintiff Ms. Petree was convicted in October 2012.  (Compl. ¶ 109.)  Plaintiff Mr. Robertson was convicted in June 2012.  (Compl.

---

[6] Magistrate Judge Volpe apparently agreed with Defendants in finding that the first *Younger* category (ongoing state criminal prosecutions) applied: "Plaintiffs do not dispute Defendants' assertion that "each Plaintiff is a defendant in a criminal proceeding now pending before the Sherwood District Court."  (ECF No. 59 at 5, 7.)  But the sole support for this finding was a citation to the brief filed by Defendant Jegley, (*see* ECF No. 59, *5 n.17), and not to any factual allegations in Plaintiffs' Complaint.  Plaintiffs, in fact, disputed this "assertion" made in the Jegley Brief, which was not supported by the record and was inconsistent with the allegations in Plaintiffs' Complaint. (*See* ECF No. 46 at 19-21.)

¶ 119.)  While, as part of Defendants' illegal, post-conviction debt collection scheme, each of the Plaintiffs had faced subsequent "charges" for failure to appear at review hearings or failure to pay according to court-ordered payment plans—these separate "charges" had all been *resolved and were no longer pending* at the time the original complaint and the First Amended Complaint were filed.  (*See* ECF No. 86 at 3-6 & n.3).[7]  This was confirmed by the documents submitted by both Defendants and Plaintiffs after the April 13, 2017 Hearing in this Court.  (ECF Nos. 85, 86.)  Indeed, in response to a question posed by this Court after oral argument, counsel for the Sherwood Defendants admitted that, "as of the date of the filing of the First Amended Complaint, 9/30/2016, the named Plaintiffs had pending no 'new charges.'"  (ECF No. 86-1.)

Thus, *Younger* abstention is improper because Plaintiffs were not subject to ongoing state criminal prosecutions at the time Plaintiffs filed their original complaint and their First Amended Complaint.  "For purposes of applying *Younger* abstention, the relevant time for determining if there are ongoing state proceedings is when the federal complaint is filed."  *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1250 (8th Cir. 2012).

Accordingly, in dismissing Plaintiffs' Complaint based on *Younger*, the Judgment impermissibly expanded the scope of *Younger* simply because Plaintiffs still owed outstanding fines, fees, and costs resulting from prior, now-completed criminal prosecutions and could, in the future, be charged for nonpayment of those debts.  But *Sprint* and *NOPSI* do not allow this.  *See Sprint*, 134 S. Ct. at 593-94 ("*Younger* extends to the three 'exceptional circumstances' identified

---

[7] As alleged in Plaintiffs' Complaint, this practice of serving post-conviction Warrants of Arrest and treating them as new, separate criminal "prosecutions" to collect these outstanding debts is inconsistent with the Arkansas Fines Collection Law and is part of Defendants' improper attempt to impose and elicit payment of new and duplicative court costs, fines and fees on previously convicted hot check defendants.  Plaintiffs allege that these repetitive "charges" were more akin to administrative procedures routinely employed by Sherwood's court clerks to force convicted hot check defendants to pay outstanding fines and fees.  (*See* ECF No. 13 ¶¶ 51-58.)

in *NOPSI*, but no further."); *Downing*, 2016 WL 7385782, at *3.  Relief under Rule 59(e) is

warranted in light of this manifest error of law.

The Judgment is also inconsistent with other courts that have held post-conviction debt

collection schemes, such as alleged in the Complaint, are not the type of ongoing state court

proceedings that allow for abstention under *Younger*.  *See, e.g.*, *Cain v. City of New Orleans*, 186

F. Supp. 3d 536, 550 (E.D. La. 2016) ("Because the mere existence of plaintiffs' undischarged

debts does not constitute an 'ongoing state judicial proceeding,' *Younger* abstention does not

apply."); *Rodriguez v. Providence Cmty. Corr., Inc.*, 191 F. Supp. 3d 758, 763 (M.D. Tenn.

