## STIPULATED SETTLEMENT AGREEMENT

This Stipulated Settlement Agreement (the "Agreement") is made by and among Charles Dade, Nikki Petree, Nakita Lewis, Lee Andrew Robertson, and Philip Axelroth (hereinafter referred to collectively as the "Plaintiffs"), the City of Sherwood, Arkansas ("Sherwood" or the "City"), and Judge Milas H. Hale, III in his individual and official capacity (the "Judge"), on behalf of themselves and each of their respective heirs, successors, and assigns. All "employees" who are hired by the District Court Judge, irrespective of how they are paid, who have any involvement for implementation and retention of the practices outlined herein will cooperate and follow the directives of the District Court Judge in the retention of the practices outlined herein. To the extent the City of Sherwood employs any individual who, as a matter of Arkansas law, is considered an "employee" of the City of Sherwood, or a City "official," as that term is construed as a matter of Arkansas law, and who has any involvement or control over the practices outlined herein, that person will cooperate with and follow the directives of the District Court Judge in the retention of the practices outlined herein. However, in no event does the City agree to be bound by any act or omission of any person not considered an "employee" or "official" of the City of Sherwood, as those terms are construed under Arkansas law, who may have involvement or control over the practices outlined herein. The City of Sherwood explicitly does not agree to be bound by any act or omission of any person over whom it does not employ as an "employee," or who is not a City "official," as those terms are construed under Arkansas law, for any act or omission alleged to be in violation of this Agreement

Plaintiffs, Judge Hale, and the City are from time to time hereinafter referred to individually as a "Party" and collectively as the "Parties."

WHEREAS, each of the named Plaintiffs, other than Philip Axelroth, allege that they

were incarcerated because of an inability to pay fines, fees, costs, and/or restitution (collectively, "legal financial obligations" or "LFOs") imposed by the Sherwood District Court (the "Court"), where Judge Hale presides as the District Court Judge, for misdemeanor offenses related to that Court's "Hot Check" docket, but allegedly were not afforded ability-to-pay hearings or informed of their right to request counsel prior to being jailed, and were not provided court-appointed counsel as indigent persons facing possible incarceration for failure to pay LFOs; and

WHEREAS, Plaintiffs commenced an action by filing a Complaint on August 23, 2016, in the United States District Court for the Eastern District of Arkansas (the "Federal District Court") entitled *Dade et al. v. City of Sherwood et al.*, Case No. 4:16-cv-00602-JM (the "Lawsuit"), and, thereafter, filed a First Amended Complaint on September 30, 2016 (the "Amended Complaint"), seeking equitable relief and alleging violations of, *inter alia*, Plaintiffs' rights to due process and equal protection under the U.S. Constitution and the Constitution of the State of Arkansas of 1874; and

WHEREAS, Judge Hale and the City of Sherwood have denied Plaintiffs' allegations and deny any and all liability arising out of Plaintiffs' allegations; and

WHEREAS, Plaintiffs, Judge Hale, and the City of Sherwood now desire to resolve the issues raised in this Lawsuit as between themselves, without further proceedings and without Judge Hale or the City admitting to any of Plaintiffs' allegations; and

WHEREAS, the Parties have agreed to execute a stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) dismissing this action with prejudice subject to the terms of this Agreement.

NOW, THEREFORE, in reliance on the mutual promises, covenants, and obligations as set out in this Agreement, and for good and valuable consideration, the Parties, through their representative counsel, agree on the following terms and conditions.

* * * * *

A.    **PRACTICES:**

Judge Hale states that he has adopted the following practices in A.1 through A.27

below, and the agreement herein is an agreement to continue these practices.

**Evaluation of ability to pay Legal Financial Obligations;**
**procedures during initial appearance**

1.     The Judge or any person that has any involvement or control over the following

practices in paragraphs A.1 through A.27 below will continue the practices in paragraphs A.1

through and A.27 noted below: Whenever the Judge seeks to impose a sentence on a criminal

or hot check case that includes an LFO, the Judge or a designated employee of the Sherwood

District Court distributes to individual defendants after the hearing on guilt or innocence the

"Sherwood District Court Unable to Pay Your Ticket or Fine" document used by the Sherwood

District Court, attached hereto as Exhibit A, and made a part hereof, and the "Affidavit of

Ability to Pay," attached hereto as Exhibit B, and made a part hereof.