2016) ("The mere existence of Plaintiffs' undischarged debts does not constitute an 'ongoing

state judicial proceeding,' and *Younger* abstention therefore does not apply."); *Ray v. Judicial

Corr. Servs.*, No. 2:12-CV-02819-RDP, 2013 WL 5428360, at *12 (N.D. Ala. Sept. 26, 2013)

(holding "the declaratory and injunctive relief sought by Plaintiffs is not intended to contradict or

overturn the substance of the prior state court proceedings, but instead targets Childersburg's

post-judgment procedure, removing the very concern that animates the *Younger* doctrine's

concern with improper interference with a pending state proceeding.")

Separately, this Court's decision to dismiss the entire Complaint based on *Younger*

without considering each individual Plaintiff's claims and circumstances separately is an

independent manifest error of law.  In *Doran v. Salem Inn, Inc.*, the U.S. Supreme Court refused

to apply *Younger* to the federal claims of two bar operators who were not subject to ongoing

criminal proceedings simply because their co-plaintiff was.  422 U.S. 922, 928-31 (1975).  The

Second Circuit, citing concerns of judicial efficiency, had treated all three plaintiffs the same for

purposes of *Younger*.  The Supreme Court rejected this approach: "We do not agree with the

Court of Appeals, therefore, that all three plaintiffs should automatically be thrown into the same

hopper for *Younger* purposes." *Id*. at 928.  Instead, the Court held "each of the respondents

should be placed in the position required by our cases as if that respondent stood alone." *Id.* at

929; *accord Cedar Rapids Cellular Tel., L.P. v. Miller*, 280 F.3d 874, 882 (8th Cir. 2002)

(applying *Doran* and abstaining under *Younger* for some plaintiffs but allowing others' claims to

proceed).

     While none of the Plaintiffs had ongoing criminal proceedings pending at the time of the

Complaint or for months afterwards, two of the Plaintiffs, Dade and Robertson, ultimately did

face failure to appear charges in 2017, months after the Complaint was filed.  As detailed above,

these debt collection efforts do not trigger *Younger* since they post-dated the Complaint.  *Tony*

*Alamo Christian Ministries*, 664 F.3d at 1250.  But even if there was any basis to abstain under

*Younger* with respect to the claims brought by Dade and Robertson because of these subsequent

charges, this would not require or allow abstention with respect to Plaintiffs Petree and Lewis.

For Plaintiffs Petree and Lewis, this Court's obligation to hear and decide their claims remains

"virtually unflagging."  *See Sprint*, 134 S. Ct. at 591.  By "throw[ing] into the same hopper for

*Younger* purposes" all Plaintiffs, this Court's decision constituted manifest error of law and

should be reconsidered.  *Doran*, 422 U.S. at 928.

     Finally, to the extent that the Judgment is based on a determination that, at the time they

filed their original complaint or their First Amended Complaint, Plaintiffs were subject to

ongoing criminal prosecutions in the Sherwood District Court, that finding is also a manifest

error.  There is no dispute that Plaintiffs' underlying hot check convictions were fully prosecuted

and completed years ago.  (ECF No. 13 ¶¶ 90, 97-98, 109, 119.)  As described in Plaintiffs'

Complaint, as part of their improper debt collection scheme, Defendants have used a practice of

issuing new arrest warrants for "failure to pay" and/or "failure to appear" as a coercive means "to

impose new and duplicative court costs, fines and fees on the same hot check defendant." (*Id.* ¶¶ 51-58.) Each of the Plaintiffs has been subject to these types of separate post-conviction "prosecutions," used by Defendants as part of their debt collection scheme. As of the time Plaintiffs filed their original complaint and their First Amended Complaint, however, none of them was subject to any outstanding or unresolved charges for "failure to pay" or "failure to appear." (*See* ECF No. 86.) In response to the Court's inquiry following argument on their motions, the Sherwood Defendants admitted to this fact. (ECF No. 86-1.) Thus, the Court's decision to dismiss on *Younger* grounds – predicated on Magistrate Judge Volpe's conclusion that Plaintiffs were parties to pending criminal proceedings in the Sherwood District Court – is a manifest error separately justifying relief.