2.     At sentencing, the Judge conducts an individualized inquiry into each

defendant's ability to pay, taking into account the resources of the defendant, including without

limitation whether he or she has a job or income and whether there are other financial

obligations that would impair the defendant's ability to pay.  In conducting an individualized

inquiry into ability to pay, the Judge considers the information provided by the defendant on

that defendant's Affidavit of Ability to Pay.  If a defendant is unable to provide information

the Judge deems relevant at the time of the hearing, the Judge will consider allowing the

defendant (and, if applicable, counsel) additional time to gather information to respond to the

Judge's questions.  If, after a defendant has received the documents referenced in A.1, and the

Court has reviewed the Affidavit of Ability to Pay, the defendant proposes through counsel

that he or she can pay the LFOs assessed or enter a payment plan, the Court may confirm that

4

payment on the terms indicated by defense counsel is acceptable upon: 1) defense counsel's representation that he/she has discussed ability to pay with the client and 2) a description by defense counsel of the information or evidence supporting the client's ability to pay.

If the defendant offers a payment plan, on his/her own, the Court will make a brief inquiry on their ability to pay, as has been its practice, and adopt that payment plan once it is satisfied the defendant can afford to comply.

      3.     Judge Hale will continue the Court's practice of not jailing or detaining any defendant who states that they are able to pay, but not pay in full, on sentencing day. Such defendants are given the option of paying LFOs through a monthly payment plan administered by the Sherwood District Court. There is no set minimum amount that Sherwood District Court will accept as payment in monthly installments. If a defendant agrees to a monthly payment plan, Sherwood District Court will continue its practice of providing a written copy of that plan following the person's sentence.

      4.     Defendants who state that they are unable to pay their LFOs are given the option of receiving a sentence of community service in lieu of LFOs.

              a)     If a defendant receives a sentence of community service, that defendant is given options as to where he or she can perform the service and an explanation as to what the defendant must do. Community service hours ordered are proportionate to the violation and reasonable in light of any disabilities, driving restrictions, transportation limitations, and caregiving and employment responsibilities of the individual.

              b)     If a defendant agrees to a community service plan, he or she will receive a written copy of that plan following sentencing, including the monetary value of the hours of community service performed and how community

service hours will be credited toward the payment of the defendant's
LFOs.

5.      Defendants will not be subject to any additional charges or interest for being
placed, in whole or part, on a community service plan or payment plan.

6.      Beyond community service, and based on consideration of the difficulties a
defendant may have in paying LFOs in light of the information obtained by the Sherwood
District Court through the ability-to-pay inquiry, the Judge will also consider alternatives when
considering a sentence, including reduction of LFOs, waiver of LFOs, extension of time to pay,
job skills training, counseling, and other interventions.

7.      When a defendant provides evidence or an affidavit establishing that he or she
receives federal or state public assistance, resides in a mental health facility, and/or has income
below the federal poverty guidelines, such individual will be presumed unable to pay his or her
LFOs and eligible for waiver of any LFOs that are not mandatory under state law. However,
other alternatives to LFOs as discussed in paragraphs A.4 and A.6 may be considered by the
Sherwood District Court as possible sentences.

8.      When a defendant is placed on a payment plan or community service plan, the
Judge or a designated employee of the Sherwood District Court will confirm and record the
person's mailing address and telephone numbers (including any cell phone numbers) in the
person's case file. The defendant will be advised that he or she must notify the Court of any
changes to his or her mailing address or telephone numbers.

* * * * *

**Access to counsel**

6

9.      Prior to the entry of any plea, in any criminal or hot check case, Judge Hale shall continue his practice of advising a defendant of the incarceration, and the LFOs, that the defendant is potentially facing, and advise the defendant that he/she has the right to an attorney or a public defender can be appointed at no cost if he or she cannot afford counsel.  If a defendant chooses the assistance of a public defender, one will be appointed to represent the defendant before there has been an entry of a plea or a disposition of charges.

10.     Any determination that a defendant has waived the right to counsel will be conducted orally after the Judge:

    a)      has advised the defendant of the right to counsel, the costs and benefits of proceeding without counsel, and the maximum possible LFOs and, if applicable, incarceration, that may result from proceeding without counsel; and

    b)      has made a factual finding that the defendant has knowingly and voluntarily waived the right to counsel.

                              * * * * *

**Evaluation of ability to pay Legal Financial Obligations;
Order to Show Cause Procedures**

11.     For each defendant sentenced to payment or community service plans, but who has missed or otherwise not kept up with payments or the community service hours required, an employee of the Sherwood District Court will continue their practice of calling to inquire as to the defendant's status and whether he or she needs to see the Judge to provide updated information on his or her ability to pay LFOs or ability to perform required community service. For those who do not have a current phone contact number on file, notice will be mailed to the last given address.