## II.    NEWLY DISCOVERED EVIDENCE CONFIRMS THAT *YOUNGER* DOES NOT APPLY TO PLAINTIFFS.

As an additional, separate ground for relief under Rules 59(e) and 60(b)(2), Plaintiffs have attached newly discovered evidence confirming that, both at the time this action was filed and for months afterwards, Plaintiffs were not subject to any ongoing state criminal prosecutions in the Sherwood District Court relating to collection efforts for fines and fees. (*See* Tepfer Decl.[8] Exs. E, F, G & H.)[9]   This new evidence, obtained in response to recent FOIA requests, consists of the relevant Sherwood District Court docket sheets (the "Docket Sheets") and Defendant History Detail Reports (the "History Reports") for the period *after* Plaintiffs' original complaint was filed on August 23, 2016. Plaintiffs only obtained access to the Docket Sheets and History Reports in May of 2017, after oral argument on Defendants' motions to dismiss.

---

[8] "Tepfer Decl." refers to the Declaration of Cameron A. Tepfer in Support of Plaintiffs' Motion to Alter and/or Amend Judgment, For Relief from Judgment, and to File a Supplemental Pleading.

[9] The attached exhibits are all public records, which this Court may consider in connection with the pending motions for judgment on the pleadings and motion to dismiss. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079

ny-1288750

Because the Docket Sheets and History Reports contain information that will likely change this Court's *Younger* abstention analysis—and this evidence could not have been provided to the Court earlier—Plaintiffs are entitled to relief under Rules 59(e) and 60(b)(2).

### A.    Despite Plaintiffs' Diligence, the Newly Discovered Evidence Was Only Obtained After the Record on the Dispositive Motions Closed.

Shortly after filing their original complaint, Plaintiffs sought discovery under Rule 26, including discovery about Defendants' continuing efforts to collect outstanding amounts of fines, fees, and costs owed by Plaintiffs.  Defendants objected to discovery, however, and Magistrate Judge Volpe entered an order staying all discovery until after resolution of the motions to dismiss.  (*See* ECF No. 44.)  Plaintiffs, therefore, were not able to obtain through discovery documents showing what proceedings, if any, occurred in the Sherwood District Court after the filing of the original complaint on August 23, 2016.  As the result, however, of new notices that Plaintiffs Dade and Robertson received from the Sherwood District Court in late April and early May of 2017, Plaintiffs submitted new FOIA requests on May 11, 2017, to the Sherwood District Court for updated records relating to the four named Plaintiffs.  Plaintiffs received responses to those FOIA requests, including the attached Docket Sheets and History Reports, on May 15, 2017.  (Tepler Decl. ¶¶ 3-4.)

Plaintiffs did not have an effective opportunity to offer this evidence into the record prior to the Court's decision on June 8, 2017.  By May 15, 2017, briefing on the underlying motions was closed, the Court had heard oral argument, and those motions were fully submitted.  Moreover, at oral argument on April 13, 2017, this Court indicated that the Court would specifically instruct the parties if it required additional evidentiary submissions.  (*See* ECF No.

---

(8th Cir. 1999); *Bazzelle v. Compass Pointe Healthcare Sys.*, No. 4:15-cv-4088, 2016 WL 6832643, at *2-4 (W.D. Ark. Nov. 18, 2016).

89, Tr. of Mot. Hr'g at 57-58.)  This Court never requested that Plaintiffs submit additional

evidence regarding collection activity in the Sherwood District Court for the period after the

filing of Plaintiffs' Complaint.