12.     The Judge will hold a review hearing for individuals on community service. The Judge will hold the hearing at least 30 days after the end of the period for which the defendant was sentenced to community service.  Defendants who complete their community service before the review date will not have to appear, if they turn in their proof of completion to the court clerk's office before the review date.

13.     The Judge no longer holds review hearings for persons on payment plans.  If a person on a payment plan fails to make two consecutive monthly payments, or a person on a community service plan fails to perform the required hours during two consecutive months, and fails to respond to attempted contact from employees of the Sherwood District Court regarding noncompliance, the Sherwood District Court may cause to be served a written notice, with an Order to Show Cause, to the person, directing him or her to appear at the Court on a specified date for a hearing at which she or he will be required to explain his or her failure to comply with the terms of the payment plan or community service plan.

14.     The Order to Show Cause is not an arrest warrant, and no person will be subject to arrest or detention at the time an Order to Show Cause is served.  The Form attached as Exhibit C will be included with any Order to Show Cause that is served.

15.     At an Order to Show Cause hearing, the Judge will advise the defendant that he or she has a right to be represented by an attorney at no cost if the defendant cannot afford one. At the hearing, the Judge will conduct an updated individualized inquiry into the defendant's ability to pay LFOs or whether the defendant should receive an adjustment to the community service hours ordered or to the schedule for such community service.  Defendants will be permitted to complete an updated Affidavit of Ability to Pay, Exhibit B, and the Judge will consider this information in evaluating the defendant's ability to pay.

16.    Individuals who state that they are no longer able to pay LFOs will be eligible for reduction or waiver of remaining payment amounts and will be given the option to perform community service in lieu of any amount not waived.

17.    The Judge will only order incarceration of a defendant for failure to pay LFOs or complete community service in the event that the Judge makes factual determinations on the record and written findings that a failure to comply was willful.  Incarceration will only be ordered if the defendant was represented by counsel or knowingly and intelligently waived the right to counsel pursuant to paragraphs A.9 and A.10 above.

18.    The Sherwood District Court will not order a person's driver's license revoked for failure to pay or failure to complete required community service.

19.    The Judge or a designated employee of the Sherwood District Court will request updated contact information for any individuals appearing at an Order to Show Cause Hearing and add that information to the defendant's case file.


* * * * *


**Alterations to contempt procedures, arrest warrants,
and recall of prior warrants**

20.    The Judge may only consider assessing a defendant with a failure-to-appear charge and warrant for defendant's failure to appear in Court for arraignment, plea, or trial on the original, underlying hot check charges under A.C.A. § 5-37-301-307 or any successor statute ("Arkansas Hot Check Law"), and for failure to appear at any Show Cause hearings where Show Cause notice was properly served. No other failure-to-appear charges will be considered, noticed, or adjudged by the Sherwood Court.


9

21.     The Judge will not enter or assess a charge of contempt of court for a defendant's failure to pay LFOs, unless, the Judge makes a factual determination on the record, and written findings, that a failure to pay was willful. Incarceration can only be ordered if the Defendant is represented by counsel, or knowingly and intelligently waived the right to counsel pursuant to paragraphs A.9 and A.10, above.

22.     All arrest warrants for failure to pay, failure to appear, and failure to comply with probation, issued by the Sherwood District Court prior to November 1, 2016 were recalled via directive of Judge Hale and purged from any warrant database system maintained by the City.

23.     As it pertains to criminal cases under the Arkansas Hot Check Law, Judge Hale only issues arrest warrants on a defendant's original criminal charges under the Arkansas Hot Check Law and on any failure-to-appear charge arising from a failure to appear for the trial, plea, or arraignment for such original criminal charges. However, Judge Hale reserves the right to issue an arrest warrant on a defendant's failure to appear at Show Cause hearings where notice was properly served.

24.     For all open cases, which were open as of the filing of the First Amended Complaint on September 30, 2016, where restitution has been fully paid, the Judge has waived or will waive any remaining LFOs.

25.     For open cases, which were open as of the filing of the First Amended Complaint on September 30, 2016, where restitution has not been paid, the Judge will consider a person's ability to pay as discussed herein, and that person may complete an Affidavit of Ability to Pay, attached as Exhibit B. If a defendant indicates he or she cannot pay restitution, the Judge will permit the defendant to perform community service for the remaining amount of restitution and waive any additional LFOs.