> **B.  Plaintiffs' New Evidence Is Critical to and Dispositive of Whether *Younger* Abstention Can Be Applied**

The information contained within the Docket Sheets and the History Reports is highly

material to the sole issue before this Court.  Magistrate Judge Volpe found that "each Plaintiff is

a defendant in a criminal proceeding now pending before the Sherwood District Court." (ECF

No. 59 at 5, 7.)  Based on the allegations in Plaintiffs' Complaint and Plaintiffs' submissions

after the April 13, 2017 hearing on Defendants' motions to dismiss, it is clear that no underlying

criminal prosecutions were ongoing.  But those allegations and submissions, including the

documents that Plaintiffs had obtained as part of their pre-complaint investigation, demonstrated

only that Plaintiffs were not subject to ongoing criminal prosecutions at the time that the original

complaint, dated August 23, 2016, and the First Amended Complaint, dated September 30, 2016,

were filed.  *See Tony Alamo Christian Ministries*, 664 F.3d at 1250 (for purposes of *Younger*, the

relevant time is when the federal complaint is filed).

Before the District Court at oral argument, however, Defendants appeared to suggest that

new charges may have been brought against Plaintiffs in the Sherwood District Court

immediately *after* the filing of Plaintiffs' Complaint.  This new evidence discovered by Plaintiffs

confirms that there were no underlying and ongoing criminal prosecutions against Plaintiffs both

at the time Plaintiffs filed their original complaint and their First Amended Complaint *and* for at

least the following six months.  (*See* Tepfer Decl. Exs. E, F, G & H.)  Specifically, these Dockets

Sheets and History Reports confirm that, on August 23, 2016, the date the original complaint in

this matter was filed, none of the named Plaintiffs had any outstanding or unresolved criminal

charges or prosecutions pending.  Similarly, on September 30, 2016, the date Plaintiffs filed their

First Amended Complaint, there were no outstanding or unresolved criminal charges or

prosecutions pending against any of the named Plaintiffs.  *Id.*  Finally, these records show that no

new criminal charges were brought against any of the Plaintiffs until a new failure to appear

Warrant of Arrest/Show Cause Order was issued by the Sherwood District Court against Plaintiff

Dade in February 2017.  (*See* Tepfer Decl. Ex. E at 5.)[10]

Thus, the newly discovered Docket Sheets and History Reports further support and

confirm that no criminal charges were pending at the relevant time for purposes of *Younger*, and

the Court improperly applied *Younger* abstention to dismiss this challenge to Defendants'

post-conviction debt collection scheme.  Because this newly discovered and previously

unavailable evidence re-confirms that application of *Younger* to the present case was manifest

error, Plaintiffs are entitled to relief under Rules 59(e) and 60(b)(2).

## III.   THIS COURT SHOULD PERMIT PLAINTIFFS TO SUPPLEMENT THEIR COMPLAINT TO ADDRESS ARGUMENTS SUBSEQUENTLY RAISED BY DEFENDANTS

Plaintiffs separately request that the Court allow them to file a supplemental pleading

solely to include additional allegations relating to the *Younger* issue that post-date the filing of

their original complaint.  (A copy of that proposed First Amended and Supplemental Complaint

is attached as Exhibit I to the Tepfer Declaration.)  Courts apply "the same liberal standard as in

Rule 15(a)" when determining whether to permit a supplemental pleading.  *Ste. Genevieve*

*Media, LLC,* 2016 WL 5470191, at *1; *see Bell,* 160 F.3d at 454.

---

[10] This new charge of failure to appear, which was ordered by Defendant Judge Hale despite the fact that he had been recused from handling any proceedings involving Mr. Dade, (*see* ECF No. 54-1), was ultimately resolved on April 28, 2017, without any new fines, fees, or costs.  (Tepfer Decl. Ex. E at 5-6.)  The only named Plaintiff currently facing outstanding or unresolved criminal charges arising out of an earlier hot check conviction is Lee Robertson.  But, as the newly discovered evidence shows, these charges were not brought until April 28, 2017, almost seven months after Plaintiffs filed their First Amended Complaint.  (*Id.* Ex. F at 5.)