* * * * *

**Access to Courtroom**

26.    The Sherwood District Court maintains a video recording of all hearings of proceedings under the Arkansas Hot Check Law held in the Court. Recordings will be maintained for at least one year and will be available to members of the public upon request.

27.    Members of the public are permitted by the Sherwood District Court to enter and observe the Court's proceedings whether or not they have a hearing scheduled before the Court.  This provision shall not apply to Sobriety or DWI Court staffings.

**B.      JURISDICTION AND DISPUTE RESOLUTION**

**Jurisdiction**

1.      For a period of two years from the date of the Parties' stipulation of dismissal of the Lawsuit pursuant to paragraph D.11 of this Agreement, the Federal District Court shall retain ancillary jurisdiction, and the Parties agree to the jurisdiction of the Federal District Court, solely for the purpose of enforcing compliance with the terms of the Agreement. Plaintiffs hereby waive any action they may have hereinafter for breach of this Agreement under state common law after the two-year period specified in this Agreement.

**Resolution process for potential disputes**

2.      In the event that a dispute arises regarding the City's or the Judge's compliance with the Agreement, the Parties shall follow the following process:  (1) Plaintiffs shall give the Sherwood District Court written notice of any instance of alleged noncompliance with this Agreement and an opportunity to cure.  (2) The Sherwood District Court will review the issues identified by the notice and make a good faith effort to resolve or correct any failures to comply with the terms of this Agreement within forty-five (45) days of receipt of such notice. (3) If Plaintiffs do not believe the issues have been resolved, Plaintiffs may request and the Parties agree to meet, in-person and/or by telephone, to confer within ten business days of such request in a good faith effort to settle the dispute.  (4) If the Plaintiffs do not believe the meet and confer process resolves the dispute and the Federal Court's jurisdiction under paragraph B.1 above is still effective, Plaintiffs may request and the Parties agree to hold an in-person and/or telephonic mediation conference among Plaintiffs, the Sherwood District Court, and the Federal District Court (or a mediator assigned by the Federal District Court) within thirty

business days of such request to discuss a potential out-of-court resolution of the alleged breach of the Agreement. (5) If the processes above do not resolve the dispute, either Party may make a formal application for appropriate relief (i) to the Federal District Court if the Federal Court's jurisdiction under paragraph B.1 above is still in effect. Plaintiffs shall not make an application for relief, inter alia, by initiating an action or request for relief in any court against any Sherwood Defendant alleging a violation of the Agreement, without complying with the dispute resolution process set forth in this paragraph.

**Relief**

3.      If a court finds that a Party has not complied with the terms and conditions of this Agreement, the Party that sought the court's finding of non-compliance shall be entitled to equitable relief, in the form of declaratory and injunctive relief, to enforce the terms and conditions of this Agreement. In any proceeding to enforce the terms and conditions of this Agreement, the Parties hereby waive any and all defenses of laches, estoppel, or waiver.

C.     **RELEASE**

1.     In exchange for Judge Hale's and the City's agreement to the terms set forth herein, and upon filing of the stipulation of dismissal pursuant to paragraph D.11 below, Plaintiffs hereby release, acquit, and forever discharge with prejudice, and subject to the terms of this Agreement, Judge Hale and the City and all employees, parents, owners, shareholders, agents, trustees, board members, council members, insurers, bond holders, attorneys, subsidiaries, affiliated entities, heirs, successors, and assigns from any and all claims, demands, causes of action, or liabilities, at law or in equity, whether known or unknown, that any Plaintiff has arising from the allegations set forth or described in the First Amended Complaint in the Lawsuit and the proposed Supplement, including all claims for alleged damages, attorney's fees and costs of any kind or nature, however denominated.

2.     In exchange for Plaintiffs' agreement to terms set forth herein, Judge Hale and the City hereby release, acquit, and forever discharge with prejudice, and subject to the terms of this Agreement, the Plaintiffs and all of their heirs, successors, and assigns from any and all claims, demands, causes of action, or liabilities, at law or in equity, whether known or unknown, that Judge Hale or the City have arising from the allegations set forth or described in the First Amended Complaint in the Lawsuit, including all claims for attorney's fees and costs.