First, Plaintiffs' motion was not filed in bad faith or with dilatory motive, *see Bell*, 160 F.3d at 454, but instead to clarify and correct any suggestion by Defendants that Plaintiffs were subject to ongoing criminal prosecutions in the Sherwood District Court either at the time this action was filed or during the months afterwards.

Second, Plaintiffs have not acted with undue delay. *See id.* Plaintiffs only received the underlying court records on which certain of these allegations are based on May 15, 2017. Moreover, Plaintiffs are seeking to include these new allegations to address arguments that Defendants and the Court raised at the April 13, 2017 hearing on the motions to dismiss.

Third, allowing Plaintiffs to supplement their Complaint does not prejudice Defendants. None of the allegations that Plaintiffs seek to add to their Complaint raise additional claims not already detailed in Plaintiffs' Complaint. The supplement will not change any of the original allegations, supporting facts, or parties. *See Raineri Constr., LLC v. Taylor*, No. 4:12-CV-2297 CEJ, 2013 WL 6050772, at *2 (E.D. Mo. Nov. 15, 2013) (granting request to supplement and finding no prejudice where "the amended complaint does not change any of the original allegations, supporting facts, or parties"). Instead, Plaintiffs seek only to add additional allegations demonstrating that none of the named Plaintiffs was facing ongoing criminal prosecutions pending at the time this federal action was brought and in the several months following. Defendants can claim no surprise or prejudice from these facts because Plaintiffs have repeatedly asserted these facts since this litigation began. Indeed, the Sherwood Defendants even conceded awareness of these facts. (*See* ECF No. 86-1.)

Finally, the proposed supplement is not futile. In fact, these supplemental allegations are directly relevant to Magistrate Judge Volpe's finding that "Plaintiffs have ongoing criminal proceedings" (ECF No. 59 at 5, 7.) and to the Judgment, and should be permitted.

Because these additional allegations pertain to events occurring after the filing of

Plaintiffs' complaints and are central to the sole basis for Magistrate Judge Volpe's Report, and

because Defendants can claim no prejudice, this Court should grant Plaintiffs' request to

supplement their Complaint.  *See Peavler v. Denney*, No. 4:05CV654-DJS, 2008 WL 4378435,

at *16 (E.D. Mo. Sept. 23, 2008) (granting request to supplement where "[t]he affidavits

petitioner seeks to include in the record were dated well after the time petitioner filed his petition

and are relevant to his sufficiency of the evidence claim").

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully urge the Court to grant Plaintiffs'

motion to: (1) alter and amend the Judgment entered on June 8, 2017; (2) provide relief from that

final Judgment; and (3) permit Plaintiffs to file a First Amended and Supplemental Complaint.

Dated: July 5, 2017
New York, New York

By:  /s/ J. Alexander Lawrence
    J. Alexander Lawrence
    Jayson L. Cohen
    **MORRISON & FOERSTER LLP**
    250 West 55th Street
    New York, NY 10019
    Tel: (212) 336-8638
    Fax: (212) 468-7900
    ALawrence@mofo.com
    JCohen@mofo.com

    Bettina E. Brownstein
    **BETTINA E. BROWNSTEIN LAW FIRM**
    904 West 2nd Street
    Little Rock, AR 72201
    Tel: (501) 920-1764
    bettinabrowstein@gmail.com

Reggie Koch
**THE KOCH LAW FIRM**
2024 Arkansas Valley Drive, Suite 707
Little Rock, AR 72212
Tel: (501) 223-5310
Fax: (501) 223-5311
reggie@reggiekoch.com

Myesha Braden
*Pro hac vice motion forthcoming*
**LAWYERS COMMITTEE FOR
CIVIL RIGHTS UNDER THE LAW**
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005
Tel: (202) 662-8359
MBraden@lawyerscommittee.org

*Attorneys for Plaintiffs*

23

## CERTIFICATE OF SERVICE

I, J. Alexander Lawrence, certify that on July 5, 2017, I filed the foregoing using the

Court's CM/ECF system, whereby all counsel of record were served.

/s/ J. Alexander Lawrence
J. Alexander Lawrence