**D.    MISCELLANEOUS**

1.    If any provision of this Agreement is declared invalid or unenforceable by a court having competent jurisdiction, it is mutually agreed that this Agreement shall endure except for the part declared invalid or unenforceable by order of such court, unless the elimination of the invalid provision shall materially affect the intent of this Agreement. The Parties to this Agreement shall consult and use their best efforts to agree upon a valid and enforceable provision that shall be a reasonable substitute for such invalid or unenforceable provision in light of the intent of this Agreement.

2.    No Party shall be deemed to be a prevailing party of the Lawsuit for any purpose.

3.    The Parties expressly indicate an intent to be bound by the terms of this Agreement, in their official and individual capacity, and that the Agreement is intended to avoid further litigation of Plaintiffs' claims in the Lawsuit and be final and complete.

4.    The Parties reserve their rights to assert all arguments, claims, or defenses in the event that the Federal District Court determines that the Parties have not entered into a valid and enforceable settlement agreement.

5.    This Agreement shall be deemed to have been jointly drafted and no provision herein shall be interpreted or construed for or against any Party because such Party drafted or requested such provision, or this Agreement as a whole.

6.    This Agreement contains the entire understanding, and all of the terms and conditions agreed upon by the Parties hereto, relating to the subject matter and settlement of the Lawsuit. Neither any oral agreement entered into at any time, nor any written agreement entered into prior to the execution of this Agreement, regarding the settlement or subject matter

of the Lawsuit shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein.

7.    The Parties expressly represent and warrant that they have full legal capacity to enter into this Agreement, that they have carefully read and fully understand this Agreement, that they have had the opportunity to review this Agreement with their attorneys and that they have executed this Agreement voluntarily, without duress, coercion or undue influence.

8.    The terms of this Agreement may not be modified or amended except by a writing signed by counsel for all Parties.

9.    The construction, interpretation, operation, effect and validity of this Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of Arkansas without regard to conflicts of laws.

10.    This Agreement may be executed in any number of counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement. Signatures that have been scanned and transmitted by electronic mail shall be deemed valid and binding to execute this Agreement.

11.    Within five business days of the full execution of this Agreement, including the signatures of all Parties and all of their acknowledging counsel, and subject to the terms of this Agreement, the Parties shall file a stipulation of dismissal with prejudice of the Lawsuit with the Federal District Court pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Such stipulation shall attach as an exhibit thereto a copy of the fully executed Agreement.

**For Plaintiffs**

Plaintiff Charles Dade                                          Date: 11-4-17
c/o Myesha Braden
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER THE LAW
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005

Plaintiff Nikki Petree                                         Date: 11-9-17
c/o Myesha Braden
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER THE LAW
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005

Plaintiff Nakita Lewis                                         Date: 11-7-17
c/o Myesha Braden
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER THE LAW
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005

Plaintiff Lee Andrew Robertson                                 Date: 11-7-17
c/o Myesha Braden
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER THE LAW
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005

Plaintiff Philip Axelroth                                      Date: 11/8/17
c/o Myesha Braden
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER THE LAW
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005

Acknowledged by Counsel for Plaintiffs

Bettina E. Brownstein
BETTINA E. BROWNSTEIN LAW FIRM
904 West 2nd Street
Little Rock, AR 72201

Date: 11-9-17

Reggie Koch
THE KOCH LAW FIRM
2024 Arkansas Valley Drive, Suite 707
Little Rock, AR 72212

Date: 11-10-17

Myesha Braden
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER THE LAW
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005

Date: 11-9-17

J. Alexander Lawrence
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019

Date: 11-10-17

For Defendants

19

_____
Defendant
c/o

Date: 10/27/17

_____
Defendant
c/o

Date: 10/27/17


**Acknowledged by Counsel for Defendants**

_____
Counsel

Date: 10/30/17

_____
Counsel

Date:

# EXHIBIT A

## SHERWOOD DISTRICT COURT
## UNABLE TO PAY YOUR TICKET OR FINE

If you requested a fine payment plan, but your circumstances change, and you are unable to pay your fine, the court can allow you to work the fine off in the form of community service. For each day of community service worked, you will be given at least $40.00 credit toward your fine. (For example, if your fine is $400.00 and you request community service as the way to pay it you will be assigned 10 days of service work or less.) The community service can be done at a location near your home or work, or at a court-selected place. You will be given a form for the supervisor of the community service to sign verifying the day(s) performed.

The judge will set a review date for you to inform the Sherwood District Court that you finished the community service. You may appear in person on the assigned date. If you appear but have not completed the days assigned, the court will give you an extension and a new review court date. No one will be committed to jail for failure to pay fines or complete their community service, unless the court, after a hearing*, determines the conduct not to pay the fines, or complete the community service, was willful.

If you complete the assigned days before your court date, simply turn in, in person, or mail in the community service sheet to the Sherwood Court Clerk, and you will not have to participate in the review hearing.

If you are on a payment plan or doing community service, and find that you need an adjustment in the amount you pay or days of community service, please contact the court immediately at (501) 835-0898. You will be given a court date to discuss the matter with the judge.

*If the Court schedules a hearing because of non-payment, your ability to pay will be a crucial issue. The court may inquire about your finances to include, but not limited to: income, expenses (i.e., rent, childcare, utilities, clothing, food, medical conditions/bills, transportation etc.,) bank accounts, and other assets. The court may also inquire about your efforts to obtain money to pay, including your job skills, and efforts to apply for jobs. The judge will give you an Affidavit to complete, and a meaningful opportunity to be heard on the question of your financial circumstances. You should also present any documents that you want the judge to consider.

Consult an attorney before coming to your hearing. If you cannot afford an attorney the court will appoint the Public Defender at no cost to you.

**PLEASE NOTE. You are responsible for making sure the court has your correct address, telephone number, and e-mail. Please notify us immediately of any change of address, telephone number, or email.**

## SHERWOOD DISTRICT COURT
## AFFIDAVIT OF ABILITY TO PAY

**Exhibit B**          CASE NO. _____

| Name | Date of Birth: | Last 4 digits of SSN#: |
|---|---|---|
| Address: | City | Zip: |
| Phone: | Fax: | E-mail: |
| Employer: | Work Phone: | Length of Employment: |
| Other Employment: | Work Phone: | Length of Employment: |

### ASSETS

| | |
|---|---|
| Vehicle 1: (Make, Model, Year) | Present value: |
| Vehicle 2: (Make, Model, Year) | Present value: |
| Boat, Jet ski, Motorcycle, 4-wheeler: | Present value: |
| Home, Other Real Estate | Present value: |
| Savings/Cash/Checking | Present value: |

### MONTHLY INCOME                    MONTHLY EXPENSES

| Income | | Expenses | |
|---|---|---|---|
| Net Monthly Income (Self) | | Mortgage | |
| Net Monthly Income (Spouse) | | Vehicle Payments | |
| Child Support/Alimony Received | | Utilities | |
| Social Security/Disability Received | | Child Support/Alimony Payments: | |
| Other Income: | | Food: | |
| | | Other Payments: (Credit cards) | |
| **Total Income** | | **Total Expenses:** | |

I, _____, swear that the information provided herein is true, to the best of my knowledge and recollection. I understand that furnishing false information under oath, may subject me to

23

# EXHIBIT C [For inclusion with Order to Show Cause]

## SHERWOOD DISTRICT COURT
## UNABLE TO PAY YOUR TICKET OR FINE

You are receiving this notice because you have missed monthly payments to Sherwood District Court under your payment plan or because you have not performed required community service hours. The Court has directed you to appear on the specified date to explain why you have missed making payments or not completed scheduled community service hours.

This notice is not an arrest warrant. No one will be committed to jail for failure to pay fines or complete their community service, unless the court, after the hearing, determines the conduct not to pay the fines, or complete the community service, was willful. At the hearing, your ability to pay will be a crucial issue. The court may inquire about your finances to include, but not limited to: income, expenses (i.e., rent, childcare, utilities, clothing, food, medical conditions/bills, transportation etc.,) bank accounts, and other assets. The court may also inquire about your efforts to obtain money to pay, including your job skills, and efforts to apply for jobs. The judge will give you an Affidavit to complete, and a meaningful opportunity to be heard on the question of your financial circumstances. You should also present any documents that you want the judge to consider.

Consult an attorney before coming to any hearing for non-payment or failure to complete community service. If you cannot afford an attorney the court will appoint the Public Defender at no cost to you.

If you requested a fine payment plan, but your circumstances change, and you are unable to pay your fine, the court can allow you to work the fine off in the form of community service. For each day of community service worked, you will be given at least $40.00 credit toward your fine. (For example, if your fine is $400.00 and you request community service as the way to pay it you will be assigned 10 days of service work or less.) The community service can be done at a location near your home or work, or at a court-selected place. You will be given a form for the supervisor of the community service to sign verifying the day(s) performed.

**PLEASE NOTE. You are responsible for making sure the court has your correct address, telephone number, and e-mail. Please notify us immediately of any change of address, telephone number, or email.**